RECEIVED

JUL 18 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BROCK FREDIN,

        Plaintiff,

--against--

LINDSEY MIDDLECAMP,

        Defendant.

Case No. _17cv3058 SRN/FLN_

**COMPLAINT**
Jury Trial Demanded

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby alleges the following against Defendant Lindsey Middlecamp ("Defendant"):

## NATURE OF THE CASE

1.     Plaintiff brings this action against Defendant Middlecamp for defamation *per se*. The claims arise from Defendant's posting patently false statements concerning Plaintiff on her anonymous Twitter account @CardsAgstHrsmt.  Specifically, Defendant posted on her Twitter account that Plaintiff "raped" an unnamed woman – a woman that likely does not even exist and was contrived by Defendant Middlecamp.  This bogus rape allegation is categorically untrue and defamatory *per se*.  As a result, Plaintiff seeks actual and punitive damages in addition to injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The Court also has federal question jurisdiction under 28 U.S.C. § 1331.

1

SCANNED

JUL 18 2017

U.S. DISTRICT COURT ST PAUL

3.      Venue is proper pursuant to 28 U.S.C. § 1332(b)(1) and (b)(2) because the events that gave rise to this action occurred in this Judicial District.

## THE PARTIES

### THE PLAINTIFF BROCK FREDIN

4.      Plaintiff Brock Fredin is a resident of the State of Wisconsin with an address of 1905 Iris Bay, Hudson, WI 54016.

5.      Plaintiff Brock Fredin was a resident of the State of Minnesota with an address of 1180 Grand Ave, St. Paul, MN 55105 during some or all parts of the Defendant's tortious conduct.

### THE DEFENDANT LINDSEY MDIDLECAMP

6.      Upon information and belief, Defendant Lindsey Middlecamp is a resident of the State of Minnesota with an address of 2110 Aldrich Avenue S., Minneapolis, MN 55405.

7.      Lindsey Middlecamp is employed as an Assistant Minneapolis City Attorney involved in civil real estate litigation.  Upon information and belief, she previously worked as an associate attorney at Lindquist and Vennum.

## FACTUAL ALLEGATIONS

### Background

8.      Defendant Middlecamp is an attorney admitted to practice law in the State of Minnesota.  She graduated from the University of Pennsylvania Law School in 2011.  Defendant Middlecamp is currently employed as an attorney for the City of Minneapolis.

9.      Apart and aside from her law practice, Defendant Middlecamp is a militant feminist bent on pressing forward a radical sexist agenda and desperate for attention.  She runs a patently abusive and bigoted Twitter account entitled "Cards Against Harassment" that has a handle of

@CardsAgstHrsmt.   On this Twitter account, Defendant Middlecamp claims to be bringing awareness to "Street Harassment."   Yet, she uses the Twitter account – which she runs anonymously – to post abusive and vulgar feminist screeds and propaganda.  As a part of the offensive content on her Twitter account, Defendant Middlecamp knowingly publishes false and defamatory information about men in an attempt to shame and stigmatize them.

10.     By way of example of her abusive conduct, Defendant Middlecamp has started a Twitter hashtag called #ShirtlessShamers.  She accepts private photographs from scorned women of men shirtless and/or naked depicted in a sexually compromised manner.  In addition, she scours the Internet downloading photographs of unwitting men who post innocuous photographs naked or without shirts.  Defendant Middlecamp then posts these photographs – without consent from the men – on her Twitter account under the #ShirtlessShamers hashtag along with defamatory statements about the men in an attempt to permanently shame and stigmatize them on the Internet for the rest of their lives.  These posts demonstrably break Minnesota's Revenge Porn laws.  *See* Minn. Stat. § 617.261 (forbidding the "disseminat[ion] [of] an image of another person depicted in a sexual act or whose intimate parts are exposed").

11.     Defendant Middlecamp's conduct is terribly disturbing and frightening.  It is apparent that Defendant Middlecamp has created and runs this Twitter account as a revenge site seeking to ruin the lives of innocent and unsuspecting men to further a radical agenda.  It is all the more concerning that she attempts to run this Twitter account anonymously, using her legal training to escape liability for her unlawful acts.

<u>Defendant Middlecamp's Defamation of Plaintiff Fredin</u>

12.     Unfortunately, Plaintiff Fredin became a victim of Defendant Middlecamp's campaign of misandrist terrorism. She began posting on the @CardsAgstHrsmt Twitter account about Plaintiff Fredin in January 2017. Defendant Middlecamp repeatedly made posts on this Twitter account about Plaintiff Fredin in an attempt to smear his character, cause him to lose his employment and subject him to public ridicule. Between January and February 2017, Defendant Middlecamp obsessively published over 40 posts on the @CardsAgstHrsmt Twitter account about Plaintiff Fredin. The overwhelming majority of these posts contained patently false and defamatory statements concerning Plaintiff Fredin.

