UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BROCK FREDIN, | Case No. 17-CV-3058 (SRN/FLN) |
| Plaintiff, | |
| v. | ORDER |
| LINDSEY MIDDLECAMP, | |
| Defendant. | |

---

Plaintiff Brock Fredin has requested *in forma pauperis* ("IFP") status in these proceedings. *See* ECF No. 2. His IFP application cannot be granted at this time, however, because Fredin's complaint fails to establish that the Court has subject-matter jurisdiction over this matter.

Fredin cites 28 U.S.C. § 1332(a)(1) as a basis for federal subject-matter jurisdiction over this action.[1] *See* Compl. ¶ 2 [ECF No. 1]. Under that provision, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But Fredin fails to allege the citizenship of the parties to this action. Instead, Fredin alleges that he is a *resident* of Wisconsin, while the defendant is a *resident* of Minnesota. *See* Compl. ¶¶ 4-7.

"[T]he term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident.'" *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). The Eighth Circuit has explained the distinction as follows:

---

[1] Fredin also cites 28 U.S.C. § 1331 as a basis for subject-matter jurisdiction, *see* Compl. ¶ 2, but his invocation is frivolous, as the lone claim raised in the complaint is brought pursuant to state law, not federal law.

> Citizenship requires permanence. The Fourteenth Amendment establishes that U.S. citizens are "citizens . . . of *the* State wherein they reside." U.S. Const. amend. XIV, § 1 (emphasis added). To "reside" — in contrast to the related and less precise word "resident" — means to have one's permanent home in a particular place. The Fourteenth Amendment's reference to "the" singular "State" further demonstrates one may reside in, and thus be a citizen of, only one state. By contrast, one may be a resident of multiple states in addition to the state of citizenship. Because of this ambiguity in the word "resident" — as compared to "citizen" and the unambiguous "reside" — we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a "resident" of a particular state.

*Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (quotations and citations omitted). The contrast between "citizen" and "resident" may perhaps be especially important in this matter, as Fredin alleges that he was until recently a resident of Minnesota. *See* Compl. ¶ 5.

Rather than recommend dismissal of this action, this Court will allow Fredin with the opportunity to amend his pleading and add allegations sufficient to establish federal subject-matter jurisdiction. Should Fredin choose to file an amended complaint, he cannot merely supplement his current pleading; he must instead file an entirely new amended complaint. The amended complaint must be filed no later than August 18, 2017, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

SO ORDERED.

Dated: August 10, 2017   *s/Franklin L. Noel*
Franklin L. Noel
United States Magistrate Judge