**District Court**

**State of Minnesota**

| County | | Judicial District: | Second |
|---|---|---|---|
| | | Court File Number: | 62-HR-CV-17-233 |
| Ramsey | | Case Type: | **Harassment** |

Lindsey Middlecamp

Petitioner

vs.

Brock Fredin
Respondent

**Order Granting Harassment
Restraining Order After Hearing**

**(Minn. Stat. §609.748)**

This matter was heard by Referee Elizabeth Clysdale, Referee of District Court, on July 20, 2017 and September 21, 2017.

Appearances were made by:

☒ Petitioner                     ☒ Petitioner's Attorney Michael P. Boulette, Esq.

☒ Respondent                     ☐ Respondent's Attorney _____

Now, therefore, based upon the evidence adduced and upon all the files, records and proceedings herein, the court finds:

1. All of Respondent's motions, listed below, were not timely and were an attempt by Respondent to delay the trial. Many of these issues were known to Respondent at the initial hearing held on June 1, 2017 and should have been raised at that hearing. Respondent also served and filed a motion to compel discovery on August 17, 2017. Respondent did not pay the motion filing fee for the motion to compel discovery and this motion was not addressed on the merits on the second day of trial.

2. Respondent Fredin's Motion to Disqualify, filed on July 19, 2017: Respondent filed a motion to disqualify Petitioner's attorney and the law firm of Messerli & Kramer. Respondent consulted with an attorney at Messerli & Kramer regarding an appeal in another Harassment Restraining Order Case involving a different unrelated Petitioner. (Aff. of Daniel Goldberg.) Under the Rules of Professional Conduct 1.18, "a Lawyer who has consulted with a prospective client shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." Respondent could not point to any facts relating to this case that were provided to the attorney that would cause Petitioner's attorney or the law firm of Messerli & Kramer to be disqualified. Furthermore, the two cases are not the same nor are they substantially related. Respondent's consultation with the law firm occurred over a year ago and the facts raised in the Petition in this case postdate this consultation. Respondent had knowledge of Mr. Boulette's representation of Petitioner at the initial hearing and should have raised his objection at that time. To wait until the eve of trial to serve and file his motion is nothing

**Exhibit 1**

more than a tactic to delay this trial.   Therefore, Respondent's motion to disqualify the law firm of Messerli & Kramer is denied.

3.  <u>Respondent Fredin's Motion to Dismiss for Improper Venue, filed on July 14, 2017</u>: Respondent filed a motion to dismiss claiming Ramsey County is not the proper venue. Respondent now resides in Hudson, Wisconsin, and Petitioner resides in Hennepin County. Mr. Fredin should have objected within 20 days of service of a summons pursuant to Minnesota Statutes section 542.10.  Venue in civil cases is not jurisdictional. *Rosnow vs. Commissioner of Public Safety,* 444 N.W.2d 591, 592 (Minn. Ct. App. 1989). The objection to venue can be waived with the passage of time and by seeking relief from the court. *Id.* Respondent has waited until the eve of trial to bring this motion, rather than at the initial hearing. In addition, Respondent filed his own Harassment Restraining Order in Ramsey County against Petitioner on June 19, 2017, Court File No. 62-HA-CV-17-391.  Therefore, Respondent's motion to dismiss based on improper venue is denied.

4.  <u>Respondent Fredin's Motion to Quash the Subpoena, filed on July 20, 2017</u>:  Respondent seeks to quash the subpoena served by Petitioner on the entity named "domainsbyproxy.com" because it is overly broad.  Petitioner argued that the subpoena was served only after Respondent refused to answer the formal discovery that was served on him. The entity acknowledged receipt of the subpoena and has not objected.   Respondent did not establish grounds for quashing the narrow record subpoena under Minnesota Rules of Civil Procedure 45.  Therefore, Respondent's motion to quash this subpoena is denied.

5.  ☒  There are reasonable grounds to believe that Respondent(s) has engaged in harassment of Petitioner(s) or the minor child (ren) or ward(s) of Petitioner by committing the following acts:

☐ physically or sexually assaulted the Petitioner(s) as follows: _____

☒ followed, pursued or stalked the Petitioner(s) as follows: <u>See "other" below.</u>

☐ made uninvited visits to the Petitioner(s) as follows: _____

☐ made harassing phone calls to the Petitioner(s) as follows: _____

☐ made threats to the Petitioner(s) as follows: _____

☒ frightened Petitioner(s) with threatening behavior as follows: <u>See "other" below.</u>

