UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Civil No. 17-3058 (SRN/FLN) |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION AND ORDER** |
| v. | |
| Lindsey Middlecamp, | |
| Defendant. | |

Brock Fredin, *pro se*, for Plaintiff.
Matthew Schaap, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant Lindsey Middlecamp's motion to dismiss and to strike (ECF No. 11). This matter was referred to the undersigned for Report and Recommendation pursuant 28 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 19. For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be **GRANTED in part**, and **DENIED in part**. The Court also **GRANTS in part**, and **DENIES in part**, the Defendant's motion to strike portions of Plaintiff's Amended Complaint.

**I. FINDINGS OF FACT**

Plaintiff Brock Fredin alleges that between January and April of 2017, Defendant Lindsey Middlecamp posted more than forty tweets containing patently false and defamatory statements concerning Plaintiff on her Twitter account @CardsAgsHrsmt. ECF No. 5 ¶ 1, 19. Specifically, Plaintiff alleges that on February 22, 2017, Defendant re-posted content from an unnamed woman accusing Plaintiff of raping her seven years ago. *Id*. ¶ 20. In addition to sharing the unnamed

woman's story, Plaintiff alleges that Defendant commented: "The power of sharing. Within hours of the stalking post going up, a rape survivor comes forward. He remains free. (Shared w/ her permission)." *Id*. ¶ 20. According to Plaintiff, Defendant also authored tweets labeling Plaintiff as a danger to women, stating that Plaintiff had victimized women in the past, and identifying Plaintiff as a stalker. *Id.* ¶ 23. As a result, Plaintiff alleges he suffered immense harm, was permanently stigmatized, was subjected to public ridicule, lost his job, and lost financial opportunities. *Id.* ¶ 22. Plaintiff also alleges he has suffered severe and ongoing mental anguish due to Defendant's statements. *Id*.

After contacting a journalist who had written an article about Defendant, Plaintiff learned of Defendant's true identity. *Id*. ¶ 24. On April 4, 2017, Plaintiff published a post on his personal Facebook account identifying Defendant as the owner and operator of the Twitter handle @CardsAgstHrsmt. *Id*. On April 14, 2017, Defendant sought a Harassment Restraining Order ("HRO") against Plaintiff in Ramsey County, District Court. *Id*. ¶ 25. The Court granted Defendant's HRO, and found that there was reasonable ground to believe that Plaintiff followed, pursued, or stalked Defendant, and frightened Defendant with threatening behavior. ECF No. 13, Ex. 1 at 2. Specifically, the Court found that Plaintiff registered the domain name lindseymiddlecamp.com where he identified Defendant's employer, accused Defendant of criminal conduct, and contacted attorney's adverse to her in active litigation. *Id*. at. 2–3. Plaintiff alleges that Defendant sought the HRO to maintain her anonymity in operating the @CardsAgstHrsmt Twitter account. ECF No. 5 at ¶¶ 28–29.

Plaintiff brings one count of defamation per se, one count of abuse of process, and one count of intentional infliction of emotional distress. *Id*. at ¶¶ 30–40.

## II. STANDARD OF LAW

To avoid dismissal under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. Finally, "when determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor." *Blankenship v. USA Truck, Inc.* 601 F.3d 852, 853 (8th Cir. 2010).

In a motion to dismiss, courts generally do not consider matters outside the pleading. *See* Fed. R. Civ. P. 12(d). Courts may, however, consider material that is part of the public record, or necessarily embraced by the pleadings. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)*; Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Considering material outside the pleading does not automatically convert a 12(b)(6) motion into a summary judgment motion. *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

## III. CONCLUSION OF LAW

**A. Motion to Dismiss Count II of Plaintiff's Amended Complaint**

Defendant asks the Court to dismiss Count II of the Amended Complaint, abuse of process, because Plaintiff has not pled sufficient facts to state a plausible claim for relief. *See* ECF No. 14 at 6. Defendant specifically argues that Plaintiff has not pled facts to support the second element of an abuse of process claim: the use of the process to accomplish a result not within the scope of the proceeding in which it was issued. *Id*. at 7. Plaintiff responds that Defendant's motion should be denied because Plaintiff has sufficiently alleged that Defendant initiated the HRO proceeding for an illegitimate and collateral purpose. *See* ECF No. 21 at 10.

