## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brock Fredin,

                     Plaintiff,

v.

Lindsey Middlecamp,

                     Defendant.

Court File No. 17-cv-3058 (SRN/HB)

**RESPONSE TO PLAINTIFF'S APRIL 30, 2018 OBJECTION TO REPORT AND RECOMMENDATION AND ORDER**

### INTRODUCTION

On April 13, 2017, United States Magistrate Judge Franklin L. Noel issued a report and recommendation in this case, recommending that Defendant Lindsey Middlecamp's (the "Defendant") Motion to Dismiss be granted in part and denied in part, and ordered Defendant's Motion to Strike be granted in part and denied in part. (ECF No. 31.) Specifically, Magistrate Judge Noel recommended that Plaintiff Brock Fredin's (the "Plaintiff") claim for abuse of process be dismissed and certain information[1] be stricken from the Amended Complaint. (See *id.*) Pursuant to the Local Rules of the District of Minnesota, Magistrate Judge Noel stated that any party may object to his report and recommendation by filing and serving the appropriate papers "on or before April 27, 2018." (R&R at 9.)

---

[1] This information comprised Defendant's home address, educational background, and employment as an Assistant Minneapolis City Attorney. Plaintiff was explicitly granted permission "to identify Defendant as a resident of the State of Minnesota and employed as an attorney with the City of Minneapolis." (ECF No. 31 at 9.)

On April 30, 2018, Plaintiff filed an "Opposition to the April 13th, 2018 Report and Recommendation and Order to Deny Plaintiff's Claim II (Abuse of Discretion)." (ECF No. 33.) In his OppositionPlaintiff objects to Magistrate Judge Noel's report and recommendation. (ECF No. 33.) For the reasons below, Defendant requests that this Court overrule the objection and adopt Magistrate Judge Noel's report and recommendation and order.

## STANDARD OF REVIEW

Under the Local Rules of the District of Minnesota, this court "must consider timely objections and modify or set aside any part of" Magistrate Judge Noel's nondispositive order with respect to Defendant's Motion to Strike "that is clearly erroneous or is contrary to law." D. Minn. LR 72.2(a)(3). As it relates to Magistrate Judge Noel's report and recommendation addressing Defendant's Motion to Dismiss, this court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." D. Minn. LR 72.2(b)(3). Finally, under Local Rule 72.2(b)(1), the objecting party must promptly arrange for transcribing the record. The Plaintiff has failed to provide this Court with any transcription of the record at the hearing on this matter.

The 14-day deadline to file objections to the report and recommendation is not jurisdictional, and the court is therefore not barred from considering late objections where circumstances merit granting leeway to the late-filing objector. *See Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000) (noting that the time period for filing objections to reports and recommendations "is not jurisdictional"); *Gustafson v. Reiser*, No. 14-cv-3351

(JRT/JJK), 2016 WL 6915299, at *5 (D. Minn. Nov. 23, 2016) (vacating prior order adopting a report and recommendation to consider late objections).

Although the deadline to object to an R&R is not jurisdictional, Plaintiff's decision to file late should preclude this Court from considering his objection. Any prejudice that Defendant has suffered as a result of Plaintiff's late filing is admittedly low. But Plaintiff's justification for his late filing is lower still. As he stated in his contemporaneously filed letter to the court, Plaintiff does not feign ignorance of the deadline, instead admits he was aware of the deadline but simply lacked the energy to timely file the opposition because he was on vacation. This is an insufficient reason to ignore a deadline to object to a magistrate judge's R&R in a timely fashion.

## I.      Plaintiff's Objection Should be Overruled.

### A.      Plaintiff fails to specify any portions of the R&R to which he objects.

Objections to a magistrate judge's report and recommendation "should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatine*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008); *see also* 28 U.S.C. § 636(b)(1). Vague objections that merely repeat arguments already presented to and rejected by the magistrate judge should not receive *do novo* review by the district judge. *Thomspon v. Nix*, 897 F.2d 356, 358 (8th Cir. 1990) (stating that objections must be "specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation"); *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3

(D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No, 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)).

