UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>　　　　　Defendant. | Case No. 0:17-cv-3058-SRN-HB<br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER** |

Brock Fredin, 1905 Iris Bay, Hudson, Wisconsin 54016, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, Minnesota 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 2400, Minneapolis, Minnesota 55402, for Defendant Lindsey Middlecamp.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation and Order ("R&R & Order" [Docs. No. 30, 31])[1] of Magistrate Judge Franklin L. Noel dated April 13, 2018, recommending that Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint [Doc. No. 11] be granted, her Motion to Dismiss Count III of the Amended Complaint [Doc. No. 11] be denied, and granting in part and denying in part Defendant's Motion to Strike portions of the Amended Complaint [Doc. No. 5]. Parties

---

[1] Magistrate Judge Noel's R&R & Order is filed twice in the Court's electronic filing system. It is filed as a Report and Recommendation at Doc. No. 30 and as an Order at Doc. No. 31. The two files are identical, but both numbers are provided for clarity. Also, due to the retirement of Magistrate Judge Noel, this case is now assigned to Magistrate Judge Hildy Bowbeer.

were given 14 days to object to the R&R & Order. (Id. at 9–10.) Plaintiff Brock Fredin ("Plaintiff") filed "Plaintiff's Objection to the Report and Recommendation and Order" (Pl.'s Obj. [Doc. No. 33]) on April 30, 2018, three days after the deadline for filing objections. Plaintiff's Objections were accompanied by a letter explaining the delay. (Pl.'s Letter [Doc. No. 34]). Defendant Lindsey Middlecamp ("Defendant") filed a timely response. (Def.'s Resp. [Doc. No. 37].) For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R & Order in its entirety.

## I. BACKGROUND

The factual and procedural background of this matter is detailed in the R&R & Order and is incorporated herein by reference. Plaintiff brings this action for defamation *per se*, abuse of process, and intentional infliction of emotional distress ("IIED").[2] (Am. Compl. ¶¶ 30–43.) He claims that between January and April of 2017, Defendant posted false and disparaging remarks about him on her twitter account @CardsAgsHrsmt. (Id. ¶¶ 1, 23.) This included sharing a post on February 22, 2017 from an unnamed woman who claimed that Plaintiff had raped her in 2010. (Id. ¶ 20). That post was accompanied by the message "[t]he power of sharing. Within hours of stalking post going up, a rape survivor comes forward. He remains free. (Shared w/ her permission)." (Id.) Plaintiff alleges that either "Defendant solicited this unnamed woman to make these false allegations against him or, much more likely, Defendant fabricated the existence of this unnamed woman altogether . . . ." (Id.) Defendant also allegedly posted that Plaintiff was dangerous and a stalker, and posted Plaintiff's online dating profiles with similar warnings. (Id. ¶ 23.)

---

[2] Counts I, II, and III, respectively

Plaintiff claims that he has suffered "immense harm" as a result of Defendant's actions, including permanent stigma, public ridicule, loss of employment and financial opportunities, and severe and ongoing mental anguish. (Id. ¶ 22.)

Because of these alleged statements, Plaintiff alleges that he sought out and discovered the identity of Defendant, who operates the @CardsAgstHrsmt Twitter account anonymously, by contacting a journalist who had interviewed Defendant about the account. (Id. ¶ 24.) On April 4, 2017, on his personal Facebook account, Plaintiff identified Defendant as the owner and operator of the @CardsAgstHrsmt account. (Id.)

On April 14, 2017, Defendant sought and obtained an *ex parte* Harassment Restraining Order ("HRO") against Plaintiff in Ramsey County District Court under Minn. Stat. § 609.748. (Id.; see Order Granting HRO [Doc. No. 13, Ex. 1].) After two evidentiary hearings, the Ramsey County Court granted a two-year restraining order on October 2, 2017. (See Def.'s Mem. Supp. Mot. Dismiss [Doc. No. 14] at 3, Order Granting HRO at 4–5.) The court found reasonable grounds to believe that Plaintiff "followed, pursued, or stalked" Defendant and had "frightened [Defendant] with threatening behavior." (Order Granting HRO at 2, ¶ 5.) It based this conclusion on findings that Plaintiff had registered the domain name lindseymiddlecamp.com and the twitter account @mncourtshq, where he identified Defendant and her employer, accused Defendant of criminal and professional misconduct, and solicited complaints from others. (Id. at 3.) It also found that Plaintiff contacted an attorney adverse to Defendant in active litigation after the *ex parte* HRO had been issued. (Id. at 4, ¶ 5(g).)

