UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,

             Court File No. 17-cv-03058 (SRN/HB)

    Plaintiff,

v.            **DEFENDANT'S RULE 26(f) REPORT**

Lindsey Middlecamp,

    Defendant.

The pretrial conference in this matter is scheduled for **April 24, 2019 at 9:00 a.m.**, before United States Magistrate Judge Hildy Bowbeer, *by telephone*. The Court will initiate the conference call. Defendant is represented *pro bono* by K. Jon Breyer of the law firm Kutak Rock LLP and Adam Ballinger of the law firm of Ballard Spahr LLP. At the date and time of the telephone conference, counsel for Defendant can be reached at a single number: (612) 371-6203.

## DESCRIPTION OF CASE

1. Concise Factual Summary of Plaintiff's Claims (to be completed only by Plaintiff).

2. Concise Factual Summary of Defendant's claims/defenses (to be completed only by Defendants).

Defendant Middlecamp obtained a Harassment Restraining Order ("HRO") on October 2, 2017 (after two evidentiary hearings were held in July and September 2017). The HRO includes the following factual findings: Fredin directed communications to Middlecamp's law school and legal professional associations sharing identifying information about Middlecamp and accusing her of criminal conduct, and eventually directed communications to her employer of a similar nature. Fredin also registered the domain name "lindseymiddlecamp.com" and published content on that web site identifying Middlecamp and her employer, accusing her of criminal conduct, and

4835-6272-9108.1

soliciting others to make complaints against her. Fredin repeatedly sent emails and other electronic communications to third parties sharing information about Middlecamp, her employer, and her anonymous Twitter account, and accusing her of criminal conduct.

On March 15, 2019, Fredin was convicted of violating the HRO and will be sentenced on April 30, 2019. Fredin is currently incarcerated for violations of an HRO issued to Grace Miller, a defendant in the related case (18-cv-00466). This case, like the several other Federal lawsuits Fredin has filed, are retaliatory and are intended to victimize the women who have obtained HROs against him.

Fredin's claims lack merit and are unsupportable with any evidence. Middlecamp desires that this Court rule on the merits of the claims as soon as possible.

3. Statement of Jurisdiction (including statutory citations):

   Although Defendant denies that the amount in controversy exceeds $75,000, and questions whether Plaintiff is a citizen of Wisconsin, Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4. Statement of whether jury trial has been timely demanded by any party:

   Plaintiff has demanded a jury trial.

5. Statement of whether all process has been served:

   Defendant was served with the Amended Complaint. Defendant's motion to dismiss was granted in part and denied in part and Defendant has now filed an Answer to what remains of the Amended Complaint.

6. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured (to be completed only by Defendants):

   Defendant is unaware of any applicable insurance.

7. Whether the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.

   Defendant requests that the case proceed under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.

**FACT DISCOVERY**

Should the case not proceed under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, Defendant recommends that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 15, 2019**. The parties will produce copies of the documents described in their initial disclosures on or before **May 31, 2019**.

2. Fact discovery procedures must be commenced in time to be completed on or before **July 31, 2019**.

3. If the parties believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others, describe that proposal here: **Defendant does not propose doing discovery in phases.**

4. The parties propose that the Court limit the use and number of discovery procedures by each side as follows:

    a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by **each side**.

    b) No more than **25** document requests shall be served by **each side**. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

    c) No more than **25** requests for admissions shall be served by **each side**.

5. Where appropriate, the parties are encouraged to make other proposals concerning limitations on written discovery, coordination of written discovery across the related cases, and/or other ways to make written discovery more cost-effective and less duplicative or burdensome.

    Defendant proposes that written discovery be conducted jointly with *Fredin v. Miller et al.* (18-cv-00466).

6. Defendant **may** conduct a Rule 35 Medical Examination of Plaintiff. (If a Rule 35 Medical Examination is permitted, it must be completed in time for

the report to be served on or before the deadline for Defendants' expert disclosures, set forth below.)

