# Brock Fredin

Baldwin, WI 54002 ● Phone: (612) 424-5512 ●
E-Mail: brockfredinlegal@icloud.com

Date:  September 6, 2019

**BY ECF**

Hon. Magistrate Judge Hildy Bowbeer
United States District Court
316 Robert St N
Saint Paul, MN 55101

Re:     _Fredin v. Middlecamp_, Case No. 17-cv-3058-SRN-FLN

Dear Judge Bowbeer:

I write to respectfully move the Court to withdrawal Interrogatories served dated September 5, 2019 on counsel for defendants.

I am serving the attached Interrogatories to comply with Rule 33(a)(1).  (_See_ Ex. A.)

I thank the Court's for its attention to this matter and its continued courtesies.

Respectfully submitted,

s/ Brock Fredin

Brock Fredin

cc:    K. Jon Breyer (by ECF)
       Adam C. Ballinger (by ECF)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>               Plaintiff,<br><br>  --against--<br><br>LINDSEY MIDDLECAMP,<br><br>               Defendants. | Case No.  17-CV-3058 |

## PLAINTIFF BROCK FREDIN'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested and required to furnish answers to the following Interrogatories to Plaintiff Brock Fredin within thirty (30) days from the date of service.  These Interrogatories are continuing and require supplemental answers if additional responsive information is obtained, discovered or created.

## DEFINITIONS

a.	"You" or "Your" means Defendant Lindsey Middlecamp in the action *Brock Fredin v. Lindsey Middlecamp*, Court File No.: 17-cv-3058, pending in the United States District Court for the District of Minnesota, and any other person acting or purporting to act under the authority or on behalf of Defendant Lindsey Middlecamp, including her agents, attorneys and representatives.

b.	"Brock Fredin" or "Plaintiff" means Plaintiff Brock Fredin in the action *Brock Fredin v. Lindsey Middlecamp*, Court File No.: 17-cv-3058, pending in the United States District Court for the District of Minnesota.

c.      "Document" includes, without limitations, all original written, typed or recorded material or thing of any nature whatsoever, including but not limited to electronic, electromagnetic, or digital recordings, files, or computerized data files and compilations, such as emails, facsimiles correspondence, notes, memoranda, digital photographs, word documents, digital media, text messages, photographs, metadata and reports, in Your possession, custody or control, in the possession, custody or control of Your Chambers, or Your present or former attorneys, agents, representatives or other persons acting or purporting to act on Your behalf's possession, custody or control.  "Document" also included any document affixed to or attached to any document otherwise responsive to this demand, all drafts, and all non-identical copies regardless of origin or location.

d.      The term "communication" means, without limitation, any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation, contact or discussion, whether face-to-face or by means of telephone, letter, correspondence, memorandum, facsimile, e-mail, instant message, social media, text message or any other electronic or media, form, where by chance or design.

e.      The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last address, and when referring to a natural person, additionally the present or last know place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

f.      The term "identify" with respect to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter of the document; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s) of the document.

g.      The term "identify" with respect to communications means to give, to the extent known, the (i) names, addresses and last known places of employment of the participants of the communication; (ii) the subject matter and precise content of the communications; (iii) the location(s) of the communication; (iv) the mode or means of the communication (*e.g.*, written, by telephone, email, meeting, etc.); and (v) the date of the communication.

h.      "Including" means "including without limitation."

i.      A document or communication "concerning" or "relating to" a given subject matter means that it concerns, constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes or analyzed that subject, including documents, communications or correspondence concerning the contents of other documents, communications or correspondence.

j.      The connective "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these response all responses that might otherwise be construed to be outside of its scope and to give this Demand the broadest reading.

k.      The singular form of a word shall be construed to include within its meaning the plural form of the word and vice versa and the use of any tense of any verb shall be considered to also include all other tenses in a manner that gives this Demand the broadest reading.

<u>INTERROGATORIES</u>

1.      Identify each and every person with whom You have had a communication with concerning or relating to Plaintiff Brock Fredin and describe those communications, including the date and location of where such communication took place, the subject matter of each communication and the name of each person present at the time of such communication.

2.      Identify all persons who may have knowledge of the facts and/or allegations contained in the complaint filed in the above-captioned action and state Your understanding of their knowledge.

3.      Identify all persons who You intend to call as witnesses at a hearing or trial in this action and give a summary of their anticipated testimony.

4.      Identify each exhibit You intend or reasonably expect to introduce into evidence at any hearing, trial and depositions or by affidavit in this action.

5.      Identify the substance and factual basis for each and every allegation contained in Plaintiff's complaint filed in this action.

6.      Identify all communications You had, including identifying the individuals with whom You had the communications, the dates, times, and locations that formed that basis of Your February 22, 2017 Twitter post on the @CardsAgstHrsmt Twitter account in which You stated: "The power of sharing.  Within hours of the stalking post going up, a rape survivor forward.  He remains free.  (Shared w/ her permission)"

7.      Identify all deleted posts that formed that basis of Your January 1 -April 1, 2017 Twitter posts on the @CardsAgstHrsmt Twitter

8.      Identify all posts that formed the basis of Your January 1 – April 1 2017 Twitter content on the @CardsAgstHrsmt Twitter concerning Plaintiff Fredin.

9.      Identify the source of all photographs You have obtained depicting Plaintiff Brock Fredin and posted in tweets on the @CardsAgstHrsmt Twitter account from January 1, 2017 to present.

10.     Identify each and every location and computer (or other electronic device) You have used to post tweets on the @CardsAgstHrsmt Twitter concerning or relating to Plaintiff Brock Fredin.

11.     Identify each and every location and WIFI network (or other network) You have used to post tweets on the @CardsAgstHrsmt Twitter concerning or relating to Plaintiff Brock Fredin.

12.     Identify and describe each and every communication You have had with each of the following individuals or entities concerning or relating to Plaintiff Brock Fredin:

        a.      Grace Miller

        b.      Emma Miller

        c.      Catherine Schaefer

        d.      Natalie Rierson

        e.      Karmen McQuitty

        f.      Mike Mullen (City Pages)

        g.      Joshua Post Lee

        h.      Tiffany Dynamite Roberts

        i.      Tony Webster

        j.      City Pages

        k.      Hannah Sayle

        l.      Jenavieve Hatch

        m.      Mark Shrayber

        n.      Suana Society

        o.      Britta Dee

p.    Minneapolis City Attorney Susan Segal

q.    Minneapolis Police Department

r.    Saint Paul Police Department (civil)

s.    Minneapolis City Attorney's Office

t.    Saint Paul City Attorney's Office Staff (civil)

u.    David McCabe

v.    Paula Kruchowski

w.    Michael Olafson

x.    Mark (Doe) (Lindquist and Vennum Lawyer mediating)

y.    Peter Mayer

z.    Dorsey and Whitney

aa.   Mary Ellen Heng/Stephen Heng (married)

bb.   Lucinda Jesson

cc.   Kevin G. Ross

dd.   Heidi S. Schellas

ee.   Elizabeth Clysdale

Dated: August 31, 2019
       Richfield, MN                           s/ Brock Fredin
                                      _____
                                      Brock Fredin
                                      Baldwin, WI 54002
                                      (612) 424-5512 (tel.)
                                      brockfredinelgal@icloud.com
                                      *Plaintiff, Pro Se*

TO:    K. Jon Breyer
Kutak Rock
60 South 6th Street
Suite 3400
Minneapolis, MN 55402
*Counsel for Defendant*
*Lindsey Middlecamp*

Adam Ballinger
Ballard Spahr
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
*Counsel for Defendant*
*Lindsey Middlecamp*