UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,

                    Plaintiff,              Court File No. 17-cv-03058 (SRN/HB)

v.

Lindsey Middlecamp,

                    Defendant.


Brock Fredin,

                    Plaintiff,              Court File No. 18-cv-00466 (SRN/HB)

v.

Grace Elizabeth Miller, et al.,

                    Defendant.


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY

### PRELIMINARY STATEMENT

Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp (collectively, the "Defendants") submit this joint memorandum of law and supporting affidavit of K. Jon Breyer in opposition to Plaintiff's Motion to Extend Discovery.

Plaintiff Brock Fredin ("Fredin") should not be allowed to seek an extension of discovery, as he has failed to conduct *any* discovery during the nearly five months of discovery authorized by this Court. Having squandered all of the discovery period

4840-5416-0041.1

appealing this Court's Orders, asserting baseless accusations of misconduct against state court judges and demanding that they resign from the bench, Fredin cannot now claim his dilatory behavior is excusable. K. Jon Breyer Affidavit ("Breyer Aff.") Ex. A; *see* 8th Circuit Court of Appeals Case No.: 19-1726. Indeed, Fredin has failed to articulate *any* good cause to extend the discovery period – a requirement of Rule 16. Fredin should not be allowed to continue his harassment of these victims by needlessly extending this lawsuit. His motion should be denied.

## PROCEDURAL HISTORY

At the onset, it should be noted that Fredin failed to adhere to this Court's Scheduling Order [Doc. 69 (17-3058), Doc. 64 (18-466)], which required Fredin to pursue resolution of this discovery issue through Informal Dispute Resolution (IDR) with the Court. That process details how nondispositive issues such as this one should be addressed. Fredin failed to follow the Court's Order and has prematurely filed this "motion."

Fredin has also failed to properly submit his motion pursuant to Local Rule 7.1. Nevertheless, the Court's Text-Only Order of October 1, 2019, requested a response from Defendants "per Local Rule 7.1(b)." Pursuant to the Rule, Fredin was to first contact the Court to schedule a hearing. Defendants are unaware of Fredin requesting a hearing or this Court scheduling a hearing on his motion. The Rule further provides that the briefing schedule is determined by the hearing date, not the filing of the motion. Yet, the Court Ordered Defendants to respond to the motion on or before October 7, 2019, when no hearing had been scheduled. Even assuming that the briefing schedule was set by the filing of the motion, and not the hearing date as provided by the Rule, Defendants would have

2

had at least seven days to file a response. The Court set a response date that was less than seven days.

Additionally, the Rule provides that the moving party shall file and serve a motion, notice of hearing, memorandum of law, supporting affidavits and exhibits, a meet-and-confer statement and proposed order. Defendants are only in receipt of a Motion to Extend Fact Discovery and a misleading meet-and-confer statement. Defendants have not received the other submissions required by the Rule - most notably an Affidavit and supporting exhibits, or any memorandum of law. Fredin has failed to meet any of the requirements of Rule 7.1. Despite this, Fredin seems all too willing to continue engaging in his free-form and dilatory approach to this lawsuit without peril from this Court. Defendants, on the other hand, have complied with the Court's orders only to be continually frustrated by Fredin's noncompliance[1].

Pursuant to the Court's Scheduling Order, all written discovery was to be served on or before August 30, 2019, and all other fact discovery, including depositions, were to be completed by September 30, 2019 [Doc 69, p. 10].  On August 29, 2019, Defendants served Interrogatories and Request for Production of Documents, as well a Notice of Deposition on Fredin, scheduling his deposition for September 30, 2019. Breyer Aff. Ex. B.

Nearly a week after the deadline to serve written discovery had passed, Fredin attempted to serve 118 Interrogatories and 139 Document Requests on Ms. Schafer and Ms. Miller and 61 Interrogatories and 122 Document Requests on Ms. Middlecamp in

---

[1] Fredin will undoubtedly attempt to submit an unauthorized Reply, which is prohibited by Local Rule 7.1(b)(3).

3

violation of this Court's Scheduling Order. *Id.*, Ex. C. This Court's Order limited the number of interrogatories and document requests to 25 per party. On September 6, 2019, Fredin attempted to serve "corrected" interrogatories, reducing the numerated interrogatories to less than 14, but whose subparts totaled more than 44 separate interrogatories to Ms. Schaefer and Ms. Miller and more than 35 to Ms. Middlecamp. *Id.*, Ex. D.

On September 12, 2019, Fredin notified Defendants' counsel that travel to his scheduled deposition on September 30 was "burdensome" and that he preferred to be deposed on September 23, 2019. *Id.*, Ex. E. Defendants' counsel responded that Fredin's responses to Defendants' Interrogatories and documents responsive to Defendants' Requests for Documents would need to be produced ahead of any deposition. *Id.* Counsel also offered to discuss an alternative date for the deposition. *Id.* That same day, Fredin served responses to Ms. Middlecamp's Interrogatories by objecting to all but three Interrogatories. Those few responses provided woefully incomplete answers. *Id.*, Ex. F. Incomplete responses to Ms. Schaefer and Ms. Miller Interrogatories did not arrive until September 29, 2019, the same day Fredin filed his purported motion. *Id.*, Ex. G.

