## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 17-cv-3058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |
| Brock Fredin, | Case No. 18-cv-0466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller and Catherine Marie Schaefer, | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Brock Fredin's Motions to Extend Fact Discovery [Doc. No. 85 in Case No. 17-cv-3058 (hereafter "*Middlecamp*"; Doc. No. 76 in Case No. 18-cv-466 (hereafter "*Miller/Schaefer*")]. For the reasons set forth below, the motions are denied.

## I.   PROCEDURAL HISTORY

Plaintiff Brock Fredin, appearing pro se, has sued Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer (collectively, "Defendants") in the

1

above-captioned actions.  The underlying allegations and the specific remaining claims are described at length in the Orders of the Honorable Susan Richard Nelson, United States District Judge, together with the underlying Reports and Recommendations, on Defendants' motions to dismiss in these cases.  [Doc. Nos. 30 and 39 in *Middlecamp*; Doc. Nos. 38 and 49 in *Miller/Schaefer*.]

Following resolution of Defendants' motions to dismiss, the Court established essentially identical Pretrial Scheduling Orders in the two cases, providing in pertinent part that fact discovery "must be commenced <u>in time to be completed</u> on or before **September 30, 2019**."  [Doc. No. 69 at 5 in *Middlecamp*; Doc. No. 64 at 5 in *Miller/Schaefer* (emphases in original).]  Because the Federal Rules of Civil Procedure allow 30 days for a party to provide written responses to discovery (*see* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)), this meant that any interrogatories or document requests would have had to be served, at the very latest, by August 31, 2019, in order to be timely under the Pretrial Scheduling Order.  The Pretrial Scheduling Order also set limits on the number of written discovery inquiries that could be made, stating that each party could serve on each other party no more than 25 interrogatories, counted in accordance with Federal Rule of Civil Procedure 33(a), and no more than 25 document requests.  It also warned that a "plaintiff appearing pro se must comply with the requirements and deadlines set forth in this order just as a party represented by counsel."  *Id.* at 2.[1]

---

[1]  In this regard, the Pretrial Scheduling Order echoed the principle articulated by the Eighth Circuit in *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), that a pro se party must follow the same rules as other civil litigants.

On August 29, 2019, Defendants served interrogatories and document requests on Fredin.  (Breyer Aff. ¶ 3, Ex. B [Doc. No. 88 in *Middlecamp*; Doc. No. 79 in *Miller/Schaefer*].) [2]  Fredin, meanwhile, had served no interrogatories or document requests on Defendants.  (*See* Pl.'s Mot. Extend at 1; Breyer Aff. Ex. C.)  On September 4, the Court held a status conference by telephone with Fredin and Defendants' counsel, during which Fredin announced his intention to serve written discovery on Defendants and eventually to notice depositions.  Defendants voiced their objection that such discovery would be untimely under the Pretrial Scheduling Order, and the Court called Fredin's attention to the deadline for the close of fact discovery.  (*See* Ct. Mins [Doc. No. 79 in *Middlecamp*; Doc. No. 74 in *Miller/Schaefer*].)  On September 5, 2019, Fredin served 118 Interrogatories and 139 Document Requests on Schafer and Miller and 61 Interrogatories and 122 Document Requests on Middlecamp.  (*See* Breyer Aff. Exs. C, H [Doc. Nos. 83-3, 88-8].)  The next day, he filed a letter "withdrawing" the interrogatories and serving "corrected" interrogatories, ostensibly to comply with Fed. R. Civ. P. 33(a).  (Pl.'s Letter, Sept. 6, 2019 [Doc. No. 80 in *Middlecamp*; Doc. No. 75 in *Miller/Schaefer*]; *see also* Breyer Aff. Ex. D.)  The new interrogatories were substantially fewer in number than the originals, but still, including subparts, totaled 35 to Middlecamp and 44 to Schaefer and Miller.  (Breyer Aff. Ex. D.)

On September 25, counsel for Defendants wrote to Fredin and informed him that Defendants would not be responding to his interrogatories or document requests on the

---

[2]  Attorney Jon Breyer filed identical affidavits in *Middlecamp* and *Miller/Schaefer*. Accordingly, the Court will refer only to the affidavit and exhibits filed in *Middlecamp*.

ground that they were untimely under the Court's Pretrial Scheduling Order, and on the further ground that they far exceeded the numerical limits set by the Pretrial Scheduling Order. (Breyer Aff. Ex. H [Doc. No. 88-8].)

On September 30, Fredin filed in both cases a Motion to Extend Fact Discovery by 60 days. He did not, however, contact the chambers of the undersigned to obtain a hearing date before filing the motion, nor did he file a notice of motion, memorandum of law, supporting affidavits and exhibits, or a proposed order. Furthermore, the motion did not describe the specific discovery he wished to conduct or discuss the effect of the requested extension on any other deadlines in the Pretrial Scheduling Order. Defendants also argue that Fredin failed to show good cause for the proposed modifications.

