## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>    Defendant. | Case No. 17-cv-3058 (SRN/HB)<br><br><br>**ORDER** |
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller and<br>Catherine Marie Schaefer,<br><br>    Defendants. | Case No. 18-cv-0466 (SRN/HB) |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Brock Fredin's Motions for Limited Discovery and Leave to Modify the October 15, 2019 Non-Dispositive Motion Deadline [Doc. No. 97 in Case No. 17-cv-3058 (hereafter "*Middlecamp*"); Doc. No. 88 in Case No. 18-cv-466 (hereafter "*Miller/Schaefer*")].[1]  The motions were filed on October 24, 2019.

---

[1]  Because Fredin filed the identical motion in both cases, the Court will cite only to the motion filed in the *Middlecamp* case in the following discussion.  Similarly, other filings pertinent to this Order that are substantially identical in both cases will be cited by reference only to the *Middlecamp* docket.  Citations to specific pages refer to the CM/ECF pagination.

Because the Court had already denied a prior motion by Fredin to extend the period for fact discovery [Doc. No. 89], the Court ordered that Defendants need not respond to the instant motions unless the Court concluded such a response would be helpful [Doc. No. 101]. After carefully reviewing Fredin's motion papers, the Court has concluded no response is necessary. For the reasons set forth below, Fredin's motions are denied, and the hearing noticed for these motions on November 18, 2019, is canceled.

## I.    PROCEDURAL HISTORY

Plaintiff Brock Fredin, appearing pro se, has sued Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer (collectively, "Defendants") in the above-captioned actions. The underlying allegations and the specific remaining claims are described at length in the Orders of the Honorable Susan Richard Nelson, United States District Judge, together with the underlying Reports and Recommendations, on Defendants' motions to dismiss in these cases. [Doc. Nos. 30 and 39 in *Middlecamp*; Doc. Nos. 38 and 49 in *Miller/Schaefer*.]

On May 2, 2019, following resolution of Defendants' motions to dismiss, the Court established essentially identical Pretrial Scheduling Orders in the two cases, providing in pertinent part that fact discovery "must be commenced <u>in time to be completed</u> on or before **September 30, 2019**." [Doc. No. 69 at 5 (emphases in original).] Because the Federal Rules of Civil Procedure allow 30 days for a party to provide written responses to discovery (*see* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)), this meant that any interrogatories or document requests would have had to be served, at the very latest, by August 31, 2019, in order to be timely under the Pretrial Scheduling Order. The Pretrial

2

Scheduling Order also set limits on the number of written discovery inquiries that could be made, stating that each party could serve on each other party no more than 25 interrogatories, counted in accordance with Federal Rule of Civil Procedure 33(a), and no more than 25 document requests.  It warned that a "plaintiff appearing pro se must comply with the requirements and deadlines set forth in this order just as a party represented by counsel." [Doc. No. 69 at 2].[2]  The Court also held a telephone status conference with Fredin and Defendants' counsel on July 11, 2019, and reminded the parties about the deadline for fact discovery.  (Ct. Mins. [Doc. No. 78].)

Fredin was incarcerated at the time of the scheduling conference, but was released by at least July 10, 2019, when he notified the Court of his new address.  [*See* Doc. No. 75.]  On that same date, he requested and was granted e-filing privileges.  [Doc. No. 76 in *Middlecamp*; Doc. No. 70 in *Miller/Schaefer*.]  On July 11, 2019, the Court held a status conference by telephone with Fredin and Defendants' counsel and was told that *both* parties anticipated promptly serving written discovery.  (Ct. Mins. [Doc. No. 78].)  On August 29, 2019, Defendants served interrogatories and document requests on Fredin.  (Breyer Aff. ¶ 3, Ex. B [Doc. No. 88-2].)  Fredin, meanwhile, had served no interrogatories or document requests on Defendants.  (*See* Pl.'s Mot. Extend at 1 [Doc. No. 85]; Breyer Aff. Ex. C [Doc. No. 88-3].)  On September 4, the Court held another status conference by telephone with Fredin and Defendants' counsel, during which Fredin

---

[2]  In this regard, the Pretrial Scheduling Order echoed the principle articulated by the Eighth Circuit in *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), that a pro se party must follow the same rules as other civil litigants.

announced his intention to serve written discovery on Defendants and eventually to notice depositions.  (*See* Ct. Mins. [Doc. No. 79].)  Defendants voiced their objection that such discovery would be untimely under the Pretrial Scheduling Order, and the Court called Fredin's attention to the ramifications of the deadline for the close of fact discovery.  (*Id.*)  On September 5, 2019, Fredin served 118 interrogatories and 139 document requests on Schaefer and Miller and 61 interrogatories and 122 document requests on Middlecamp.  (*See* Breyer Aff. Exs. C, H [Doc. Nos. 88-3, 88-8].)  The next day, he filed a letter "withdrawing" the interrogatories and serving "corrected" interrogatories, ostensibly to comply with Fed. R. Civ. P. 33(a).  (Pl.'s Letter, Sept. 6, 2019 [Doc. No. 80]; *see also* Breyer Aff. Ex. D [Doc. No. 88-4].)  The new interrogatories were substantially fewer in number than the originals, but still, including subparts, totaled 35 to Middlecamp and 44 to Schaefer and Miller.  (Breyer Aff. Ex. D.)  Fredin did nothing, however, about the numerosity of his document requests until September 30 when he served a new, shorter set of document requests in each of the two cases.  (Breyer Aff. Ex. J [Doc. No. 88-10].)

On September 25, counsel for Defendants wrote to Fredin and informed him that Defendants would not be responding to his interrogatories or document requests on the ground that they were untimely under the Court's Pretrial Scheduling Order, and on the further ground that they far exceeded the numerical limits set by the Pretrial Scheduling Order.  (Breyer Aff. Ex. H [Doc. No. 88-8].)

On September 30, Fredin filed in both cases a Motion to Extend Fact Discovery by 60 days.  The Court denied those motions on October 10, 2019, on multiple grounds,

including not only that the motions were procedurally defective in a number of ways, but that Fredin did not show good cause for not even beginning to seek discovery (let alone completing discovery) in a timely fashion as required by the Pretrial Scheduling Order. (Order at 5–6, 8–9 [Doc. No. 89].)

In the instant motions, Fredin proposes a much more limited scope of discovery than he originally propounded.  Specifically, in *Middlecamp*, Fredin asks to be allowed to serve two interrogatories, one of which seeks the identity of the "unknown individual or account behind the February 22, 2017 false rape claim," and the other of which seeks identification of all communications Middlecamp had that formed the basis of her February 22, 2017, post on her @CardsAgstHrsmt Twitter account in which she referred to the rape claim but did not identify the individual who made it.  (Pl.'s Mot. Limited Disc. at 16.)  In addition, he asks to be allowed to propound four document requests on Middlecamp, seeking all documents and communications evidencing Middlecamp's knowledge of the anonymous rape claim concerning Fredin that she posted on her @CardsAgstHrsmt Twitter account, and all documents and communications with the unidentified individual who had made that claim.  (*Id.*)

In the *Miller/Schaefer* case, Fredin asks to be allowed to serve one interrogatory, seeking the identity of each person with whom those Defendants had communicated about Fredin, and describing the communications.  He also asks to be permitted to serve document requests seeking communications and documents between and among the Defendants relating to Fredin.  (*Id.*)

Fredin also asks the Court to modify the deadline set by the Pretrial Scheduling

5

Order for non-dispositive motions.  The Pretrial Scheduling Order set a deadline of

October 15, 2019, for non-dispositive motions, specifically including motions relating to

discovery.  [Doc. No. 69 at 8.]  The Court explicitly reminded the parties of this deadline

in its Order dated October 10, 2019, denying Fredin's Motions to Extend Fact Discovery.

[Doc. No. 89 at 9.]  The instant motion was filed on October 24, 2019.

## II.   DISCUSSION

Fredin spends most of his motion arguing the relevance of the "limited discovery"

he now seeks from Defendants.  In essence, Fredin asks the Court to reconsider its

decision denying his request to be allowed to take discovery outside of the period

prescribed by the Pretrial Scheduling Order on the ground that the more limited discovery

he now seeks is critical to his ability to pursue his claims.

For purposes of this Order, the Court does not dispute that the information he

seeks is relevant, even highly relevant, to his claims, nor that it would for the most part

have been discoverable—*if he had made the requests within the time and in the manner*

*required by the Pretrial Scheduling Order*.  But in this motion, as in Fredin's previous

unsuccessful motion to extend the deadline for discovery, Fredin fails to show good cause

for his failure to commence discovery within the period allotted by the scheduling order.

Indeed, the relevance of the information he now asks for, if anything, only makes his

failure to ask for it during the discovery period that much harder to explain.  His

Amended Complaint in *Middlecamp* alleges that Middlecamp defamed him, including by

knowingly disseminating a claim of rape that she knew was false.  (Am. Compl. ¶ 2

[Doc. No. 5].)  His Amended Complaint in *Miller/Schaefer* alleges that Defendants

6

conspired against him to harass him, to abuse judicial process, and to spread defamatory information about him.  (*See* Am. Compl. ¶¶ 2, 41–59, 91 [Doc. No. 53 in *Miller/Schaefer*].)  The relevance of the information Fredin now seeks would have been apparent to the least sophisticated litigant, let alone an individual as educated, articulate, and conversant with the legal system as Fredin.[3]

The Court is not unsympathetic to Fredin's challenges in this litigation, including not only his pro se status and his incarceration from approximately October 2018 to July 2019, with the resulting upheaval in his residence and his employment, but also the death of his mother shortly before his release.  But the fact of incarceration does not preclude a plaintiff from participating actively in litigation; there are numerous cases litigated in their entirety, including written discovery, by prisoners acting pro se.  Fredin himself, while in jail, filed an Amended Complaint in *Miller/Schaefer* [Doc. No. 53 in *Miller/Schaefer*], participated in the Rule 16 scheduling conference [*see, e.g.,* Doc. Nos. 67, 68 in *Middlecamp*; Doc. Nos. 62, 63 in *Miller/Schaefer*], and wrote numerous letters to the Court [*see, e.g.*, Doc. Nos. 59, 62, 65, 70, 71 in *Middlecamp*; Doc. Nos. 45, 50, 51, 54, 60, 65, 66 in *Miller/Schaefer*].  After Fredin's release from incarceration in July 2019, he participated in two discovery status conferences with opposing counsel and the Court.  (Ct. Mins. [Doc. Nos. 78, 79].)

---

[3] By way of example, Fredin adroitly challenged the Court's Pretrial Scheduling Order with regard to its requirement that the parties exchange initial disclosures while he was incarcerated, on the ground that such a requirement was inconsistent with Federal Rule of Civil Procedure 26(a)(1)(B)(iv).  [Doc. No. 71.]  While Fredin had commenced the action before he was incarcerated, the Court nevertheless agreed with him and modified the Pretrial Scheduling Order accordingly.  [Doc. No. 74.]

If this were a situation in which Fredin had diligently *begun* discovery within the time prescribed by the scheduling order, but as a result of his life circumstances and/or his lack of familiarity with the process had miscalculated how long it would take to *complete* it, the Court might view his motion differently.  But this is not that situation. Fredin did not even timely commence discovery, and nothing in the instant motions explains that failure.  Moreover, when he did begin—belatedly—he blatantly violated the numerical limitations in the Federal Rules and the Pretrial Scheduling Order.  Then, when he brought the prior motions to extend discovery, he failed to comply with Local Rules 7.1(b)(1) and 16.3(b) and (c).  (*See* Order at 4–6, Oct. 10, 2019 [Doc. No. 89].)  The instant motions, which are nothing more than an attempt to "do-over" his prior motions to extend fact discovery, remedy some of those procedural deficiencies.  But they were filed ten days after the expiration of yet another deadline in the Pretrial Scheduling Order—the October 15, 2019, deadline for non-dispositive motions—a deadline to which the Court had explicitly drawn the parties' attention in its October 10, 2019, Order.  (Order at 9.)

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1).  The Advisory Committee Notes to Federal Rule 16(b) observe that "good cause" demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment.  The Eighth Circuit has stated that "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).  "Rule

8

16(b) assures that a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (internal quotes omitted).

Fredin "cavalierly disregarded" the Court's Pretrial Scheduling Order not once or twice but repeatedly, and has offered no evidence whatsoever that he was diligent in his efforts to comply with it.  While the consequences are severe—the inability to conduct any discovery to support his claims—they are the natural consequences of that disregard. That the information sought would have been both relevant and discoverable does not override his inexplicable failure to request it in a timely way.  *See, e.g., United States v. Bluebird Media, LLC*, No. 2:12-cv-04019-NKL, 2013 WL 12145858, at *3–4 (W.D. Mo. Nov. 21, 2013) (denying motion to extend discovery when party failed to seek discovery before the deadline set by the pretrial scheduling order); *Vogel v. Turner*, No. 11-cv-0446 (PJS/JJG), 2013 WL 358874, at *11 (D. Minn. Jan. 8, 2013) (denying motion to compel discovery when discovery requests were not served in time to be answered by the discovery deadline), *R. & R. adopted*, 2013 WL 359072 (D. Minn. Jan. 30, 2013).

Accordingly, Fredin has once again failed to satisfy his burden of showing good cause for the requested extension, and the Court will once again deny his motions. Moreover, having now addressed this issue twice, the Court will not consider any further motions by Fredin on this subject but will deny any such attempted motions summarily.

Again, however, nothing in this Order abrogates Defendants' responsibility to timely comply with their obligations under Federal Rule of Civil Procedure

26(a)(1)(A)(ii), including their duty to supplement under Federal Rule of Civil Procedure 26(e)(1), as well as to produce to Fredin, as they agreed, "any and all documents they intend to use at Fredin's deposition, during motion practice, supplied to experts, and those identified as potential trial exhibits." (*See* Defs.' Mem. Opp'n Mots. Extend at 7 [Doc. No. 87 in *Middlecamp*]; Order at 9, Oct. 10, 2019.)

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Brock Fredin's Motions for Limited Discovery and Leave to Modify the October 15, 2019 Non-Dispositive Motion Deadline [Doc. No. 97 in Case No. 17-cv-3058; Doc. No. 88 in Case No. 18-cv-466] are **DENIED.**

Dated: October 29, 2019          *s/ Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge