**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brock Fredin,

                Plaintiff,

v.

Lindsay Middlecamp,

                Defendant.

Civil No. 17-cv-3058 (SRN/HB)

**PROTECTIVE ORDER**

Brock Fredin,

                Plaintiff,

v.

Grace Elizabeth Miller and
Catherine Marie Schaefer,

                Defendants.

Civil No. 18-cv-0466 (SRN/HB)

## 1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the above-captioned actions (the "Actions") may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting these Actions may be warranted. Accordingly, the Court shall enter the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Protective Order does not entitle the parties to file confidential information under seal; District of Minnesota Local Rule 5.6

and relevant case law set forth the procedures that must be followed and the standards that will be applied when a party seeks to file material under seal.

## 2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that the Producing party has determined, in good faith, contain or reflect confidential, non-public, proprietary, commercially sensitive, and/or private information of an entity or individual that is not readily ascertainable through lawful means by the public or the receiving party or is subject to privacy protection under federal, state or local law ("confidential private information") (including, but not limited to, social security numbers, financial information, birth dates, home addresses, and medical information).

2.3    Counsel (without qualifier):  means an attorney who has filed an appearance in either or both of the Actions (as well as their respective support staffs).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all documents and ESI, the information contained therein, and all other information produced or disclosed during discovery, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, discovery responses and tangible

2

things), that are produced or generated in disclosures or responses to discovery in these Actions.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the Actions, including his or her employees and support personnel (including firms and their employees whose normal business includes the provision of support services to expert witnesses), who (1) has been retained by a Party or its counsel to serve as an expert witness, a non-testifying expert, or as a consultant in either or both of the Actions, and (2) is not currently and within the past 5 years has not been an employee of a Party.

2.7    Highly Confidential - Attorney Eyes Only: extremely sensitive "CONFIDENTIAL" information or items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    Identified Materials:  disclosed documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, and for which a Party or Non-Party seeks protection.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to either of the Actions.

2.10    Party:  any Party to the Actions, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).  For the avoidance of any doubt, "Party" does not include putative class members.

3

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or

Discovery Material in one or both of the Actions.

2.12    Professional Vendors:  persons or entities that provide litigation support

services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving, and reviewing data in any form or

medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated

as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material

from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as

defined above), but also:

(1)    any information copied or extracted from Protected Material;

(2)    all copies, excerpts, summaries, or compilations of Protected Material; and

(3)    any testimony, conversations, or presentations by Parties or their Counsel,

but only to the extent that such materials reveal Protected Material.  However, the

protections conferred by this Order do not cover the following information:  (a) any

information that is in the public domain at the time of disclosure to a Receiving Party or

becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order, including becoming part of the public

record through trial or otherwise; (b) any information known to the Receiving Party prior

4

to the disclosure or obtained by the Receiving Party after the disclosure from a source

who obtained the information lawfully and under no obligation of confidentiality to the

Designating Party; and (c) any information that has been made public as a result of any

administrative or court proceedings.  Any use of Protected Material at trial shall be

governed by a separate agreement or order.

## 4.    DURATION

Even after final disposition of the Actions, the confidentiality obligations imposed

by this Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs.  Final disposition of the Actions shall be deemed to be

the later of (1) dismissal of all claims and defenses in both Actions, with or without

prejudice; and (2) final judgment in both Actions after the completion and exhaustion of

all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any

motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations.  Except as otherwise provided in this

Order (*see, e.g.*, second paragraph of Section 5.1(a) below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Order

must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party:  (1) affix a legend indicating the material is "CONFIDENTIAL" to each

5

document that contains Protected Material; (2) affix a stamp with "CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3) designate the production as "CONFIDENTIAL" in the transmittal cover letter.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix to each document that contains Protected Material the legend "CONFIDENTIAL."

(b)　　for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify, within 30 days following receipt of the transcript of the deposition, hearing, or other proceeding, the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days following receipt of the transcript shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL," provided there is a good faith basis for doing so.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can

ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (attached hereto as Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary, for any other tangible items, and for reproductions of previously produced material, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored, or on an appropriate transmittal cover letter accompanying the information, the legend  "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2      Inadvertent Failures to Designate.  If a Producing Party discovers that it produced material that should have been, but was not, designated as Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error

7

and identify (by production number) the affected material and its new designation. Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is designated "CONFIDENTIAL" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Meet and Confer.  If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must initiate the dispute resolution process by providing written notice of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including for example, by production number, and by basis for the challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Challenging Party and the Designating Party shall attempt to resolve each

challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the Designating Party's receipt of the notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to consult with Non-Parties in the case of confidential private information of Non-Parties, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.2     Judicial Intervention.  If the Parties cannot resolve a challenge during the meet and confer process set forth in Section 6.1, above, the Challenging Party may seek relief from the Court in accordance with its rules and procedures.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Failure by the Challenging Party to make such a timely motion including the required declaration shall automatically waive such Challenging Party's challenge to a confidentiality designation.

9

Until the Court rules on the dispute, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within 15 business days of the ruling.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with these Actions only for prosecuting, defending, or attempting to settle the Actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel in the Actions, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for prosecuting, defending, or attempting to settle the Actions;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and provided further that any part of a report created by such Expert incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that Experts may not use Protected Material for any purpose that does not relate to the Actions;

(c)    the Court and its personnel;

(d)    court reporters and/or videographers, their staffs, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Actions;

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, was involved in matters described therein, or is or was employed by the party that produced the information or document; provided, however, that the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purpose;

(f)    a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned Actions not otherwise authorized to view the Protected Material in question, during that witness' testimony at a

11

deposition, hearing, or trial in the above-captioned Actions, or in preparation for the same; provided that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the Party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A) or agrees on the record to be bound by the terms of this Protective Order, unless the Designating Party agrees to waive the requirement or the Court otherwise directs.  The Parties agree that they will seek direction from the Court at the deposition if the witness will not sign the "Acknowledgement and Agreement to Be Bound," or agree on the record to be bound by this Protective Order, and the Designating Party has not waived this requirement;

(g)    relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12

(i)      any other person agreed to by the Designating Party in writing; and

(j)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

7.3      Disclosure of "Attorney Eyes Only" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Attorney Eyes Only" only to:

(a)      the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the Actions;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court and its personnel;

(d)      private court reporters and their staff to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

13

(g)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Actions as "CONFIDENTIAL" that Party must:

8.1      promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

8.2      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

8.3      cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Actions as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or if such production is otherwise required by law.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in the Actions to disobey a lawful directive from another court.

## 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE ACTIONS

9.1     The terms of this Order are applicable to information produced by a Non-Party in the Actions and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with the Actions is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Protective Order in the Actions, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving

15

Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    PROTECTION AND CLAWBACK OF PRIVILEGED, PRIVATE, OR OTHERWISE PROTECTED MATERIAL

11.1    Waiver.  Pursuant to Federal Rule of Evidence 502(d), with respect to documents the parties elect to produce without conducting a document-by-document review, the disclosure of documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in these Actions or

16

in any other federal or state proceeding.  A party wishing to invoke this protection must so state and identify the documents by production number in an appropriate transmittal cover letter accompanying the information.

11.2    <u>Claiming Privilege or Protection</u>.  If a Producing Party produces confidential private information or documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, it may notify any Receiving Party of the claim and the basis for it.  After being notified, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.  The Producing Party must preserve the information until the claim is resolved.

If a Receiving Party receives a document from a Producing Party which the Receiving Party has reason to believe contains confidential private information or is otherwise privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the document redacted, returned, or destroyed pursuant to this Order, in which case, the procedures set forth in the prior paragraph shall apply.

## 12.   MISCELLANEOUS

12.1   Right to Advise Client.  Nothing in this Order shall prevent any Counsel from advising his or her client concerning the Actions and, in the course of providing such advice, from utilizing Protected Material, so long as he or she does not disclose its contents in a manner not otherwise authorized by this Order.

12.2   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Actions any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local ECF Filing Rules & Instructions.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local ECF Filing Rules & Instructions is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   FINAL DISPOSITION

Within 60 days after the final disposition of the last of the Actions, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or

18

destroyed, the Receiving Party must submit written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated:  November 1, 2019         s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

19

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have received and read in its entirety a copy of the attached Protective Order that was issued by the United States District Court for the District of Minnesota on November 1, 2019, in the cases of *Fredin v. Middlecamp*, Civil No. 17-3058 (SRN/HB) and *Fredin v. Miller, et al.,* Civil No. 19-0466 (SRN/HB).  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of these actions.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20