# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>   Defendant. | Case No. 17-cv-3058 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendant Lindsey Middlecamp.

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller, and<br>Catherine Marie Schaefer,<br><br>   Defendants. | Case No. 18-cv-466 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendants Miller and Schaefer.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motions for Sanctions filed by Defendant Lindsey Middlecamp (17-cv-3058 [Doc. No. 111]), and Defendants Grace Miller and Catherine Schaefer (18-cv-466 [Doc. No. 102].) Having reviewed the parties' submissions, the Court rules as follows:

1. Defendants' motions for sanctions (17-cv-3058 [Doc. No. 111] & 18-cv-466 [Doc. No. 102]) are **GRANTED in part** and **DENIED in part**. The motions are denied in part to the extent that they seek dismissal as a sanction, but the motions are otherwise granted.

2. Plaintiff has thirty (30) days to fully comply with Judge Bowbeer's discovery order dated October 25, 2019.

    In the *Miller/Schafer* case, 18-cv-466, the Court's order includes the following:

    a. Answer Interrogatory No. 1 by identifying "all online profiles, identities, usernames, or other identifiers" that Fredin has used (Oct. 25, 2019 Order [Doc. No. 91] at 4–7.)

    b. Answer Interrogatory No. 10 by identifying "all addresses where you have resided from 2016 to the present." (*Id.*)

    c. Regarding Document Request Nos. 1–7, 9, 13, 15, 16, and 17, Fredin shall either (1) re-produce all of the responsive documents in a form that is organized and labeled to directly refer and correspond with the requests, or (2) prepare and produce a log clearly identifying each of the documents he has already produced to Defendants, and as to each such document identify the specific request or requests to which it responds. (*Id.* at 7–9.)

    d. Respond to Document Request No. 15 by producing a complete and up-to-date resume or curriculum vitae in his possession or posted online. (*Id.* at 10.)

e. Respond to Document Request No. 8 by producing all documents in his possession that constitute, refer, or relate to medical evaluations of his emotional distress, or alternatively, to serve a supplemental response stating that he has searched for and has no such documents. (*Id.* at 12.)

* * *

In the *Middlecamp* case, 17-cv-3058, the Court's order includes the following:

a. Answer Interrogatory No. 7 by identifying "all online profiles, identities, usernames, or other identifiers" that Fredin has used. (Oct. 25, 2019 Order [Doc. No. 100] at 14.)

b. Answer Interrogatory No. 14 by identifying "any oral representations, admissions, or statements against interest allegedly made by Defendant that are relevant to the issues in this lawsuit." (*Id.*)

c. Regarding Document Request Nos. 3, 5, and 13, Fredin shall either (1) re-produce all of the responsive documents in a form that is organized and labeled to directly refer and correspond with the requests, or (2) prepare and produce a log clearly identifying each of the documents he has already produced to Defendants, and as to each such document identify the specific request or requests to which it responds. (*Id.* at 15.)

d. Respond to Document Request No. 4 by producing all documents in his possession that constitute, refer, or relate to medical evaluations of his emotional distress, or alternatively, to serve a supplemental response stating that he has searched for and has no such documents. (*Id.* at 16.)

e. Respond to Document Request No. 11 by producing a complete and up-to-date resume or curriculum vitae in his possession or posted online. (*Id.* at 16–17.)

f. Respond to Document Request No. 12 by producing "all documents that constitute, refer, or relate to communications, including electronic communications, exchanged between you and any person concerning the issues/matters identified in the pleadings." (*Id.* at 17.)

3. It is not for Plaintiff to determine what is discoverable and what is not. The magistrate judge has already ruled. Plaintiff may continue to object to the discovery, but must also provide answers to the questions to which he objects. Plaintiff's view that a question is not fair or not discoverable is not an excuse to not answer it. His objections will be preserved for appeal.

4. All devices must be searched, including all cell phones and the iMac computer, regardless of whether the material on those devices may be located elsewhere and regardless of whether the Plaintiff believes that the devices are compromised.

5. If defendants, in good faith, continue to believe that Plaintiff has not complied with discovery after thirty (30) days, the Court may appoint a forensic computer examiner to examine the devices with appropriate search terms. Obviously, any effort to wipe a device, get a factory re-set on a device, or attempt to delete relevant information will be identified by such a forensic examination. The costs of such a forensic examination may be borne by one or more of the parties, depending on the results of the examination.

6. Failure to comply with this Order may lead to the imposition of sanctions, including monetary sanctions and/or dismissal.

7. After written discovery is complete, Defendants will have an opportunity to depose Plaintiff again on the newly produced discovery. That deposition must be taken no later than May 15, 2020.

8. Any motion for summary judgment will be heard on August 17, 2020 at 9:30 a.m. in the Burger Federal Courthouse in St. Paul, Minnesota, before the undersigned judge.  All briefing must conform to the Local Rules of this District.

9. This matter will be trial ready on November 13, 2020.


**SO ORDERED**.


Dated:  March 17, 2020 	s/Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Judge