UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BROCK FREDIN,

          Plaintiff,

--against--

LINDSEY MIDDLECAMP,

          Defendant.

Case No. 17-CV-3058

BROCK FREDIN,

          Plaintiff,

--against--

GRACE MILLER,
CATHERINE SCHAEFER,

         Defendants.

Case No. 18-CV-466

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR DISCOVERY AND LEAVE TO MODIFY THE OCTOBER 15, 2019 NON-DISPOSITIVE MOTION DEADLINE

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in support of his second motion for limited discovery and leave to modify the October 15, 2019 non-dispositive motion deadline.

## INTRODUCTION

Plaintiff is prejudiced without discovery. The Court's six (6) month delay in the pretrial schedule allows for discovery. Moreover, new evidence substantiates claims that Defendants are

1

withholding and hiding responsive documents and communication. As a result, Plaintiff now has time to conduct discovery to discover the identify of Defendant Middlecamp's false rape accusation, documents, and communications passed between Defendants or third-parties, and most importantly, three (3) to five (5) depositions of Defendants or non-parties.

## FACTUAL BACKGROUND

1. By October 1, 2019 Defendants did not respond or provide discovery.

2. On October 24, 2019 Plaintiff filed a motion for limited discovery.

3. On October 29, 2019 the Court denied the motion for limited discovery.

4. In February 2020, Plaintiff was provided with a freedom of information act (FOIA) request illustrating Defendants withholding evidence and unequivocal felony actions including tampering with state court pre-trial witnesses, obstruction of justice, false reporting, and engaging in actions *yet again* to rig proceedings.

5. On March 17, 2020 the Court set trial for November 13, 2020. [*Fredin v. Miller*, Case No. 18-CV-466, Doc. No. 118.]

## GOVERNING STANDARD

Discovery can be conducted if the alleged defamatory statement may refer to the plaintiff explicitly or "by fair implication." *E. Coast Test Prep LLC v. Allnurses.com,* Inc., 309 F. Supp. 3d 644 (D. Minn. 2017.) (holding discovery on anonymous speech in reference to defamation claims exists if the moving party makes prima facie showing.)

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). "[T]he party moving to modify a scheduling order … bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). To establish good cause, the party seeking the

modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. *Id.* The Court may also consider the prejudice to the party opposing the modification. *Id.*

*Winterbauer v. Life Ins. Co. of North America, No*. 4:07CV1026 DDN, 2008 WL 4643942, at *1 (E.D. Mo. Oct. 20, 2008) *Winterbauer*, 2008 WL 4643942, at *4. (Permitting limited discovery only where a plaintiff demonstrates good cause) "The Court takes seriously the discovery deadlines it imposes so as to "secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1. The Court expects parties to adhere to the deadlines imposed by the Court.

## ARGUMENT

First, Plaintiff shows good cause to conduct discovery. Specifically, Plaintiff is substantially prejudiced without discovery and the pre-trial schedule has been delayed six (6) months. Second, new evidence substantiates claims that Defendants are involved in wrongdoing.

### I. Plaintiff is Substantially Prejudiced Without Discovery Where the Pre-Trial Six (6) Month Delay Now Allows for Discovery

As discussed above, the Court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). *See Hartis v. Chicago Title Ins. Co*., 694 F.3d 935, 948 (8th Cir. 2012) "[T]he party must show cause to modify the schedule." *Id.* (citing Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") *James ex rel. U.S. v. Midlands Choice, Inc*., No. 8:13CV69, 2014 WL 3347871, at *2 (D. Neb. July 8, 2014) (holding good cause existed for modifying a schedule order when moving party acts in good faith and not dilatory) Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act

3

because of excusable neglect." *Stanczyk v. Prudential Ins. Co. of Am.*, No. 15-CV-0097-LTS (N.D. Iowa, 8th Circuit, Jan. 10, 2017.)

Plaintiff has been denied any discovery. Plaintiff is substantially prejudiced without discovery. *Mut. Federal Sav. Loan v. Richards Assoc*, 872 F.2d 88 (4th Cir. 1989) (Holding consideration of prejudice "necessarily includes an inquiry into the materiality of the evidence [the nonmovant] failed to produce") "The plaintiff must show that the limitation affected his rights substantially." *Goldman v. Checker Taxi, Inc.*, 325 F.2d 853, 856 (7th Cir. 1963) *Sheldon v. Vermonty*, 204 F.R.D. 679 (D. Kan. 2001) (Granting discovery request by stating that a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party and where it may "protect [moving party] from suffering any potential prejudice".) *Paisley Park Enters., Inc. v. George Ian Boxill, Rogue Music Alliance, LLC*, 330 F.R.D. 226 (D. Minn. 2019) (Finding plaintiffs were prejudiced as they were "left with an incomplete record of the communications that Defendants had with both each other and third parties" as "[n]either the Court nor [the p]laintiffs can know what ESI has been lost or how significant that ESI was to this litigation.")

On March 17, 2020 the Court delayed trial for six (6) months. The new trial date is November 13, 2020. [*Fredin v. Miller*, Case No. 18-CV-466, Doc. No. 118.] This is particularly so where this new period demonstrably allows for six (6) months of discovery. As a result, good cause exists to permit discovery e.g., interrogatories and requests for documents and, most importantly, depositions of each Defendant(s).

*Winterbauer v. Life Ins. Co. of North America, No*. 4:07CV1026 DDN, 2008 WL 4643942, at *1 (E.D. Mo. Oct. 20, 2008) *Winterbauer*, 2008 WL 4643942, at *4. (Permitting limited discovery where a plaintiff demonstrates good cause) *Campbell v. Baylard, Billington, Dempsey*

4

*& Jensen, P.C.* Case No. 4:17-cv-02390-JAR (E.D. Mo. Jul. 10, 2018) (permitting limited discovery when good cause exists)

## II. Defendants Proffer New Evidence of Wrongdoing that Grants Discovery

"When there is evidence of some wrongdoing … limited discovery has been allowed." *Citizens for Responsibility & Ethics in Washington v. Nat'l Indian Gaming Comm'n,* 467 F. Supp. 2d 40, 56 (D.D.C. 2006) (citing *Long v. U.S. Dep't of Justice,* 10 F. Supp. 2d 205 (N.D.N.Y. 1998)) Defendants specifically violated discovery rules in these cases by:

- In February 2020, Plaintiff alleges Defendants began leaking discovery information by reporting any online dating profile in continuation of their doxing campaign ascertained in Defendants interrogatories and requests for documents in violation of the Court's October 2019 protective order. Plaintiff was contacted by third-parties. In one case, Defendant Schaefer made direct contact with Plaintiff by apparently searching out his profile, viewing his profile, and immediately reporting it which sent a message to him. Defendant Schaefer had been viewing his profile where it appeared on his screen. (*See* Feb 10, 2020 Fredin Decl. Ex. I.)
- In February 2020, Defendants completely misled this this court by claiming that Plaintiff had not delivered any discovery or the BlackOutX2 profile. Plaintiff provided discovery and the profile. (*See Fredin v. Miller*, Case No. 18-CV-466 Dock. No. 109.)

Defendants unequivocally committed felony acts of misconduct. Specifically, Defendants engaged in disturbing acts to indirectly prejudice and rig these proceedings:

- On April 25, 2018, Defendant Middlecamp sent an email to Defendant Miller, Schaefer, Saint Paul Police Officer David McCabe, Dorsey and Whitney associate Peter R. Mayer, Saint Paul Police Officer Sarah Nasset, Adam Ballinger, and Karl Johann Breyer to file yet another admitted false, engage in obstruction of justice, tamper with state court witnesses, stalking, rig proceedings, and use her position as a state or federal prosecutor or Defendant Miller's position as a significantly more powerful military commander for their personal benefit by seeking yet more false charges in an effort to dismiss or prejudice this case. (*See* April 21, 2020 Fredin Decl. Ex. A.)
- In May 2018 and June 2019, Defendant Miller filed *yet more* knowingly false police reports. Defendant Miller admitted her police reports were false during her

5

- conversation with the Saint Paul Police in an effort to prejudice this proceeding. (*See* April 21, 2020 Fredin Decl. Ex. B.)
- Defendants withheld documents of their felony actions from this Court in this action and *Fredin v. Clysdale*, 18-CV-510. Specifically, Defendants withheld April 21, 2017 emails and documents Plaintiff alleges proves they used a facially unconstitutional and bogus state court criminal action – which has since been reversed and vacated – to serve restraining orders in an effort to kidnap, assault, stalk, and terrorize Plaintiff. (*See* April 21, 2020 Fredin Decl. Ex. C.)
- In other cases, Defendants apparently conducted extrajudicial communication with David McCabe to communicate with state court judicial officers to rig proceedings. (*See* April 21, 2020 Fredin Decl. Ex. D.)

As a result, discovery is needed to show Defendants wrongdoing and bad faith.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant discovery and allow three (3) to five (5) depositions, requests for documents, and interrogatories. Most importantly, Plaintiff is seeking the identify of Defendant Middlecamp's false rape accusation including documents and communications passed between Defendants and third parties.

Dated: April 22, 2020

                                                      s/ Brock Fredin
                                                      Brock Fredin
                                                      Saint Croix County, WI
                                                      (612) 424-5512 (tel.)
                                                     brockfredinlegal@icloud.com
                                                     *Plaintiff, Pro Se*