# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Brock Fredin,

                Plaintiff,

v.

Lindsay Middlecamp,

                Defendant.

Civil No. 17-cv-3058 (SRN/HB)

**ORDER**

---

Brock Fredin,

                Plaintiff,

v.

Grace Elizabeth Miller and
Catherine Marie Schaefer,

                Defendants.

Civil No. 18-cv-0466 (SRN/HB)

---

This matter is before the Court on Plaintiff Brock Fredin's combined motions filed in the above-captioned actions for "Discovery and Leave to Modify Non-Dispositive Motion Deadline" and "Rule 37 Sanctions Motion or in the Alternative Permission to Serve a Rule 11 Sanctions Motion." [Doc. No. 128 in *Fredin v. Middlecamp,* Case No. 17-cv-3058; Doc. No. 120 in *Fredin v. Miller,* Case No. 18-cv-466.][1]  For the reasons described herein, the Court denies the motions without the need for a response from Defendants insofar as the motions seek to reopen discovery and to extend the deadline for non-dispositive motions.  It also denies the motions for sanctions without the need for a

---

[1] Fredin filed the identical motion and supporting memoranda in each of the above-captioned actions.  For ease of reference, the Court will cite only to the papers filed in the Middlecamp case in the following discussion.  Similarly, other filings pertinent to this Order that are substantially identical in both cases will be cited by reference only to the Middlecamp docket.  Citation to specific pages refer to the CM/ECF pagination.

response from Defendants, with one exception: the Court will defer ruling on that portion

of the motions that alleges Defendants used or disclosed information produced by

Plaintiff in violation of the Protective Order entered in these actions and will require

Defendants to respond to that portion of the motions on or before April 30, 2020.

## I.     Motion to Reopen Discovery

The procedural history relating to the Court's pretrial scheduling orders and

Fredin's discovery efforts in these matters is described in detail in this Court's October

29, 2019, Order denying Fredin's Motions for Limited Discovery and Leave to Modify

the October 15, 2019 Non-Dispositive Motion Deadline.  ("October 29 Order" [Doc.

No. 102].)  The Court has twice considered and denied Fredin's motions seeking to

reopen fact discovery, first in an order issued on October 10, 2019, denying Fredin's first

Motion to Extend Fact Discovery [Doc. No. 89], and again in the October 29 Order,

finding that Fredin "'cavalierly disregarded' the Court's Pretrial Scheduling Order not

once or twice but repeatedly, and has offered no evidence whatsoever that he was diligent

in his efforts to comply with it."  (October 29 Order at 9.)  Fredin did not seek review of

either of those orders by the District Judge under Local Rule 72.2(a).

Fredin has now come back a third time seeking precisely the same relief for

precisely the same reasons.  Nothing has changed.  As the Court previously warned

Fredin, "having now addressed this issue twice, the Court will not consider any further

motions by Fredin on this subject but will deny any such attempted motions summarily."

(*Id.* at 9.)  Accordingly, the Court summarily denies Fredin's motions insofar as they seek

to reopen discovery and to extend the non-dispositive motion deadline.  Furthermore, if

Fredin files another such motion in either of these cases, the Court will issue sanctions against him.

## II.     Motion for Sanctions Against Defendants

Fredin's motion also seeks sanctions against Defendants on the grounds that they misrepresented his compliance or lack of compliance with their discovery requests in connection with Defendants' Motion for Sanctions [Doc. No. 111].  Any arguments Fredin wished to make in opposition to that motion, including arguments about the extent to which he had already complied with their requests, were made, or should have been made, in his responsive papers.  Judge Nelson ruled on Defendants' motion in her Order of March 17, 2020 [Doc. No. 126], requiring Fredin to comply in full with certain discovery requests to the extent he had not already.  Any arguments Fredin now wishes to make on that subject, including any sanctions he thinks should flow from those arguments, were either disposed of by Judge Nelson's ruling or waived if he did not make them before.[2]  To the extent his motion recycles his arguments regarding Defendants' role generally in the events that underlie this and other litigation he has brought against them, or the manner in which they have defended the litigation, this Court has rejected those arguments as a basis for reopening discovery and Judge Nelson has rejected them as a basis for denying discovery sought by Defendants.  Any decisions on the merits of his underlying claims will be a matter for summary judgment and/or trial.

---

[2] *See also* Feb. 10, 2020 Order at 2 [Doc. No. 120] ("Regarding Mr. Fredin's request to file a cross-motion for sanctions, if Mr. Fredin has a good-faith basis to bring a motion for sanctions, he may file it as long as it meets the requirements of the Local Rules and is filed in time to be fully briefed and heard on March 13, 2020.")

However, Fredin raises one matter in his motion for sanctions on which the Court has insufficient information to rule without a response from Defendants.  Fredin alleges that Defendants "began improperly using information obtained during discovery…by reporting the Internet usernames contained in discovery responses." (Mem. Supp. Plf.'s Mot. Rule 37 Sanctions at 2 [Doc. No. 130].)  He states that "Defendants leaked Internet usernames obtained during discovery by reporting them to third parties and causing Plaintiff prejudice."  (*Id.* at 4.)  He asserts that "this is a violation of the Court's October 15, 2019 Protective Order."  (*Id.* at 2 [referring to Doc. No. 107].)  He states that he knows this must have happened because "[s]hortly around February 7, 2020, Plaintiff was contacted by third parties related to Internet usernames - which were defunct or not used in years – provided as responses to discovery."  (*Id.* at 3.)  Plaintiff insists that "these contacts could only have been because Defendants reported each Internet username."  Moreover, he alleges, "Defendant Schaefer searched for, viewed, and reported Plaintiff's profile(s)…."  (*Id.*)

Without a response from Defendants, the Court does not have sufficient information to evaluate Plaintiff's claim that information that he produced subject to the Protective Order in this case was used or disclosed in violation of the terms of that Protective Order.  Accordingly, Defendants shall file by **April 30, 2020**, a memorandum and declaration/s addressing this issue, including whether the information produced by Plaintiff regarding his "Internet usernames" was in fact designated as confidential under the Protective Order and, if so, whether, how, and to whom that information was used or disclosed beyond the limited purposes and recipients permitted by that Order.  If the

declarations establish that the information was not designated by Plaintiff as confidential, or that Defendants had obtained the same information from a source other than Plaintiff's discovery responses, then Defendants need not describe how that information was used or to whom it was disclosed.

Accordingly, the Court **denies** Fredin's motion for sanctions (including "Rule 11 Sanctions") except that it reserves ruling, pending Defendants' response, on the sole issue of Defendants' alleged violation of the Court's Protective Order.[1]

**IT IS SO ORDERED.**

Dated:  April 24, 2020                    s/ *Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge

---

[1]  If it turns out, on the other hand, that Plaintiff's accusations regarding the Protective Order are baseless, the Court will not hesitate to consider an award of attorneys' fees against Plaintiff.