**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BROCK FREDIN,

                    Plaintiff,

    --against--

LINDSEY MIDDLECAMP,


                    Defendant.

Case No.  17-CV-3058

---

BROCK FREDIN,

                    Plaintiff,

    --against--

GRACE MILLER,
CATHERINE SCHAEFER,


                    Defendants.

Case No.  18-CV-466

---

## DECLARATION OF BROCK FREDIN

STATE OF WISCONSIN          }
                                ss:
COUNTY OF SAINT CROIX     }

    BROCK FREDIN, being duly sworn, deposes and says:

    1.    I am the Plaintiff in the above-captioned proceeding.  I submit this declaration in support of my objection to the April 24, 2020 Report and Recommendation. For the reasons stated herein and within my objection dated May 2, 2020, my objection should be granted in their entirety.

1

## AUTHENTICATION OF DOCUMENTS

2.      Attached hereto as **Exhibit A** is a true and correct copy of the April 27, 2020 email between Leita Walker and Brock Fredin.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the December 1, 2019 email from SeekingArrangement.com related to the username and domain on SA.com obtained during discovery for the username 'gator'.  [Dock. No. 118 p. 34.]

4.      Attached hereto as **Exhibit C** is a true and correct copy of the April 25, 2018 email between Lindsey Middlecamp to Catherine Schaefer, Grace Miller, David McCabe, Sarah Nasset, Karl Johann Breyer, Adam C. Ballinger, and Tara Patet.


Dated: May 2, 2020
Saint Croix County, WI



s/ Brock Fredin
Brock Fredin
Saint Croix County, WI
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, pro se*

2



**From:** **Walker, Leita** WalkerL@ballardspahr.com
**Subject:** Email today
**Date:** April 27, 2020 at 11:34 AM
**To:** brock fredin brockfredinlegal@icloud.com



Hi, Mr. Fredin. I got an email from anonymousemail. It looks like it might be from you but I didn't want to open it without checking in case it is spam/a virus.
Can you please confirm whether you sent me a link to a court of appeals opinion?

Thanks,

**Leita Walker**

**Ballard Spahr**
LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
www.ballardspahr.com



**From:** **brock fredin** brockfredinlegal@icloud.com
**Subject:** Re: Email today
**Date:** April 27, 2020 at 3:35 PM
**To:** Walker, Leita WalkerL@ballardspahr.com

No, I do not send anonymous emails nor have I ever. This email is not me. I have no knowledge of this email until you just provided me with this information. I am insulted that you would make this implication but thankful you notified me of this contact. Indeed, the implication that I would send emails like this is a fiction created by Catherine Schaefer, Lindsey Middlecamp, and Grace Miller.

Moreover, I would not send an anonymous email to an adverse attorney. Given the Court of Appeals decision released today, I believe that the anonymous email was created by Lindsey Middlecamp, Catherine Schaefer, Grace Miller, or their surrogates to provide you with an advantage in any pleading. I encourage you to notify the Court by sharing a screenshot of the email and/or any email address. This includes taking all necessary actions including contacting your managing partner(s), Information Technology teams, and state or federal law enforcement.

This email is likely yet another stalking event carried out by Catherine Schaefer, Lindsey Middlecamp, Grace Miller, and their surrogates. They have carried out an unprecedented orchestrated stalking campaign that refuses to cease. This is but one of hundreds of their efforts likely targeting me, in part, because of my family of origin.

As I have described, I am unable to receive protection from these women because of their powerful societal roles and gender. I am terrified of these violent women. Because your firm is acting in concert with these women's actions to stalk me by not only providing free pro bono representation but also where Adam C. Ballinger and (former Lindquist partner) Karl Johann Breyer attempted to tamper and interfere with this and similar litigation in an April 25, 2018 email, failure to take immediate action described above may amount to negligence.

I am notifying the Court immediately of this evidence to preserve the incident and yet again document actions to terrorize my family and me.

Brock Fredin

On Apr 27, 2020, at 11:34 AM, Walker, Leita <WalkerL@ballardspahr.com> wrote:

Hi, Mr. Fredin. I got an email from anonymousemail. It looks like it might be from you but I didn't want to open it without checking in case it is spam/a virus.
Can you please confirm whether you sent me a link to a court of appeals opinion?

Thanks,

**Leita Walker**

**Ballard Spahr**
LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
www.ballardspahr.com

# B

RE: Account Suspension  Inbox ×

Customer Support seekingarrangement@datesupporter.com via amazonses.com          Sun, Dec 1, 2019, 2:34 PM

to me

Hi there,

Thank you for reaching out to us regarding your account suspension. Unfortunately, we have received verified reports indicating that you are **Other suspected criminal activity**. Not only is this a violation of our Terms of Use but it is also a criminal offense.

You are henceforth banned from SeekingArrangement.com and any of our sister sites. Please be advised that we may report to the appropriate authorities any crimes conducted through our site and we comply with any and all law enforcement investigations/legal action concerning crimes conducted therein. Our decision is final and any future inquiries about this suspension will not receive a response.

Respectfully,
Yvonne
SeekingArrangement Support



**Dunn, Storme (CI-StPaul)**

| | |
|---|---|
| **Sent:** | Wednesday, April 25, 2018 1:35 PM |
| **To:** | Patet, Tara (CI-StPaul) |
| **Subject:** | FW: New documentation of suspected criminal violation of restraining order by Brock Fredin |

Hi Tara,

Below is an email that

**From:** Lindsey Middlecamp [mailto:lindsey.e.middlecamp@gmail.com]
**Sent:** Wednesday, April 25, 2018 11:38 AM
**To:** McCabe, David (CI-StPaul); Nasset, Sarah (CI-StPaul)
**Cc:** mayer.peter@dorsey.com; Catherine Schaefer; Grace Miller; Breyer, Jon; Ballinger, Adam C.
**Subject:** New documentation of suspected criminal violation of restraining order by Brock Fredin

Good morning,

I do know what jurisdiction of law enforcement we should be reporting this to (Catherine is in Hennepin County, Brock seems to reside in Baldwin, Wisconsin, but St. Paul has an existing criminal file on him which includes prior conduct within St. Paul previously declined for prosecution that may now take on a different tenor in light of this new evidence.) At any rate, I wanted to keep the St. Paul investigators most familiar with his case apprised of new evidence of Brock intentionally violating a restraining order by contacting Catherine Schaefer while her restraining order was in place, and seek guidance on who this should be reported to and what can be done.

Documentation is attached and the relevant chronology is as follows:

Catherine has previously reported prior contacts from 2016 believed to be Brock Fredin to the St. Paul police but the investigation by Sgt. McCabe did not at that time get accepted for prosecution and was unable to conclusively prove that the contacts originated from Brock.

On October 2, 2017, Catherine Schaefer received a text message from an unknown number that said "Hi Cat." The only person who has ever messaged Catherine using this moniker is Brock Fredin, so she was immediately concerned that it was Brock or someone reaching out to her on his behalf.

Catherine asked the messenger who they were, and the response was "Kelli." Catherine requested a photograph and received a photograph of a woman Catherine did not recognize. "Kelli" asked Catherine to send a recent photograph of herself back, asked Catherine where she was working, and for other updates about Catherine's life. Hoping to determine whether "Kelli" was in fact a real person or Brock, Catherine asked "Kelli" to send her an additional photograph holding a fork and sitting, clothed, on a toilet (hoping the unique instructions would weed out stock photographs.)

While she was waiting for "Kelli" to respond, Lindsey Middlecamp and Catherine Schaefer discussed strategies for determining and proving whether this anonymous messenger was in fact Brock or someone acting on Brock's behalf. (Previously, someone who had contacted Catherine indicated they had been paid $40 by someone else to relay her a message; we suspected if "Kelli" was a real person at all, this might have been a similar circumstance.)

8

**Dunn, Storme (CI-StPaul)**

| | |
|---|---|
| **From:** | Lindsey Middlecamp <lindsey.e.middlecamp@gmail.com> |
| **Sent:** | Wednesday, April 25, 2018 12:47 PM |
| **To:** | McCabe, David (CI-StPaul);Nasset, Sarah (CI-StPaul) |
| **Cc:** | mayer.peter@dorsey.com;Catherine Schaefer;Grace Miller;Breyer, Jon;Ballinger, Adam C. |
| **Subject:** | Re: New documentation of suspected criminal violation of restraining order by Brock Fredin |

All,

I apologize--if you have not read my prior email, you can disregard. I have now spoken with Catherine and determined that in fact, these screenshots were provided to the St. Paul police last fall, and they were included in a police report that Brock has apparently subsequently obtained. I was operating under the false impression that the only way he could have gotten the message was if he'd had a role in the communications but it sounds like that is not the only possible manner he obtained them and it is not the smoking gun evidence I had believed when I saw it this morning.

Thanks nonetheless for your collective work on this matter,
Lindsey

On Wed, Apr 25, 2018 at 11:38 AM, Lindsey Middlecamp <lindsey.e.middlecamp@gmail.com> wrote:
Good morning,

I do know what jurisdiction of law enforcement we should be reporting this to (Catherine is in Hennepin County, Brock seems to reside in Baldwin, Wisconsin, but St. Paul has an existing criminal file on him which includes prior conduct within St. Paul previously declined for prosecution that may now take on a different tenor in light of this new evidence.) At any rate, I wanted to keep the St. Paul investigators most familiar with his case apprised of new evidence of Brock intentionally violating a restraining order by contacting Catherine Schaefer while her restraining order was in place, and seek guidance on who this should be reported to and what can be done.

Documentation is attached and the relevant chronology is as follows:

Catherine has previously reported prior contacts from 2016 believed to be Brock Fredin to the St. Paul police but the investigation by Sgt. McCabe did not at that time get accepted for prosecution and was unable to conclusively prove that the contacts originated from Brock.

On October 2, 2017, Catherine Schaefer received a text message from an unknown number that said "Hi Cat." The only person who has ever messaged Catherine using this moniker is Brock Fredin, so she was immediately concerned that it was Brock or someone reaching out to her on his behalf.

Catherine asked the messenger who they were, and the response was "Kelli." Catherine requested a photograph and received a photograph of a woman Catherine did not recognize. "Kelli" asked Catherine to send a recent photograph of herself back, asked Catherine where she was working, and for other updates about Catherine's life. Hoping to determine whether "Kelli" was in fact a real person or Brock, Catherine asked "Kelli" to send her an additional photograph holding a fork and sitting, clothed, on a toilet (hoping the unique instructions would weed out stock photographs.)

While she was waiting for "Kelli" to respond, Lindsey Middlecamp and Catherine Schaefer discussed strategies for determining and proving whether this anonymous messenger was in fact Brock or someone acting on Brock's behalf.

(Previously, someone who had contacted Catherine indicated they had been paid $40 by someone else to relay her a message; we suspected if "Kelli" was a real person at all, this might have been a similar circumstance.)

The two agreed that if Catherine provided Brock with unique false information he might later include it in a court filing and they would be able to track it to this message exchange. They brainstormed and decided the most believable false information to provide that Brock would be most likely to raise in a legal proceeding would be to fabricate that Lindsey Middlecamp and Referee Elizabeth Clysdale were friendly acquaintances and had been hanging out socially for years. (In reality, Lindsey has never heard of or met Referee Clysdale outside of her court appearances in her matter involving Brock Fredin.) Catherine sent a message to that effect on October 3, 2017.

At the time, "Kelli" feigned ignorance about who the names were that Catherine had sent and after several more messages (including a message that eventually sent a photograph of "Kelli" holding a fork, which Catherine and Lindsey believe Brock likely paid or persuaded a woman online to send him to transmit to Catherine) contact ceased.

Nothing came of it until today (April 25, 2018) when Brock Fredin's twitter (www.twitter.com/brock_fredin, an account his victims have been monitoring but not interacting with in any manner) posted a series of angry messages about Referee Clysdale being a corrupt referee.

Significantly, one of those tweets published by Brock Fredin claims that Referee Clysdale is friends with one of the "corrupt litigants" (Lindsey Middlecamp) and with that tweet, Brock affirmatively published a redacted screenshot of the same message Catherine sent "Kelli." Catherine and Lindsey are the only other people in possession of that message and have never disclosed it to anyone, posted it publicly, or used it in any filings.

This proves one of two things: either Brock directed a third party to contact Catherine, or more likely, Brock himself directly contacted Catherine Schaefer using an anonymous phone number in October 2017 and photos provided to him by a woman online to hide his identity.

This evidence establishes a criminal violation of Catherine's restraining order and lends additional support to Catherine's belief that prior contacts in 2016 and 2017 which Brock has insisted were "telemarketers" were also him acting on his own behalf or via third parties.

Screenshots are attached. My concern about proceeding in the civil context only is that Brock will simply claim he doesn't run this Twitter account (@Brock_Fredin) or doesn't know where that image came from, etc. so I am really hoping someone in law enforcement will have the desire to seize and preserve or subpoena sufficient evidence to prove what Catherine has been saying for years. I understand that resources are tight and there are many victims whose cases require attention, but any help and guidance you can provide would be greatly appreciated.

Thank you,
Lindsey Middlecamp