# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Civil No. 17-cv-3058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER ON MOTION FOR SANCTIONS AND ORDER TO SHOW CAUSE** |
| Lindsay Middlecamp, | |
| Defendant. | |
| | |
| Brock Fredin, | Civil No. 18-cv-0466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller and Catherine Marie Schaefer, | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Brock Fredin's combined motions for "Discovery and Leave to Modify Non-Dispositive Motion Deadline" and "Rule 37 Sanctions Motion or in the Alternative Permission to Serve a Rule 11 Sanctions Motion." [Doc. No. 128 in *Fredin v. Middlecamp*, Case No. 17-cv-3058; Doc. No. 120 in *Fredin v. Miller*, Case No. 18-cv-466.][1]  The Court has already issued one Order on the motions

---

[1]  Plaintiff filed the identical motion and supporting memoranda in each of these actions. For ease of reference, the Court will cite only to the papers filed in the *Middlecamp* case in the following discussion.  Similarly, other filings pertinent to this Order that are

[Doc. No. 134] and incorporates that Order fully by reference here.  Briefly stated, the Court denied the motions insofar as they sought to reopen discovery and extend the non-dispositive motion deadline; and denied the motions for sanctions, except the aspect of the motions alleging that Defendants used or disclosed in violation of the Protective Order information produced by Plaintiff.  The Court required Defendants to respond solely to that aspect of the motions by April 30, 2020.[2]  Defendants timely filed their memorandum in opposition and supporting declarations.  [Doc. Nos. 135–39.]  The Court took the remaining issue under advisement as submitted on the papers.  It now denies the remainder of the motions and orders Plaintiff to show cause why sanctions should not be imposed for requiring Defendants to respond to a motion based on false accusations of wrongdoing.

## II.     DISCUSSION

The only issue left open by the Court's previous Order is whether Defendants should be sanctioned for allegedly using or disclosing confidential information produced by Plaintiff pursuant to the Protective Order.  Plaintiff asserted in the memorandum filed in support of his motion that Defendants "began improperly using information obtained during discovery . . . by reporting the Internet usernames contained in discovery responses." (Pl.'s Mem. Supp. Mot. Sanctions at 2 [Doc. No. 130].)  He stated that

---

substantially identical in both cases will be cited by reference only to the *Middlecamp* docket.  Citation to specific pages refer to the CM/ECF pagination.

[2]  The Court denied the other portions of Plaintiff's motions without the need for a response by Defendants; hence, it instructed Defendants that they need respond only to the portion of the motions alleging a violation of the Protective Order.

"Defendants leaked Internet usernames obtained during discovery by reporting them to third parties and causing Plaintiff prejudice." (*Id.* at 4.) Plaintiff asserted that "this is a violation of the Court's October 15, 2019 Protective Order." (*Id.* at 2 [referring to Doc. No. 107].)

The Protective Order in these cases limits the disclosure and use of confidential information produced in discovery, provided that information is explicitly designated as "Confidential" in the manner provided in the Protective Order. (Protective Order at 5–7, 10–14 [Doc. No. 107].) Because the Court did not have sufficient information to evaluate Plaintiff's claim that information he produced in discovery was designated as confidential under the Protective Order and, if so, was used or disclosed by Defendants in violation of its terms, the Court ordered Defendants to file a memorandum addressing only that issue, including whether the information produced by Plaintiff regarding his "Internet usernames" was in fact designated as confidential under the Protective Order.

Defendants responded and averred in sworn declarations that Plaintiff designated *none* of the information he produced in discovery, including his Internet usernames, as confidential under the Protective Order. (Defs.' Mem. Opp'n Mot. Sanctions at 2 [Doc. No. 135]; Breyer Decl. ¶ 2 [Doc. No. 136].) Thus, Defendants could not possibly have violated the Protective Order by the use or disclosure of any of the information he produced. Moreover, Plaintiff knew or should have known that he did not designate any information as confidential under the Protective Order. Therefore, his motion for sanctions based on a violation of the Protective Order was frivolous.

Given the lack of any support for Plaintiff's accusation of misconduct, Defendants

3

ask the Court to award no less than $4,000 as a sanction for bringing a frivolous motion. (Defs.' Mem. Opp'n Mot. Sanctions at 2; Breyer Decl. ¶ 5.)  That amount is based on Defendants' *pro bono* counsel expending more than 10 hours on the opposition to Plaintiff's motion, at a "typical hourly rate of $420.00."  (Breyer Decl. ¶ 5.)

If a court denies a motion to compel discovery, the court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(B).  The court may not order the payment, however, "if the motion was substantially justified or other circumstances make an award of expenses unjust."  *Id.*  The term "attorney's fees" means "not the amount actually paid or owed by the party to its attorney, but the value of attorney services provided to the party."  *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012).  "In other words, an 'attorney fee' arises when a party uses an attorney, regardless of whether the attorney charges the party a fee; and the amount of the fee is the reasonable value of the attorney's services."  *Id.*  Accordingly, *pro bono* counsel may receive an attorney's fee award under Rule 37.  *See id.* ("The purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse.").

The Court would be hard-pressed, to say the least, to find Plaintiff's motion substantially justified.  However, Rule 37(a)(5)(B) provides Plaintiff an opportunity to respond before the Court determines whether he should be required to pay Defendants' reasonable expenses incurred in opposing the motion.

The Court therefore orders Plaintiff to show cause why he should not be ordered, pursuant to Rule 37(a)(5)(B), to pay Defendants' reasonable expenses, including attorney's fees, incurred in responding to his baseless claim that Defendants should be sanctioned for violating the Court's Protective Order.  Plaintiff's response to this order to show cause may not exceed 1500 words and must be filed on or before Monday, May 11, 2020.  Defendants may not file a reply unless the Court requests that they do so.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Brock Fredin's "Rule 37 Sanctions Motion or in the Alternative Permission to Serve a Rule 11 Sanctions Motion." [Doc. No. 128 in *Fredin v. Middlecamp,* Case No. 17-cv-3058; Doc. No. 120 in *Fredin v. Miller,* Case No. 18-cv-466] is **DENIED**; and

2.    Plaintiff is ordered to show cause why the Court should not order him to pay Defendants their reasonable expenses incurred in opposing that portion of his motions that sought sanctions based on his allegation that Defendants violated the Protective Order.  Plaintiff shall file a written response to this order to show cause, of no more than 1,500 words, on or before **Monday, May 11, 2020**.

**IT IS SO ORDERED.**


Dated:  May 5, 2020              　　　　 s/ *Hildy Bowbeer*
　　　　　　　　　　　　　　　　　HILDY BOWBEER
　　　　　　　　　　　　　　　　　United States Magistrate Judge

5