UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | |
| Plaintiff, | Court File No. 17-cv-03058 (SRN/HB) |
| v. | |
| Lindsey Middlecamp, | |
| Defendant. | |
| | |
| Brock Fredin, | |
| Plaintiff, | Court File No. 18-cv-00466 (SRN/HB) |
| v. | |
| Grace Elizabeth Miller, et al., | |
| Defendant. | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### SANCTIONS AGAINST PLAINTIFF

Defendants Grace Miller, Catherine Schaefer, and Lindsey Middlecamp (collectively, the "Defendants") submit this joint memorandum in opposition to Plaintiff Brock Fredin's ("Fredin") response to the Order to Show Cause.

### DISCUSSION

On April 23, 2020, Plaintiff filed a "Rule 37 Sanctions Motion" claiming that Defendants improperly used information obtained during discovery to get Plaintiff "banned" from various internet sites and that use of the information violated the Court's

October 15, 2019 Protective Order. [Doc. No. 128 in *Fredin v. Middlecamp*, Case No. 17-cv-3058; Doc. No. 120 in *Fredin v. Miller*, Case No. 18-cv-466.][1] Because *none* of the information produced by Plaintiff during discovery was designated confidential – a fact clearly known to Plaintiff – Defendants could not possibly have violated the Protective Order. Thus, the Court determined that Plaintiff's motion for sanctions was frivolous and issued an order to "show cause why sanctions should not be imposed for requiring Defendants to respond to a motion based on false accusations of wrongdoing." [Doc 144 at 2.]

Rather than admit that his sanction motion was knowingly based on false accusations and request leniency from the Court, Plaintiff instead used his memorandum to amplify his false accusations by claiming that "Defendants do not deny and admit to leaking material information and improperly using discovery to report Plaintiff's Internet usernames." [Doc. 145 at 2.] Of course, this is a gross misrepresentation of Defendants' declarations, which make clear that no information obtained during discovery has been used for any purpose other than in defense of this lawsuit. Then, as with every filing, Plaintiff launches into his oft repeated manta that "Defendants have ruined Plaintiff's life, professional livelihood, and used this venue to attack his family" and that Defendants "tortured, kidnapped, and assaulted Plaintiff . . ." as if these additional false accusations somehow justify Plaintiff's frivolous motion. They do not.

---

[1] Docket numbers referenced throughout the memorandum are from *Fredin v. Middlecamp*, Case No. 17-cv-3058, which contain duplicate filings with *Fredin v. Miller*, Case No. 18-cv-466.

Plaintiff has demonstrated time and again that his lawsuits, motion practice, and letters to the Court are not a means to obtain "justice" for any wrongdoing by Defendants, but are instead a means to punish his victims for having obtained HROs against him and, later, being awarded 50-year HROs because Plaintiff criminally violated the original HROs. At least one violation resulted in his incarceration. Plaintiff has misused these proceedings to continue his harassment of Defendants in a manner that the HROs otherwise prohibit. *See* Breyer Decl., Ex. B, Ramsey County Order (prohibiting Brock Fredin from commencing new lawsuits without judicial approval). A monetary sanction for bringing his frivolous sanction motion would deter this conduct.

Attempting to sidestep his responsibilities, Plaintiff' claims that his misconduct should be forgiven because of his *pro se* status. But it is that very status that has allowed him to run amuck. While Defendants and their counsel are bound by professional codes of conduct, and are mindful of their professional reputations before this Court and the public, Plaintiff is seemingly not bound by such constraints. There are no professional consequences for his actions. There are also no financial consequences. Because of Plaintiff's claimed *in forma pauperis* status he is free to file motions without cost, and he has taken the liberty to make numerous filings, each designed to torment Defendants. The lack of financial and professional constraints has only exacerbated Plaintiff's misuse of this Court's docket. Indeed, Plaintiff argues that his "indigent litigant" status should counsel against the Court sanctioning him for his conduct. [Doc. 145 at 5.] But Plaintiff has not been honest with the Court regarding his *in forma pauperis* status. At his deposition Plaintiff testified that he had been employed as a software developer since November 12,

3

2019 and that he was earning $160,000 a year. *See* Declaration of K. Jon Breyer, Ex. A. Despite his employment, Plaintiff apparently continued to avoid paying court costs and motion fees while Defendants dutifully paid each and every filing fee in the numerous cases Plaintiff has initiated. A no time did Plaintiff notify the Court of his lucrative paying job or the change in his *in forma pauperis* status. *See* Minn. Stat § 563.01, Subd. 12 ("A person who fraudulently invokes the privilege of this section shall be guilty of perjury and shall, upon conviction thereof, be punished as provided in section 609.48.) Should the Court be reluctant to assess the size of the monetary sanction requested by Defendants, then the Court should at least revoke Plaintiff's *in forma pauperis* status.

## **CONCLUSION**

For the above reasons, Defendants respectfully ask that the Court award a monetary sanction of no less than $4,000 against Plaintiff and revoke his *in forma pauperis* status. Any lesser sanction would not sufficiently punish and deter Plaintiff.

4849-7337-4652.1

Dated: May 12, 2020

**KUTAK ROCK LLP**

By: /s/ K. Jon Breyer
K. Jon Breyer (#302259)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5057
jon.breyer@kutakrock.com

**BALLARD SPAHR LLP**

By:  /s/ Adam C. Ballinger
Adam C. Ballinger (MN #389058)
2000 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone:   (612) 371-3211
ballingera@ballardspahr.com

*Attorneys for Defendants Lindsey Middlecamp, Grace Elizabeth Miller, and Catherine Marie Schaefer*

5