# Brock Fredin

Hudson, WI • Phone: (612) 424-5512 •
E-Mail: brockfredinlegal@icloud.com

Date: May 19, 2020

**BY PACER**
Hon. Judge Susan Nelson
United States District Court
316 Robert St N
Saint Paul, MN 55101

    Re:    *Fredin v. Middlecamp, Case No. 17-CV-3058*
                 *Fredin v. Miller, Case No. 18-CV-466*

Dear Judge Nelson:

I write to respectfully request by letter motion leave to reply to Defendants May 15, 2020 opposition.

Defendants continue *yet again* to engage in ad-hominem attacks and distortions of the facts. Defendants stated I "likely" sent an anonymous email to an adverse counsel. (*See* Def. Opp. ¶ 6) Nothing could be farther from the truth. I did not send the email and never had any knowledge. If the Court has any doubts, the Court could direct law enforcement to investigate or trace the email. It would undoubtedly trace back to Defendants and their surrogates. It bears noting that Defendants and their counsel have refused to report it for fear of it being traced back to themselves.

Because the denial of discovery is incredibly prejudicial and this Court is rewarding Defendants for improperly leaking information and attacking my late mother, I must notify the Court that I will be filing a Writ of Mandamus with the Eighth (8th) Circuit Court of Appeals seeking review. I am respectfully requesting the Court consider how anyone would feel if an adverse counsel were filing unrelated bloody photos of someone's family within a public docket in order to elicit a reaction. This type of conduct is completely unacceptable. I am respectfully requesting the Court at the very least admonish Defendants for engaging in this attention gaming.

Furthermore, based on public information, I must note that it appears that Defendants have a conflict of interest with the Court. Defendant Schaefer appears to be previously or currently employed as a full-time salaried therapist with the University of Minnesota Human Sexuality Program. *See* Dock. No. 92 in 19-CV-3051. Defendant Schaefer also unequivocally received significant research funding from that same program by way of generous gifts from that programs donors in 2017 or 2018. *See* ¶ 29 at https://www.sexualhealth.umn.edu/sites/sexualhealth.umn.edu/files/annualreport2017.pdf

Finally, I am troubled that all cases appear to get funneled to this Court without any judicial diversity based on a master list by the District Court of Minnesota. Defendant Lindsey

Middleacmp stated on-the-record in state court that all cases are filtered to this Court because the District Court of Minnesota is insulating Defendant Middlecamp's office from her alleged improper conduct documented in pleadings. Indeed, if that is the case, I am respectfully highlighting the need for greater diversity of judicial opinion from various chambers.

## ARGUMENT

I.   Defendants Likely Sent the Anonymous Email

In their opposition, Defendants allege Plaintiff sent an anonymous email. (*See* Def. Opp. ¶ 6) This is yet another blatant distortion from Defendants. Defendants incredulous attempt to blame Plaintiff for their likely conduct continues to be utterly outrageous. The fact that Defendants would brazenly coordinate their activities between multiple attorneys to scam this Court is simply amazing and unprecedented. Even worse, it appears as a sophisticated attack on a non-attorney *pro se* litigant without any accountability *yet again*.[1]

Sadly, this is not the first time Defendants have been caught fabricating evidence to scam the legal system. Defendant Middlecamp is an Ivy-league educated United States Assistant Attorney. Defendant Middlecamp admitted to providing "unique false information" to "fabricate" evidence against Plaintiff.

> The two agreed that if Catherine provided Brock with unique false information he might later include it in a court filing and they would be able to track it to this message exchange. They brainstormed and decided the most believable false information to provide that Brock would be most likely to raise in a legal proceeding would be to fabricate that Lindsey

---

[1] Unlike Defendants, when non-attorney *pro se* Plaintiff makes a legitimate legal mistake based on inexperience, he takes responsibility for it and moves on. Plaintiff is nonetheless grateful for the lesson. Here, Defendants likely sent the anonymous email and fail to take any responsibility whatsoever or apologize for their frivolous attacks. Moreover, Defendants have ruined Plaintiff's life and refuse to apologize or take any reasonable course of action. Instead, they continue to push on with their tortious actions by continuing to create new events. They appear to act as if they believe they are above the law.

(*See* Dock. No. 42 in 19-CV-3051 p. 5 ¶ 12.)  In fact, Defendants and their attorneys were caught <u>red handed</u> sending manufactured emails between Defendant Middlecamp to Defendant Schaefer and Miller, and, most importantly, also to Mr. Breyer and Ballinger to fabricate false police reports and text message exchanges alleging that Defendant Middlecamp or Schaefer themselves were Plaintiff in order to drum up bogus criminal charges.  The April 27, 2020 email appears to be another prime example of their creative scheme.

Moreover, Plaintiff categorically did not send the email and did not have any knowledge of the email until it was brought to his attention by Defendants firm.  It is believed Defendants are using this as a rouse or red herring to conduct forensic investigation of devices.  There is no other plausible explanation for such outrageous conduct.  Indeed, blaming Plaintiff for emails that Defendants likely sent themselves is sanctionable conduct.[2]  *Interpreter Servs. Inc. v. BTB Techs. Inc.*, CIV. 10-4007 (D.S.D. Dec. 29, 2011) (Imposing sanctions on attorneys who produced fake emails in discovery.)

I thank the Court's for its attention to this matter and its continued courtesies.

Respectfully submitted,

  s/ Brock Fredin
Brock Fredin

cc:     All Parties (by Pacer)

---

[2] This is compounded by Defendants repeated violations of Court orders.  Specifically, Defendants knowingly violated the May 5, 2020 Order from Hon. Mag. Judge Bowbeer prohibiting a reply.  Indeed, if the roles were reversed, the Court would have likely altogether struck Plaintiff's filing.