13.     Defendant Middlecamp's smear campaign and defamatory postings concerning Plaintiff Fredin escalated to the point where she began publishing wholly baseless and unsubstantiated claims that Plaintiff Fredin engaged in horrific criminal conduct. On February 22, 2017, Defendant Middlecamp posted on the @CardsAgstHrsmt Twitter account false claims that Plaintiff Fredin raped an unnamed women in 2010:



4

The rape allegations in Defendant Middlecamp's posts are patently false and defamatory *per se*. Plaintiff Fredin has never been accused of rape until Defendant Middlecamp began her campaign to publicly smear him. Upon information and belief, the allegations by the unnamed woman in Defendant Middlecamp's post claiming she went to the St. Louis Park police are to Plaintiff Fredin's knowledge entirely false and contrived. Indeed, Plaintiff Fredin believes that Defendant Middlecamp solicited this unnamed women to make these false allegations against him or Defendant Middlecamp fabricated the existence of this unnamed woman altogether.

14.     Defendant Middlecamp published the above post containing defamatory statements about Plaintiff Fredin knowing that the statements were false and with reckless disregard for the truth. Moreover, to the extent she did not fabricate the existence of the unnamed woman, Defendant Middlecamp clearly adopted the defamatory statements of the unnamed woman in her Twitter post by making the statements that the woman was a "rape survivor" and stating that Plaintiff Fredin "remains free." Upon information and belief, Defendant Middlecamp's defamatory post was published and seen by thousands of third-parties and remain publicly available on her @CardsAgstHrsmt Twitter account.

15.     As a result of Defendant Middlecamp's unlawful conduct and defamatory statements in the above-referenced post, Plaintiff Fredin has suffered immense harm. Defendant Middlecamp's defamatory statements have permanently stigmatized Plaintiff Fredin and subjected him to public ridicule. Moreover, Plaintiff Fredin has suffered the loss of employment and financial opportunities as a result Defendant Middlecamp's false and defamatory statements mentioned above. Plaintiff Fredin also continues to suffer ongoing mental anguish due to Defendant Middlecamp's unlawful statements about him.

5

## COUNT I:  DEFAMATION *PER SE*

16.     Plaintiff Fredin re-alleges and incorporates by reference paragraphs 1-13 of the Complaint as though fully set forth herein:

17.     Defendant Middlecamp has made false and defamatory statements concerning Plaintiff Fredin as set forth above in this Complaint.

18.     Defendant Middlecamp's statements are statements of fact and are demonstrably false.

19.     Defendant Middlecamp's defamatory statements accused Plaintiff Fredin of committing a serious crime, *i.e.* rape, and are therefore defamatory *per se*.

20.     Defendant Middlecamp has published and continues to publish these false statements to numerous individuals on her Twitter account.

21.     Defendant Middlecamp enjoys no privilege concerning these statements.

22.     As a result of Defendant Middlecamp's defamatory statements and unlawful conduct, Plaintiff Fredin has suffered severe harm and is entitled to actual and punitive damages in an amount to be proven at trial.  Plaintiff Fredin also seeks injunctive relief requiring Defendant Middlecamp to remove the defamatory material and posts from her Twitter account @CardsAgstHrsmt.

### ATTORNEY FEES AND COSTS

Plaintiff demands reasonable attorney fees, costs, and fees pursuant to 28 U. S. C. §1927.

### JURY TRIAL DEMANDED

Plaintiff demands a jury on all issues which may be properly tried by jury.

### PRAYER FOR RELIEF

6

**WHEREFORE**, Plaintiff Fredin prays that the Court:

a.  Enter judgment in favor of Plaintiff Fredin against Defendant Middlecamp;

b.  Enter judgment awarding Plaintiff Fredin compensatory damages on all counts herein to compensate Plaintiff Fredin for Defendant Middlecamp's activity complained of herein and for any injury complained of herein, inclusive of interest and costs, in an amount to be determined at trial;

c.  Enter judgment awarding punitive, exemplary, enhanced and/or treble damages as allowed by applicable state and federal law in an amount to be determined at trial;

d.  Enter judgment awarding Plaintiff Fredin injunctive relief requiring Defendant Middlecamp to remove her defamatory statements concerning Plaintiff Fredin from her Twitter account @CardsAgstHrsmt;

e.  Enter judgment awarding Plaintiff Fredin his fees and costs reasonably incurred in this action as allowed by applicable state and federal law; and

f.  Order such other relief that the Court deems just and appropriate.

Dated: July 17, 2017
Hudson, WI

/s/ Brock Fredin

_____

Brock Fredin
1905 Iris Bay
Hudson, WI 54016
(612) 424-5512 (tel.)
brockf12@gmail.com
*Plaintiff, Pro Se*