☐ called the Petitioner(s) abusive names as follows: _____

☐ damaged Petitioner's property as follows: _____

☐ broke into and entered the Petitioner's residence as follows: _____

☐ stole property from the Petitioner(s) as follows: _____

☐ took pictures of the Petitioner(s) without permission of the Petitioner(s) as follows: _____

☐ did acts repeatedly that meet the legal definition of "targeted residential picketing" as follows:

☐ attended public events after being notified that Respondent's presence at the events is harassing to Petitioner(s) as follows: _____

☒ other:

a)  Prior to the hearings in this matter, the parties had not met in person. In early January 2016, Petitioner, through her anonymous online twitter account @cardsagstharassment posted a tweet linking to a Minnesota Court of Appeals opinion in which Respondent was a party.

b)  After learning of Petitioner's post about him, Respondent began attempting to determine Petitioner's identity. Respondent contacted a Huffington Post journalist who had interviewed Petitioner seeking identifying information about Petitioner which she has attempted to keep anonymous and private. Respondent's email also associated Petitioner with criminal accusations. (Exhibit 1.)  Respondent's testimony that he does not recall whether he authored Exhibit 1 is not credible, but in his Proposed Order filed on September 29, 2017, he admitted sending this e-mail.[1] (Resp. Proposed Order, p. 4, ¶ 6.)

c)  After receiving Respondent's e-mail from the Huffington Post journalist (Exhibit 1), Petitioner emailed Respondent informing him that she considered his behavior harassing. (Exhibit 2.) Petitioner expressly requested Respondent "cease and desist any contact to [Petitioner] or indirect contact made to third parties" for the purpose of making unsupported allegations against Petitioner or seeking her personal information. Respondent acknowledged viewing this email (Exhibit 2) on Petitioner's twitter account, though testified he did not recall whether he had received the email itself. Respondent's claimed lack of memory is not credible. The Court finds Respondent was aware Petitioner considered his contacts to her or to third parties harassing and she wanted his to stop.

d)  Despite Petitioner's request, Respondent registered and authored numerous tweets from the twitter account @mncourtshq, including a tweet directed to Petitioner's law school describing her as a "likely criminal," tweets directed to other law schools and legal professional associations sharing identifying information about Petitioner and accusing her of criminal conduct, and eventually, tweets directed to an individual associated with her employer accusing Petitioner of professional misconduct. (Exhibit 3.) Respondent's testimony that he does not recall whether he authored tweets from that twitter account is not credible, particularly in light that Respondent's tweets were no longer publicly visible after Respondent was served with this Court's April 14, 2017 Order Granting Petition for Ex Parte Harassment Restraining Order. The Court finds Respondent to be the author of the tweets by @mncourtshq.

e)  Petitioner also presented credible testimony and evidence that Respondent registered the domain name lindseymiddlecamp.com and published content to that website sharing identifying information about Petitioner and her employer, accusing her of criminal conduct, and soliciting others to make complaints against Petitioner. (Exhibit 5.) Respondent's testimony that he does not recall whether he registered and published content to lindseymiddlecamp.com is not credible, particularly in light of the credible testimony that the website was no longer publicly

---

[1] In his proposed order, Respondent requested that the Court make this finding: "Fredin began attempting to determine the identity of the anonymous @CardsAgstHrsmt account. To that end, Fredin sent an email to a Huffington Post reporter to determine the identity with hopes of launching a defamation lawsuit." (Resp. Proposed Order, p. 4, ¶ 6.)

visible after Respondent was served with this Court's April 14, 2017 Order Granting Petition for Ex Parte Harassment Restraining Order. The Court finds Respondent to be the author of lindseymiddlecamp.com.

f) Respondent repeatedly sent emails or other electronic communications to individuals associated with Petitioner's online activities or employment, each time sharing identifying information about Petitioner, her employer, and her anonymous Twitter account, and accusing her of criminal conduct, and soliciting others to make complaints against Petitioner. These contacts were to 612 Sauna Society (Exhibit 14), a college professor named Mark Shrayber (Exhibit 12), a 411 tip (Exhibit 15), Petitioner's employer Minneapolis City Attorney Susan Segal (Exhibit 16). Respondent's testimony that he does not recall whether he sent those communications is not credible. The Court finds Respondent to be the author of Exhibits 12, 14, 15, and 16.

g) Even after the Order Granting Petition for Ex Parte Harassment Restraining Order was entered against Respondent on April 14, 2017, Respondent contacted an attorney believed to be adverse to Petitioner, who is an attorney, in an active piece of litigation. Respondent contacted this attorney to provide that attorney with information about Petitioner. This contact was calculated to reach Petitioner and it did reach Petitioner.

h) The Court finds that the numerous electronic messages about Petitioner sent to people associated with Petitioner's professional employment or with her anonymous online account as set forth above are harassment. These messages included identifying details about Petitioner, as well as allegations of criminal and professional misconduct. These messages were sent by Respondent with the intent to eliminate the privacy Petitioner had maintained between her anonymous twitter account and her full name and employer. Respondents conduct adversely affects Petitioner's privacy, safety, and security, and thus constitutes harassment. The Court further finds these communications to have been authored by Respondent with the intention of harassing Petitioner.

6. ☒ The harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy.

7. ☐ The relief granted by this order may be for a period of up to 50 years based on the finding that:

   ☐ The petitioner has had two or more previous restraining orders in effect against the same respondent; or
   ☐ The respondent has violated a prior or existing restraining order on two or more occasions.

## It is Ordered:

1. ☒ Respondent(s) shall not harass ☒ Petitioner ☐ Petitioner(s) minor child (ren) or ward(s). List minor child (ren),wards included in this Petition: _____

2. ☒ Respondent shall have no direct or indirect contact with ☒ Petitioner ☐ Petitioner's minor child/ren or ward(s), including any visits to or phone calls to the protected person(s), contact via electronic means such as email or social networking sites, threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the protected person(s) residence, and/or taking pictures of a protected person without permission of the Petitioner.

3. ☒ Respondent(s) is prohibited from being at Petitioner's home at: <u>Confidential</u> (address).

4.  ☒   Respondent(s) is prohibited from being at Petitioner's job site at City Hall 350 South 5th Street, Minneapolis, Minnesota for the purposes of contacting Petitioner or contacting any third party for the purpose of harassing Petitioner.

5.  This Order shall remain in effect until **September 21, 2019**.

6.  The Court Administrator shall send a copy of this Order to the following law enforcement agency(s): <u>Hennepin</u> County Sheriff's Department and <u>Minneapolis & Confidential</u> Police Department. **Every police department and sheriff's office in the United States, include those affiliated with tribal and territorial lands is responsible for enforcing this Order under 18 U.S.C. § 2265 Full Faith and Credit of Protective Orders.**

7.  If Respondent is an organization, this order ☐ shall / ☐ shall not  apply to all members of the organization.

8.  Other: Writings or other communications by Respondent which are made available for public hearing or viewing and which contain addresses, telephone numbers, photographs or any other form of information by which a reader may contact, identify or locate Petitioner are acts of harassment and are prohibited by this order. Any communications made by Respondent under an identity or auspices other than his true name and which refer to Petitioner are acts of harassment and are prohibited regardless of the truth or falsity of any statement made about Petitioner.

9.  All motions are denied.

10.  The sheriff of any county in the State of Minnesota, or any peace officer, shall perform the duties relating to serving this Order without charge to Petitioner.

## NOTICE

**Any conduct by the Respondent in violation of the specific provisions provided in the "It Is Ordered" section above constitutes a violation of this Harassment Restraining Order. A police officer shall arrest the Respondent without warrant and take the Respondent to jail if the police officer believes the Respondent has violated this Order, and shall hold the Respondent in jail for at least 36 hours, excluding the day of arrest, Sundays, and legal holidays, unless the Respondent is released by a judge or judicial officer.**

**Violation of this Harassment Restraining Order may be treated as a misdemeanor, gross misdemeanor, or felony. A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a fine of $1000.00. Some repeat violations are gross misdemeanors that may result in a sentence of up to one year in jail and/or a $3,000.00 fine. Other violations are felonies that may result in a sentence of imprisonment for up to five years and/or a fine of $10,000.00. A person who engages in a pattern of harassing conduct is guilty of a felony and may be sentenced to imprisonment for up to ten years and/or a fine of $20,000.00.**

**If the court grants this Harassment Restraining Order for a period of up to 50 years under Minn. Stat. §609.748 subd. 5, the Respondent must wait 5 years to seek modification of the Harassment Restraining Order.**

Dated: _10-2-17_

_Elupdale_
Referee of District Court

Dated:_____

_____
Judge of District Court

---

**Distribution**

_____ Certified copy or original –Return to Court Administrator with Affidavit of Service attached
_____ Copy for Petitioner(s)                    _____ Copy for Respondent(s)
_____ Copy for file until original returned      _____ Copy for local police department
_____ Copy for Sheriff                           _____ Other: _____

---

State of Minnesota
Ramsey County

District Court
Second Judicial District

# Harassment
# Notice of Filing of Order

**PLEASE TAKE NOTICE THAT you are hereby notified that the attached Order has been filed in this case.**

        Tama L. Hall
        Court Administrator
        Ramsey County District Court
        25 West Seventh Street
        St Paul MN  55102
        651-266-5130