To prevail on an abuse of process claim, Plaintiff must prove: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued, whether such result might otherwise be lawfully obtained or not." *Hoppe v. Klapperich*, 28 N.W.2d 780, 786 (Minn. 1947)."[T]he gist of an action for abuse of process is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish." *Id.* Minnesota law permits a person who is the victim of harassment to a seek a restraining order from a district court. Minn. Stat. § 609.748, subd. 2 (2017). Harassment is defined as "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another. . .." *Id.* at subd. 1(a).

Plaintiff's Amended Complaint alleges that Defendant obtained the HRO for the ulterior purpose of suppressing Plaintiff's First Amendment right to criticize a public official, and used the HRO process to maintain her privacy by preventing the divulgence of her personal information and professional identity. ECF No. 5 ¶ 26, 28, 29. As stated above, for Plaintiff to prevail on his claim of abuse of process, he must allege the use of the process to accomplish a result not within the scope

4

of the proceeding. *See Hoppe*, 28 N.W.2d at 786. Here, Plaintiff alleges that Defendant used the HRO proceeding for the purpose of maintaining her privacy; a purpose specifically within the scope of the proceedings. *See* Minn. Stat. § 609.748, subd. 1(a); *see also Johnson v. Arlotta*, No. A11-630, 2011 WL 6141651 at *3 (Minn. Ct. App. Dec. 12, 2011) (finding that former boyfriend's blog posts and emails was harassment for purposes of granting an HRO under Minn. Stat. § 609.748). Because privacy is a legitimate purpose to initiate an HRO proceeding under Minn. Stat. § 609.748, Plaintiff's Amended Complaint fails to set forth sufficient facts to establish that Defendant sought to achieve a purpose outside the scope of the HRO proceedings. Therefore, Plaintiff's motion to dismiss Count II should be granted.

**B. Motion to Dismiss Count III of Plaintiff's Amended Complaint**

Defendant also asks the Court to dismiss Count III of Plaintiff's Amended Complaint, intentional infliction of emotional distress ("IIED"). *See* ECF No. 13. Defendant argues that Plaintiff's claim of IIED is deficient for two reasons: (1) it fails to establish that Defendant's behavior was extreme and outrageous, and (2) it fails to plead sufficient facts supporting the severity of Plaintiff's emotional distress. *See* ECF No. 14 at 8–11.

To sustain a claim for IIED, Plaintiff must allege: (1) the conduct was extreme and outrageous; (2) the conduct was intentional or reckless; (3) it caused emotional distress; and (4) the distress was severe. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003) (citing *Hubbard v. United Press International, Inc.* 330 N.W.2d 428 at 438-39 (Minn. 1983)). Minnesota law approaches IIED cautiously, keeping it "sharply limited to cases involving particularly egregious facts," and requiring a "high threshold standard of proof" to submit the claim to the jury. *Id.* at 864 (citing *Hubbard*, 330 N.W.2d at 439).

Minnesota courts have found that conduct is extreme and outrageous when it is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Hubbard,* 330 N.W.2d at 439 (citation omitted). Limiting claims "to cases involving particularly egregious facts." *Id*. And refusing to extend to "insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *See* Restatement (Second) of Torts § 46 cmt. d (1965).

Here, Plaintiff alleges that Defendant falsely accused him of rape, broadcasted her false rape accusation to thousands of Twitter users, subsequently refused to take down the accusation, and has allowed it to remain publically available on her twitter account. *See* ECF No. 5. Further, that Defendant found Plaintiff's online dating profile and posted it on her twitter account to warn women, falsely insinuating that Plaintiff was a threat to them. *Id*. at ¶23.

Construing Plaintiff's Complaint liberally, and affording Plaintiff all reasonable inferences in his favor, the Court finds that Defendant's wide-spread promulgation of a false rape allegation is extreme and outrageous and not "tolerable to the civilized community." *See Hubbard*, 330 N.W.2d at 439. This is not the case of simple insults or indignities, but is so atrocious it that passes the boundaries of decency. *See id.* While Minnesota courts have not specifically addressed the issue of whether a false rape accusation broadcast to thousands of online users is extreme and outrageous conduct, this Court's conclusion is buttressed by similar findings from other federal district courts. *See, e.g., Mangan v. Rumo*, 226 F. Supp.2d 250, 254 (D. Me. 2002) (holding that for purposes of IIED, "[i]ntentionally false allegations of rape could amount to outrageous behavior intolerable in a civilized society"); *Iglesias v. O'Neal*, No. 16–6291 (RBK/AMD), 2017 WL 1170835 at *3 (D.N.J. March 29, 2017) (stating: "it is certain that a false accusation of rape is intolerable in a civilized community").

Next, Defendant claims that Plaintiff has failed to adequately plead the severity of his purported mental distress. *See* ECF No. 14 at 9–11."The law intervenes only where the distress inflicted is so severe that no reasonable man could not be expected to endure it." *Langeslag*, 664 N.W.2d at 868 (citing *Hubbard*, 330 N.W.2d at 439). Plaintiff in his Amended Complaint alleges that he "suffered, and continues to suffer severe and extreme emotional distress." ECF No. 5 ¶ 43. Plaintiff also alleges that he suffered immense harm, was permanently stigmatized, was subjected to public ridicule, and lost his job and financial opportunities as a result of Plaintiff's statements. *Id.* at ¶22.

Allegations contained in a complaint will not be found to be insufficient for purposes of a motion to dismiss because the Court is doubtful that Plaintiff will be able to prove all the factual allegations contained therein. *See Twombly*, 500 U.S at 555. In a motion to dismiss, "[t]he issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.*" See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A well-pleaded complaint will survive a motion to dismiss even if it appears "that a recovery is very remote and unlikely." *Id.*

Reading the complaint as a whole, and in a light most favorable to Plaintiff, we find that Plaintiff has adequately pled that he suffered severe distress as a result of Plaintiff's statements. Plaintiff has not merely relied on conclusory statements, but has alleged specific facts to support his claim. As such, Defendant's motion to dismiss Count III should be denied.

**C. Motion to Strike Portions of Plaintiff's Amended Complaint**

Lastly, Defendant asks the Court to strike her home address, educational background, and place of employment from Plaintiff's Amended Complaint, as they are immaterial to Plaintiff's claims, and are included for no other purpose than to distribute Defendant's private information to the public. *See* ECF No. 14 at 12. Plaintiff, in response, argues that to prevail on his claims of defamation and abuse of process he must connect Defendant to the Twitter handle @CardsAgstHrsmt, and must include her home address to make a prima facie showing of diversity jurisdiction. *See* ECF No. 21 at 15–16.

District courts have "liberal discretion" in deciding to strike any redundant, immaterial, impertinent, and scandalous matters from the record. *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *see also* Fed. R. Civ. P. 12(f). Despite the district court's liberal discretion, however, striking a pleading is an extreme measure to be viewed with disfavor and granted infrequently. *Stanbury Law Firm,* 221 F.3d at 1063 (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969))).

Here, Defendant's home address, place of employment, and educational background, bear no logical connection to Plaintiff's claims, and must be stricken from the record pursuant to Rule 12(f). Plaintiff is permitted to identify Defendant as an attorney employed with the City of Minneapolis, and for purposes of establishing diversity jurisdiction, Plaintiff may identify the state in which Defendant resides. *See* 28 U.S.C. § 1332(a).

As to Defendant's motion to strike portions of Plaintiff's Amended Complaint as inflammatory, Defendant's motion is denied.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (ECF No. 11) be **GRANTED in part**, and **DENIED in part** as follows:

1. Defendant's motion to dismiss Count II of Plaintiff's Amended Complaint be granted.

2. Defendant's motion to dismiss Count III of Plaintiff's Amended Complaint be denied.

## V. ORDER

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to strike portions of Plaintiff's Amended Complaint (*See* ECF No. 11) is **GRANTED in part**, and **DENIED in part** as follows:

1. Defendant's home address, educational background, and employment as an Assistant Minneapolis City Attorney shall be stricken from Plaintiff's Amended Complaint.

2. Plaintiff is permitted to identify Defendant as a resident of the State of Minnesota, and employed as an attorney with the City of Minneapolis.

3. Defendant's motion to strike is denied in all other respect.


DATED: April 13, 2018                                   *s/Franklin L. Noel*
                                                        FRANKLIN L. NOEL
                                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 27, 2018**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the

rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.