In addition to being untimely, Plaintiff's objection fails to specify any portion of Magistrate Judge Noel's R&R that he thinks was poorly reasoned or otherwise incorrect. Indeed, Plaintiff simply restates his claims against Defendant and attempts to incorporate new factual allegations into his Amended Complaint that were not before the court. Nothing in Plaintiff's objection identifies "which claims [he] is referring to, or which aspect of the Magistrate Judge's analysis [he] disagrees with." *Mayer*, 2008 WL 4527774, at *2.

Plaintiff identifies issues relating to anonymous speech and the First Amendment. First, Plaintiff attempts to argue that Defendant's speech is not anonymous and therefore not protectable under Minn. Stat. § 609.748. But that statute nowhere requires anonymity as a prerequisite to relief. Instead it defines "Harassment" to include … "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another…." Minn. Stat. § 609.748 Subd. 1(a)(1). New factual allegations which, at most, would demonstrate that other parties had compromised Defendant's anonymity prior to Plaintiff's intrusive course of conduct are irrelevant to the questions of whether Defendant sought, and was awarded, relief within the scope of Minnesota's harassment statute. In any event, Plaintiff is attempting to re-litigate, in federal court, an adverse state court judgment entered prior to the commencement of this litigation. Such efforts are improper. *See Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010) (federal district

4

court lacks subject-matter jurisdiction, under the *Rooker-Feldman* doctrine, over attempted appeals from a state court judgment).

Second, Plaintiff identifies certain of his own speech arguing that it is private speech. The nature and quality of Plaintiff's alleged speech is wholly irrelevant to his abuse-of-process claim and similarly is an attempt to relitigate issues decided adversely against Plaintiff in state court. *See*, *id*.

### B.    Magistrate Judge Noel's Decision Was Correct.

Magistrate Judge Noel's R&R correctly recommended dismissing Count II of Plaintiff's Amended Complaint for failing to state an abuse of process claim. To state an abuse of process claim, a plaintiff must show: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued, whether such result might otherwise be lawfully obtained or not." *Hoppe v. Klapperich*, 28 N.W.2d 780, 786 (Minn. 1947). "[T]he gist of an action for abuse of process is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish." *Id.* As recognized by the R&R, Minnesota law specifically authorizes a victim of harassment to seek and obtain a restraining order from the court. Minn. Stat. § 609.748, subd. 2 (2017).

As Magistrate Judge Noel determined, Plaintiff's Amended Complaint "fails to set forth sufficient facts to establish that Defendant sought to achieve a purpose outside the scope of the HRO proceedings." R&R at 5. Indeed, Plaintiff himself states that Defendant used the HRO proceedings for the purpose of maintaining her privacy—a purpose specifically contemplated by the statute. *See* Minn. Stat. § 609.748. subd 1(a). Plaintiff's

5

objection to the R&R fails to state any facts that establish otherwise. Indeed, Plaintiff attempts to use Defendant's settlement offer as proof of an ulterior motive. *See* Objection at 12-13. Even presuming Plaintiff's outlandish allegations have a shred of merit, Defendant's settlement offer in a civil matter—an offer that Plaintiff requested—does not state facts supporting even an inference that Defendant intended to use the HRO proceedings for any purpose other than to protect her own privacy, and safety from Plaintiff's repeated and intrusive acts.

In the R&R, Magistrate Judge Noel correctly determined that Plaintiff's Amended Complaint fails to set forth facts sufficient to state a claim against Defendant for abuse of process under Minnesota Law. Nothing in the R&R was clearly erroneous or contrary to the law. As such, Plaintiff requests that Defendant's objection be overruled and the R&R be adopted by this Court.

### C. Plaintiff's Objection to FLN's Order Should be Denied.

Additionally, to the extent that this Court interprets Plaintiff's objection as an appeal of Magistrate Judge Noel's order, granting in part Defendant's motion to strike, that objection should also be overruled.

Courts have "liberal discretion" to strike any redundant, immaterial, impertinent, and scandalous matters from the record. *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000); Fed. R. Civ. P. 12(f). Magistrate Judge Noel determined that the Amended Complaint's inclusion of Defendant's home address, place of employment, and educational history "bear[s] no logical connection to Plaintiff's claims, and must be stricken from the record pursuant to Rule 12(f)." R&R at 8. This determination

6

is neither clearly erroneous nor contrary to law, and Plaintiff's objection does not directly challenge it. Defendant requests that Plaintiff's objection to Magistrate Judge Noel's order on Defendant's motion to strike be overruled.

### D. Plaintiff Cannot Further Amend His Amended Complaint By Alleging Additional Factual Allegations In An Objection To An R&R.

The Federal Rules set out the procedure by which litigants can amend their pleadings. As it applies to the instant litigation, Plaintiff can amend his Amended Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has neither sought nor obtained Defendant's written consent or leave of this Court to amend his Amended Complaint.

Even if Plaintiff had requested leave to amend, the new "facts" in his objection to the R&R do not drag his meritless abuse-of-process claim into the realm of plausibility. The Amended Complaint still alleges that Defendant used the HRO proceeding to protect her privacy, which is what the statute specifically authorizes. Nor can any of Plaintiff's factual allegations, even if taken as true, disrupt the state court factual and legal findings that Plaintiff engaged in a course of conduct which was intended to, and did, have an adverse effect on Defendant's privacy as well as security and safety.

After sifting through Plaintiff's hyperbole, all Plaintiff asserts is that "Defendant Middlecamp abused the state court by making a knowingly false rape claim to fraudulently obtain an HRO" and that Defendant lied by alleging "a woman … accused and attempted to press charges against [Plaintiff] for rape." Objection at 11. Yet, Plaintiff's Amended Complaint does not allege any facts (other than threadbare assertions) that the rape

7

allegations were fabricated or that Defendant repeated any allegations she believed to be false. And Plaintiff's allegations that Defendant lied by alleging an unnamed woman accused Plaintiff of rape also are contradicted by his own Amended Complaint. A woman did accuse Plaintiff of rape. Amended Complaint at ¶ 20. Nothing in Plaintiff's "new facts" do anything to contradict the R&R's conclusion that Defendant employed the state court harassment procedures for the statutorily-authorized purpose of protecting her privacy, safety, and security from the Plaintiff's conduct.

Finally, Defendant's response to Plaintiff's "desire to resolve this matter" (Objection, Ex. 3) by offering to settle both the state and federal litigations between the parties is not indicative of any abuse of process. On the contrary, settlements are part-and-parcel of the legal process, are encouraged by courts, and are proposed and concluded for myriad reasons. Furthermore, under Federal Rule of Evidence 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability. *U.S. ex rel. Alsaker v. CentraCare Health Sys., Inc.*, No. CIV. 99-106(JRTRLE), 2002 WL 1285089, at *2 (D. Minn. June 5, 2002) "Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408." *Id.* (citing *Austin v. Cornell Univ.*, 891 F.Supp. 740, 750-51 (N.D.N.Y.1995) (granting defendant's motion to strike paragraph of complaint that alludes to settlement negotiations and falls within scope of 408), *rev'd on other grounds*, *Walsh v. City of Auburn*, 942 F.Supp. 788, 797 n. 5 (N.D.N .Y.1996); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y.1992) (granting defendant's motion to strike portions of complaint that refer to settlement discussions under Rule 408 as immaterial and potentially prejudicial); *Braman*

*v. Woodfield Gardens Assocs. Realcorp Investors I*, 715 F.Supp. 226, 230 (N.D.Ill.1989)

(same)). As such, even if Plaintiff attempts to amend his amended complaint to include

these settlement communications, they should be stricken under Fed. R. Civ. P. 12(f). Such

amendment, therefore, is futile and should not be allowed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court overrule

the Plaintiff's objection and adopt Magistrate Judge Noel's report and recommendation

and order.

Dated:     May 14, 2018                         **BALLARD SPAHR LLP**

                                                By   s/  Adam C. Ballinger
                                                     Adam C. Ballinger (#0389058)
                                                2000 IDS Center
                                                80 South Eighth Street
                                                Minneapolis, MN 55402
                                                Telephone:  (612) 371-3211
                                                ballingera@ballardspahr.com


                                                **KUTAK ROCK LLP**

                                                By   s/  K. Jon Breyer
                                                     K. Jon Breyer (03022599)
                                                60 South Sixth Street
                                                Suite 3400
                                                Minneapolis, MN 55402
                                                Telephone: (612) 334-5057
                                                jon.breyer@kutakrock.com

                                                ***Attorneys for Defendant Lindsey
                                                Middlecamp***

DMNORTH #6484118 v1