3

Plaintiff alleges that Defendant's conduct was defamatory *per se* (Am. Compl. ¶¶ 19–22), that Defendant initiated the HRO proceedings to maintain her anonymity in operating the @CardsAgstHrsmt account and to silence Plaintiff, depriving him of his First Amendment right to criticize a public official, (id. ¶¶ 25–29), and that Defendant intentionally inflicted emotional distress upon him. (Id. ¶¶ 41–43.)

In support of her Motion to Dismiss, Defendant argues that Count II (abuse of process) and Count III (IIED) of Plaintiff's Amended Complaint fail because they do not state a claim upon which relief may be granted. (Def.'s Mem. Supp. Mot. Dismiss [Doc. No. 14] at 1.) She contends that the abuse of process claim fails because the protection of privacy is a stated purpose of Minn. Stat. § 609.748, and thus initiating an action for an HRO cannot be abuse of process as a matter of law. (Id. at 7.) Defendant also posits that Plaintiff's IIED claim fails because Defendant's alleged conduct was not sufficiently outrageous to meet the IIED standard and because Plaintiff failed to plead the exact nature of mental harm that he suffered. (Id. at 9–10.) She additionally moves to strike several portions of the Amended Complaint as harassing and inflammatory. (Id. at 12–13.)

In his opposition, Plaintiff argues that he has adequately pleaded his abuse of process claim. (Pl.'s Opp'n Mem. [Doc. No. 21] at 11–12.) He also posits that false rape accusations meet the standard for outrageous conduct to support an IIED claim, and that he has pled "severe and extreme emotional distress" which satisfies the severity of mental distress requirement. (Id. at 13–14). Finally, he argues that the portions of the Amended

Complaint that Defendant has moved to strike are both necessary to the complaint and not overly inflammatory. (Id. at 16–17.)

In the R&R & Order, Magistrate Judge Noel recommends that Defendant's Motion to Dismiss Count II (abuse of process) be granted because Defendant's purpose in obtaining the HRO, privacy, is within the scope of the proceeding. (R&R & Order at 4–5.) He also recommends that Defendant's Motion to Dismiss Count III (IIED) be denied because the allegations in the complaint taken as true, as they must be at the 12(b)(6) stage, sufficiently allege the requisite behavior and mental anguish. (Id. at 5–6.) Lastly, Magistrate Judge Noel granted in part Defendant's Motion to Strike, striking from the Amended Complaint Defendant's personal information to the degree he found it irrelevant to the present action. (Id. at 8.) However, he declined to strike any language as overly inflammatory. (Id.)

Plaintiff specifically contends that the magistrate judge erred in recommending dismissal of his abuse of process claim. (See Pl.'s Obj. at 15.) In support of this contention, Plaintiff attempts to introduce evidence of "extortion" as an alternative collateral purpose of the HRO proceedings based on the existence of a settlement offer. (Id. at 12–13.) He also attempts to introduce new facts alleging a conspiracy, in violation of 42 U.S.C. § 1983, between Defendant and Referee Elisabeth Clysdale, the presiding judicial officer in the HRO proceedings. (Id. at 13–14.)

Neither side specifically challenges Magistrate Judge Noel's Order partially granting Defendant's Motion to Strike, and Defendant does not object to the denial of her Motion to Dismiss Count III (IIED). (See Id.; Def.'s Resp.)

5

## II. DISCUSSION

### A. Standard of Review

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); D. Minn. L.R. 72.2(b). Defendant's motions for dismissal under 12(b)(6) are dispositive and must be reviewed under this standard. D. Minn. L.R. 7(c)(6)(B). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Success need not be probable to survive a motion to dismiss, but there must be more than the "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. However, "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may properly be set aside." Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678).

When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). "[A] pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" Gertsner v. Sebig, LLC, 386 F. App'x 573, 575 (8th Cir.

2010) (quoting Whitson v. Stone County Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010)). "However, this standard does not excuse pro se complaints from "alleg[ing] sufficient facts to support the claims advanced." Gertsner, 386 F. App'x at 575 (quoting Stone County, 602 F.3d at 922 n.1).

Generally, courts may not consider matters outside the pleadings on a 12(b)(6) motion. See FED. R. CIV. P. 12(d). The court may, however, take judicial notice of matters in the public record. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (citing Nixon v. Cour D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). To do so does not automatically convert the motion into one for summary judgment. Id.

**B. Timeliness of Appeal**

Plaintiff filed his Objections three days after the close of Magistrate Judge Noel's April 27 deadline. Normally, failure to object to a report and recommendation waives the right to *de novo* review of those issues. Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); see also Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). Defendant argues that this should preclude this Court from considering Plaintiff's Objections. However, the Eighth Circuit has observed that "in circumstances where a petitioner's poverty forces him to proceed *pro se*, a court ought not to reject on technical grounds a right asserted within the hand-drawn (*pro se*) complaint." Drone v. Hutto, 565 F.2d 543, 544 (8th Cir.1977). This Court has previously considered objections by a pro se plaintiff that were filed after the objection period closed. See Gustafson v. Reiser, No. 14-cv-3351 (JRT/JJK), 2016 WL 6915299, at *5 (D.

Minn. Nov. 23, 2016); cf. Kruger v. Apfel, 214 F.3d 784, 786–87 (7th Cir. 2000) (holding that objection period is not jurisdictional, and district court may consider late objections).

Plaintiff offers as an excuse that he "lacked the energy to timely file" his Objections. (Pl.'s Letter.) His delay is the result of a family vacation and the supposed unavailability of the Court's electronic filing system. Plaintiff argues that permitting his Objections will cause little prejudice to Defendant. (Id.) Indeed, Defendant admits that any prejudice suffered from Plaintiff's delay in objecting is "low." (Def.'s Resp. at 3.) Ultimately, however, this procedural issue is rendered moot, because the Objections fail even if they are permitted. But the Court advises Plaintiff that his justifications for the delay have little merit, and he should be much more cognizant of the Court's deadlines in the future.

### C. Plaintiff's Attempt to Amend his Amended Complaint in his Objection

As noted, Plaintiff apparently seeks to introduce new allegations of extortion and conspiracy through his Objections (See Pl.'s Obj. at 12–14.) A party cannot seek to amend a pleading in an objection, however, but must bring a motion to amend. Federal Rule of Civil Procedure 15(a)(1) states:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Once this time period is passed, pleadings may only be amended "with the opposing party's written consent or the court's leave. The court should freely give leave when

Minn. Nov. 23, 2016); cf. Kruger v. Apfel, 214 F.3d 784, 786–87 (7th Cir. 2000) (holding that objection period is not jurisdictional, and district court may consider late objections).

Plaintiff offers as an excuse that he "lacked the energy to timely file" his Objections. (Pl.'s Letter.) His delay is the result of a family vacation and the supposed unavailability of the Court's electronic filing system. Plaintiff argues that permitting his Objections will cause little prejudice to Defendant. (Id.) Indeed, Defendant admits that any prejudice suffered from Plaintiff's delay in objecting is "low." (Def.'s Resp. at 3.) Ultimately, however, this procedural issue is rendered moot, because the Objections fail even if they are permitted. But the Court advises Plaintiff that his justifications for the delay have little merit, and he should be much more cognizant of the Court's deadlines in the future.

### C. Plaintiff's Attempt to Amend his Amended Complaint in his Objection

As noted, Plaintiff apparently seeks to introduce new allegations of extortion and conspiracy through his Objections (See Pl.'s Obj. at 12–14.) A party cannot seek to amend a pleading in an objection, however, but must bring a motion to amend. Federal Rule of Civil Procedure 15(a)(1) states:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Once this time period is passed, pleadings may only be amended "with the opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." FED. R. CIV. P. 15(a)(2). In interpreting the "freely give leave" requirement, the United States Supreme Court has said:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178 (1962).

In the present case, Plaintiff has already amended his Complaint once. (See Am. Compl.) At this point, Plaintiff's only means to amend is by either consent of opposing counsel or the Court's leave. Plaintiff has neither contacted opposing counsel nor received their approval for any proposed amendments. (Def.'s Resp. at 7.) Plaintiff also has not properly petitioned this Court for leave to amend his Amended Complaint. (See Pl.'s Letter, claiming the new information in the Objections was newly-discovered).

Construing Plaintiff's filings liberally in light of his *pro se* status, he arguably petitions the Court for leave to amend in the letter that accompanied his Objections. Even if this were construed as a motion to amend, it would not be granted. Setting aside the improper procedural mechanism utilized by Plaintiff to seek amendment of his Complaint, "[a] district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Moses.com Securities, Inc. v. Comprehensive

Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003)).

Here, permitting Plaintiff to amend his Amended Complaint in this matter would be futile. Plaintiff still cannot state a claim upon which relief may be granted for the reasons discussed below.

### D. Defendant's Motion to Dismiss Plaintiff's Abuse of Process Claim

Plaintiff claims that Defendant committed an abuse of process during the state court HRO proceedings. Under Minnesota law, an abuse of process claim has two elements: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued, whether such result might otherwise be lawfully obtained or not." Hoppe v. Klapperich, 28 N.W.2d 780, 786 (Minn. 1947). "The gist of the action is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish." Id. Plaintiff claims that Defendant initiated the HRO proceedings "for the unlawful purpose of attempting to silence and deprive Plaintiff of constitutional free speech criticism of a public official." (Am. Compl. ¶ 29.) His claim fails for two reasons, however. First, he does not allege that Defendant used the judicial process to achieve a result outside the scope of the proceeding in which it was issued. Second, Plaintiff's Amended Complaint does not raise sufficient facts to support his claim. Plaintiff also attempts to amend his Amended Complaint to assert that Defendant had the collateral purpose of extorting him. (Pl.'s Obj at 13–14.) Even if this amendment

were allowed, Plaintiff fails to allege any facts to support this conclusory allegation beyond an inadmissible, alleged settlement agreement. (Id. at 12–13, Ex. 3.)

The HRO statute, Minn. Stat. § 609.748, labels a variety of conduct as harassment. Section 609.748, subd. 1(a)(1) defines harassment as "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or *privacy* of another, regardless of the relationship between the actor and the intended target." (emphasis added). The protection of privacy is an explicit purpose of Minn. Stat. § 609.748.

The Court must take all allegations in the Amended Complaint as true at the 12(b)(6) stage, but is not required to accept conclusory allegations. See Iqbal, 556 U.S. at 678. Though Plaintiff alleges that Defendant acted with the intent to suppress his First Amendment rights (Am. Compl. ¶ 29), this statement alone is nothing more than a conclusory allegation that cannot support a claim. Plaintiff tries to support this allegation, stating "[b]y her own admissions, Defendant commenced the HRO proceeding with the collateral purpose of retaliating against Plaintiff for publicly linking her to the @CardsAgstHrsmt Twitter account." (Id.) Plaintiff fails to specify what these admissions were, and in his next sentence instead affirms that Defendant's purpose was to "preserve her anonymity as the owner and operator of the @CardsAgstHrsmt Twitter account . . . ." (Id.) He also alleges that Defendant "made baseless allegations that Plaintiff had 'harassed' or 'stalked' her." (Id. ¶ 25.) This is not only a conclusory allegation, but one with which the state court expressly disagreed. (Order Granting HRO at 2–3.) Based on the record from the state court proceedings and the allegations in the Amended

11

Complaint, Plaintiff merely alleges that Defendant instituted the state court HRO proceedings to protect her privacy and anonymity. Such goals are clearly within the scope of Minn. Stat. § 609.748, and thus cannot constitute an abuse of process.

Plaintiff also attempts to argue that Defendant's actions in instituting the HRO proceeding were for the collateral purpose of "extortion," citing a settlement proposal from Defendant in the HRO proceedings. (See Pl.'s Obj., Ex. 3.) Defendant, however, argues that any reference to a settlement agreement is barred by FED. R. EVID. 408(a)(1). (Def.'s Resp. at 8–9.) Rule 408(a)(1) prohibits the admission of evidence of "furnishing, promising, or *offering*--or accepting, promising to accept, or offering to accept--*a valuable consideration* in compromising or *attempting to compromise the claim*" to "*prove* or disprove *the validity* or amount *of a disputed claim* or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408(a) (emphasis added). The Court agrees with Defendant. "Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408. U.S. ex rel. Alsaker v. CentraCare Health Sys., Inc., No. 99-cv-106 (JRT/RLE), 2002 WL 1285089, at *2 (D. Minn. June 5, 2002) (citing Austin v. Cornell Univ., 891 F.Supp. 740, 750-51 (N.D.N.Y. 1995) *abrogated on other grounds,* Walsh v. City of Auburn, 942 F.Supp. 788, 797 n. 5 (N.D.N .Y.1996)). Thus, even if Plaintiff were permitted to amend his Amended Complaint to present this alternative justification for his abuse of process claim, the claim would still fail for failure to plead a claim upon which relief can be granted.

**E. Review of the HRO Proceedings and the *Rooker-Feldman* Doctrine**

Though Plaintiff labels his arguments in Sections II and III as objections to the R&R & Order, he is actually attempting to re-litigate the state court HRO proceedings. (See Pl.'s Obj. at 4–11.) He argues both that Defendant's conduct is not anonymous and thus not protected under Minn. Stat. § 609.748, (id. at 4–7), and that his own conduct is anonymous and entitled to protection. (Id. at 7–9.) Defendant contends that these arguments are improper under the *Rooker-Feldman* doctrine. (Def.'s Resp at 4–5.)

"The 'basic theory' of the *Rooker–Feldman* doctrine is 'that only the United States Supreme Court has been given jurisdiction to review a state-court decision,' so federal district courts generally lack subject-matter jurisdiction over "attempted appeals from a state-court judgment." Friends of Lake View Sch. Dist. Inc. No. 25 v. Beebe, 578 F.3d 753, 758 (8th Cir. 2009) (quoting 18B CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469.1, at 97, 101 (2d ed. 2002)). In his Objections, Plaintiff appears to raise a 42 U.S.C. § 1983 claim based on alleged "collusion" between Defendant and Referee Clysdale. (Pl.'s Obj. at 13.) The Eighth Circuit "has specifically cautioned against state-court losers seeking victory over their adversaries in subsequent § 1983 actions in federal court." Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2010). "Once a party has litigated in state court . . . he 'cannot circumvent *Rooker–Feldman* by recasting his or her lawsuit as a [section] 1983 action.'" Id. (quoting Dodson, 601 F.3d at 754–55). The Eighth Circuit has also declined to adopt a fraud exception to the *Rooker-Feldman* doctrine. Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1035 (8th Cir.1999); see also Resler v. Messerli & Kramer, P.A., No. Civ. 02–

2510 PAM/RLE 2003 WL 193498, at *3 (D. Minn. Jan. 23, 2003) (holding a claim for fraud at the state court that would require reconsidering the verdict is barred by the *Rooker-Feldman* doctrine).

This Court agrees that it lacks subject matter jurisdiction to, in effect, review the decision of a state court. See Dodson v. Univ. of Ark. For Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010). Therefore, even if the Court were to permit Plaintiff to amend his complaint through his Objections, this Court would lack subject matter jurisdiction to review his claims. If Plaintiff wishes review of the HRO proceedings, he should invoke his appellate rights in Minnesota courts.

In conclusion, after a de novo review of the record, the Court finds that Magistrate Judge Noel properly analyzed Defendant's Motions to Dismiss for failure to state a claim. The Court therefore adopts his recommendations, granting Defendant's Motion to Dismiss Count II (abuse of process) and denying Defendant's Motion to Dismiss Count III (IIED).

**III. ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to Magistrate's Judge Noel's Report and Recommendation and Order [Doc. No. 33] are **OVERRULED**.

2. Magistrate Judge Noel's Report and Recommendation and Order of April 13, 2018 [Doc. No. 30] is **ADOPTED IN ITS ENTIRETY**.

3. Defendant's Motion to Dismiss Counts II and III of the Amended Complaint [Doc. No. 11] is **GRANTED IN PART AND DENIED IN PART**.

Dated:  September 26, 2018                                s/Susan Richard Nelson

                                                                       SUSAN RICHARD NELSON
                                                                       United States District Judge