7. No more than **8** fact depositions, including non-party depositions, shall be taken by each party/side.

8. Where appropriate, the parties are encouraged to make other proposals concerning the number and/or length of depositions, coordination of depositions across the related cases, and/or other ways to make deposition discovery more cost-effective and less duplicative or burdensome.

   Defendants propose that depositions be conducted jointly with *Fredin v. Miller et al.* (18-cv-00466).

9. Claims of Privilege or Work Product Protection.

   a) The parties have considered issues about asserting claims of privilege and/or protection as attorney work-product or trial preparation materials after production, and **do** request that the Court include the following provision in the scheduling order:

   The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

   b) The parties have considered issues concerning privilege logs or other disclosures regarding documents withheld on grounds of privilege or work product protection and **do** request the Court to include either or both of the following provisions in the Pretrial Scheduling Order:

   Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

   Privilege logs must be provided by the producing party within **14 days** of the production from which documents were withheld.

**EXPERT DISCOVERY**

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling _____ (number) of experts in the fields of:

   _____ .
   (To be completed only by Plaintiff).

2. Defendant anticipates calling **1** (number) expert in the fields of:

   **Medicine – in defense of Plaintiff's IIED claim**.

3. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Plaintiff on or before **July 1, 2019**.
   Disclosures by Plaintiff on or before **August 1, 2019**.

   b) Identities by Defendant on or before **August 15, 2019**.
   Disclosures by Defendant on or before **August 30, 2019**.

   c) Plaintiff rebuttal identities and disclosures on or before **September 13, 2019.**

   d) Defendant's rebuttal identities and disclosures on or before **October 1, 2019.**

4. Expert discovery, including depositions, must be completed by **October 31, 2019**.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 2 below, any motion that seeks to amend the pleadings or to add parties must be filed and served on or before_____.

       Plaintiff has already amended the Complaint and shall not be permitted to amend the Complaint again to assert new claims or add additional parties.

2.    (If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before **December 2, 2019**.

3.    Except as provided in paragraph 4 below, all other non-dispositive motions must be filed and served on or before **August 16, 2019**.

4.    All non-dispositive motions that relate to expert discovery must be filed and served on or before **December 2, 2019**.

5.    The parties **do** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## PROTECTIVE ORDER

The parties **do** intend to submit a proposed protective order governing the confidentiality of information exchanged in discovery and filed with the Court.

## DISPOSITIVE MOTION DEADLINES

1.    The parties **do not** believe that expert discovery must be completed before dispositive motions are filed.

2.    The parties **do** believe that early dispositive motions (i.e, before the completion of all discovery) on one or more issues could be of material assistance in resolving the case. If so, describe:

    Plaintiff's claims in whole or in part fail as a matter of law and, to the extent fact discovery is required to defeat the claims, those facts are unlikely to be in dispute.

3.    The parties recommend that all dispositive motions (including *Daubert* motions) be filed and served on or before **December 2, 2019**.

**SETTLEMENT**

The parties must consider whether early settlement discussions, an early settlement conference with the Court, or another form of early alternative dispute resolution, would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before then.

The results of that consideration, including any proposals or recommendations, are as follows:  Defendants request an early settlement conference with the Court on or before **June 31, 2019**.

**TRIAL**

1. Trial by Magistrate Judge: At this time, Defendant does not consent to try this case before the Magistrate Judge, but will consider doing so if an expedited trial date cannot be obtained from the District Judge.

2. This case will be ready for trial on **January 13, 2020**. The anticipated length of the **jury** trial is **4** days.

Dated:    April 17, 2019            **BALLARD SPAHR LLP**

By:    *s/ Adam C. Ballinger*
Adam C. Ballinger (#0389058)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:  (612) 371-3211
ballingera@ballardspahr.com


**KUTAK ROCK LLP**

By:    *s/ K. Jon Breyer*
K. Jon Breyer (#3022599)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com

*Attorneys for Defendants Grace Elizabeth Miller, and Catherine Marie Schaefer*

4835-6272-9108.1