On September 25, 2019, Defendants' objected to Fredin's discovery as untimely and in violation of the Court's Order limiting the number of Interrogatories and Document Requests to 25 per party. Despite Fredin's discovery violations, Defendants nevertheless agreed to produce key information and documents to Fredin. *Id.*, Ex. H.

On September 27, 2019, Fredin first raised the issue of extending the discovery deadline. Defendants' counsel responded the same day, noting that Fredin had nearly five

4

months to conduct discovery and chose not to do so. Counsel further noted that Fredin had

failed to articulate any good cause to request an extension from the Court. Absent a

compelling reason to extend the discovery deadline, Defendants' indicated that they would

likely oppose the request. *Id.*, Ex. I. With no response or any effort to meet and confer

regarding "good cause" of the extension, Fredin filed this motion.

On September 31, 2019, at 11:41 pm, apparently in response to Defendants' letter,

and after filing his "motion," Fredin attempted to withdraw his previously served discovery

and serve "corrected" Requests for Production of Documents, now an entire month after

the discovery deadline, reducing the number of document requests to 24 to each Defendant.

*Id.*, Ex. J.

**ARGUMENT**

**I.    Plaintiff Cannot Articulate Good Cause for an Extension of the Discovery Deadline. His Lack of Diligence Prohibits an Extension.**

Fredin does not deserve an extension of the discovery deadline because he cannot

show how his dilatory discovery efforts meet the good cause requirement. Federal Rule of

Civil Procedure 16 provides that a scheduling order "may be modified only for good cause

and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1).

The "good cause" standard is an exacting one, for it demands a demonstration that the

existing schedule "cannot reasonably be met despite the diligence of the party seeking the

extension." Rule 16(b), *Federal Rules of Civil Procedure, Advisory Committee Notes—

1983 Amendment; see also*, *Julian v. Equifax Check Services, Inc.,* 178 F.R.D. 10, 16 (D.

Conn. 1998).

5

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008) (internal quotations omitted); Fed R. Civ. P. 16(b), advisory committee note (explaining that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"). The "exacting" standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing. *E.E. O.C. v. Hibbing Taconite Co.,* 266 F.R.D. 260, 265 (D. Minn. 2009). Even then, "the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001). Because scheduling orders are "a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket," the Court does not take such orders lightly, and where good cause to modify has not been shown, "will enforce them." *Id.* "Rule 16(b) assures that '[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' "*Archer Daniels Midland v, Aon Risk Services, Inc.,* 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)). Even when satisfied of a party's diligence, the Court may consider prejudice to the nonmovant. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019).

As noted, in order to show good cause for his request to amend the scheduling order at this late date, Fredin must demonstrate that, despite his exercise of due diligence, he could not have performed discovery in a timely manner under the Court's Scheduling Order. In this case, it must be shown that Fredin exercised due diligence in performing

6

discovery, but that his proposed discovery could not have been sought during the nearly five-month discovery period. If Fredin was not diligent, the inquiry ends, and the motion is denied.

Here, that inquiry ends at the beginning, for Fredin has shown no diligence in performing discovery. In fact, all of Fredin's requested discovery was known to him from the outset of this litigation and should have been served prior to the deadline. Fredin does not argue otherwise, nor does he offer a reason for his failure to move expeditiously in seeking discovery. Fredin's attempt at this late juncture to seek discovery finds no support in a bona fide showing of good cause. His lack of discovery appears to be inexplicable if, in fact, the discovery has any importance to his case, and is not merely a means to subject Defendants to further harassment and ridicule.  It hardly bears mention, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 582 (D. Minn. 1999) q*uoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

Despite Fredin's failings, Defendants have agreed to provide any and all documents they intend to use at Fredin's deposition, during motion practice, supplied to experts, and those identified as potential trial exhibits. Defendants have also agreed to schedule Fredin's deposition at a more convenient time for Fredin, assuming he complies with his obligations in responding to Defendants' discovery requests, which to date he has failed to do.

DMNORTH #6498115 v1
4840-5416-0041.1

## II.    Plaintiff Has Failed to Comply with His Discovery Obligations

In addition to Fredin's request to extend the discovery deadline, there are several discovery issues that need to be addressed, including (1) Fredin's failure to comply with his discovery obligations in responding to Defendants' discovery requests; (2) Fredin's refusal to enter into a stipulated protective order[2]; and (3) Fredin's failure to appear at his noticed deposition or cooperate in the rescheduling of his deposition, as Fredin refuses to appear at Defendants' counsel's office to be deposed, instead seeking an alternative location that needlessly increases the cost of the deposition.  Defendants are prepared to raise these issues with the Court through the IDR process or, alternatively, through a motion to compel under Rule 37 and Local Rule 7.1.

### CONCLUSION

Plaintiff's motion should be denied, as Plaintiff has failed to establish good cause as to why, in the exercise of due diligence, he could not have performed any discovery prior to the discovery deadline.

---

[2] A copy of the proposed Protective Order and the email exchange regarding its language is attached as Exhibit K to the Affidavit of K. Jon Breyer.

8

Dated:     October 7, 2019

**KUTAK ROCK LLP**

By   s/  K. Jon Breyer
      K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com


**BALLARD SPAHR LLP**

By   s/  Adam C. Ballinger
      Adam C. Ballinger (#0389058)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 371-3211
ballingera@ballardspahr.com

*Attorneys for Defendants Lindsey*
*Middlecamp, Grace Elizabeth Miller, and*
*Catherine Marie Schaefer*

9