## II.    DISCUSSION

Fredin's motions are both procedurally and substantively deficient, and each of these deficiencies justifies denying the motions.

### A.    Fredin Failed to Comply with Local Rule 7.1(b)(1).

The Court may deny a motion that fails to comply with the federal and local rules governing motion practice before the Court. Local Rule 7.1(b)(1) sets forth clearly the requirements for nondispositive motions in this District. First, it provides that before filing any nondispositive motion, "a party must contact the magistrate judge's courtroom deputy to schedule a hearing." LR 7.1(b)(1).[3] Furthermore, the rule specifies that any

---

[3] The requirement that the moving party call the courtroom deputy to obtain a hearing date before filing any nondispositive motion is also stated in the Pretrial Scheduling Order [Doc. No. 69 at 8 in *Middlecamp*; Doc. No. 64 at 8 in *Miller/Schaefer*] and in its

nondispositive motion must include the following documents, which must be filed

"simultaneously":

|   |   |
|---|---|
| (A) | motion; |
| (B) | notice of hearing; |
| (C) | memorandum of law; |
| (D) | any affidavits or exhibits; |
| (E) | meet-and-confer statement . . .; and |
| (F) | proposed order (an editable copy of which musts be emailed to chambers). |

LR 7.1(b)(1).

Here, Fredin filed a single document that included some representations of fact

and a meet-and-confer statement, but he cited no law and none of the applicable federal

or local rules, and he filed no affidavit or exhibits to support his factual representations

and no proposed order.  Moreover, he did not contact the courtroom deputy to schedule a

hearing and he therefore filed no notice of hearing.  In short, Fredin complied with

virtually none of the requirements for filing any nondispositive motion, and his motions

can be denied on that ground alone.  That Fredin is pro se is not a justification for the

utter failure to follow the local rules or this Court's requirements.  *See Beck*, 253 F.3d at

333; *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000).

### B.      Fredin Failed to Comply with Local Rule 16.3.

Fredin seeks through these motions to extend the September 30, 2019, deadline

established by the Pretrial Scheduling Order for the completion of fact discovery.  Local

Rule 16.3(b) states that a party making such a motion must:

---

Practice Pointers, a copy of which were provided to Fredin with the Order Setting Pretrial Conference [Doc. No. 64 at 22 in *Middlecamp*; Doc. No. 56 at 22 in *Miller/Schaefer*].

(1)     establish good cause for the proposed modification; and

(2)     explain the proposed modification's effect on any deadlines.

LR 16.3(b).  In addition, whenever a party is moving to modify discovery deadlines in a

scheduling order, the party must also:

(1)     describe what discovery remains to be completed;

(2)     describe the discovery that has been completed;

(3)     explain why not all discovery has been completed; and

(4)     state how long it will take to complete discovery.

LR 16(c).

Here, at most, Fredin's motion might be interpreted as attempting to present facts

that he contends constitute good cause and to explain why all discovery has not been

completed (although he does not cite the rule or applicable case law in that regard, and, as

will be discussed in the next section, the attempted showing falls short).  And, it appears

he believes it will take 60 days to complete discovery.  But nowhere does he "explain the

proposed modification's effect on any deadlines," *see* LR 16.3(b)(2), such as, for

example, the deadline by which dispositive motions must be filed.  Furthermore, he does

not "describe what discovery remains to be completed."  *See* LR 16.3(c)(1).

Accordingly, Fredin's motions can also be denied for failure to comply with Local

Rule 16.3.

**C.     Fredin Has Not Shown Good Cause to Extend Fact Discovery.**

Even if Fredin's motions should not be denied for failure to comply with multiple

procedural requirements, he has failed to show good cause to extend the deadline.

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified

only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also*

6

D. Minn. LR 16.3(b)(1).  The Advisory Committee Notes to Federal Rule 16(b) observe that "good cause" demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment.  The Eighth Circuit has stated that "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).  "Rule 16(b) assures that a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (internal quotes omitted).

The scheduling order in these cases was issued on May 2, 2019, and allowed nearly five months for fact discovery.  Although Fredin was incarcerated at that time, nothing prevented him from serving written discovery even during his period of incarceration.  Indeed, the Court handles numerous matters involving incarcerated litigants who have less education and are less articulate than Fredin, and they can and do serve written discovery.  Furthermore, Fredin was released by at least July 10, 2019, when he notified the Court of his new address.  [*See* Doc. No. 75 in *Middlecamp*.]  On that same date, he requested and was granted e-filing privileges.  [Doc. No. 76 in *Middlecamp*; Doc. No. 70 in *Miller/Schaefer*.]  On July 11, 2019, the Court held a status conference by telephone with Fredin and Defendants' counsel and was told that *both* parties anticipated promptly serving written discovery.  (Ct. Mins. [Doc. No. 78 in *Middlecamp*; Doc. No. 72 in *Miller/Schaefer*].)  But Fredin served no written discovery

7

whatsoever until after Defendants served written discovery on him.  The problem for Fredin is that Defendants served their written discovery more than thirty days before the deadline set for the completion of fact discovery; Fredin did not.

Furthermore, Fredin's attempted discovery violated the clear numerical limitations established by the Court's Pretrial Scheduling Order.  The interrogatories he served on September 5 exceeded by an order of magnitude the permissible number, and the "corrected" interrogatories he served on September 6 were still not compliant with the Court's order or with Rule 33(a)(1), which sets the same limit: 25 interrogatories, including all discrete subparts.  Similarly, the number of document requests Fredin served on Defendants on September 5 was a multiple of the limit set by the Pretrial Scheduling Order, yet he did not even attempt to remedy that issue until nearly midnight on September 30, 2019, the same day he filed the instant motions.  (*See* Breyer Aff. Ex. J [Doc. No. 88-10].)  Thus, Fredin did not miss the Court's deadline by just a few days; he did not serve document requests that were compliant (as to their number) with the scheduling order until 30 days too late, and to date, he still has not served interrogatories that comply with the Court's order.

This is not a situation where a party began and made progress on discovery during the period allowed by the scheduling order but, despite diligent efforts, could not complete it in time.  Even if the Court overlooks the absence of a sworn affidavit in support of the statements in Fredin's motion, nothing in his motion explains his failure even to *begin* to conduct discovery during the period prescribed by the scheduling order, let alone that he was diligent in trying to complete it.  Accordingly, Fredin has failed to

satisfy his burden of showing good cause for the requested extension and the Court will therefore deny his motions.

### D.     Additional Considerations

A few other matters bear mention.  First, notwithstanding their objections to Fredin's discovery requests, Defendants offer in their responsive memorandum to produce to Fredin "any and all documents they intend to use at Fredin's deposition, during motion practice, supplied to experts, and those identified as potential trial exhibits."  (Defs.' Mem. Opp'n at 7 [Doc. No. 87 in *Middlecamp*; Doc. No. 78 in *Miller/Schaefer*].)  The Court will hold Defendants to that offer, but notes that to the extent such documents fall under the scope of Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and are subject to the duty to supplement under Federal Rule of Civil Procedure 26(e)(1), they would have an obligation to produce them in any event.

Second, the Court notes that Defendants are still trying to obtain documents requested from Fredin prior to the discovery deadline, that they noticed Fredin's deposition prior to the deadline, that the deposition has not been taken because of disputes regarding when and where it will occur, and that they believe a motion to compel may be necessary.  (Defs.' Mem. Opp'n at 8.)  Defendants raised these concerns with the Court during the September 4, 2019, status conference.  Nothing in this Order is intended to address whether discovery that was timely requested by Defendants can and should be completed; however, the Court points out that the deadline for all nondispositive motions, including motions regarding discovery, is **October 15, 2019**.

Third, Defendants accuse the Court of setting a deadline to respond to Fredin's

9

motion that was less than allowed under Local Rule 7.1(b)(2). (Defs.' Mem. at 2–3.) Defendants contend the Court required a response that was less than seven days from the filing date of the motion. That is not true. Fredin filed his motion on September 30, and the Court set a deadline of October 7, seven days later. Defendants further assert the deadline for their response should have been measured from the hearing date by counting back seven days. That is also not true. Local Rule 7.1(b) was amended several years ago to eliminate the counting-back rule and establish that a response in opposition to a nondispositive motion is due seven days after the motion is filed. *See* LR 7.1(b)(2) and advisory committee's note to 2012 amendment. To the extent Defendants are suggesting a response to a motion may be withheld until the motion fully complies with Local Rule 7.1(b), that is simply not the case. The Local Rules do not provide for such a self-help remedy. Unless otherwise ordered by the Court, a response to a nondispositive motion is due seven days after the motion is filed, and a responding party should raise any procedural or other deficiencies to the motion in a timely response.

Finally, Defendants assert that the Court's pretrial scheduling order *required* Fredin to seek informal dispute resolution ("IDR") before filing a motion. That is incorrect. As the Pretrial Scheduling Order makes clear, IDR is not a prerequisite to a nondispositive motion; it is an alternative to it, and the parties must explicitly agree to submit a dispute through the IDR process. [*See* Doc. No. 69 at 10–11 in *Middlecamp*; Doc. No. 64 at 10–11 in *Miller/Schaefer*.]

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Brock Fredin's Motions

to Extend Fact Discovery [Doc. No. 85 in Case No. 17-cv-3058; Doc. No. 76 in Case No. 18-cv-466] are **DENIED.**


Dated:  October 10, 2019                    s/ *Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge