# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>   Defendant. | Case No. 17-cv-3058 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendant Middlecamp.

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller, and<br>Catherine Marie Schaefer,<br><br>   Defendants. | Case No. 18-cv-466 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendants Miller and Schaefer.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Brock Fredin's Objections (17-cv-3058 [Doc. No. 140]/18-cv-466 [Doc. No. 132]), to the magistrate judge's April 24, 2020 Orders (17-cv-3058 [Doc. No. 134]/18-cv-466 [Doc. No. 126]).  For the reasons set forth below, the Objections are overruled, and the April 24, 2020 Orders are affirmed.

## I.     BACKGROUND

In the April 24 Order, Magistrate Judge Bowbeer denied Fredin's third request to reopen discovery and extend the non-dispositive motion deadline.  (Apr. 24, 2020 Order at 2.)  Furthermore, she warned Fredin that if he filed another such motion in either of these two cases, the Court would sanction him.  (*Id.* at 2–3.)  Magistrate Judge Bowbeer also generally denied the portion of Fredin's motion seeking sanctions against Defendants.  (*Id.* at 3.)  However, she lacked sufficient information to rule on one portion of Fredin's motion.  (*Id.* at 4–5.)  Accordingly, she directed Defendants to file a response by April 30, 2020, addressing Fredin's claim that information that he had produced subject to the Protective Orders in these cases was used or disclosed in violation of the Protective Orders.  (*Id.*)  Defendants filed the supplemental materials on April 30.

On May 3, 2020, Fredin filed the instant Objections, arguing that a six-month delay in the trial date "is a new reason necessitating discovery," and that "sanctions [are] appropriate and discovery [is] necessary to continue to uncover Defendant Middlecamp's ongoing stalking campaign."  (Objs. at 4.)

After receiving Defendants' supplemental materials, Magistrate Judge Bowbeer ruled on the remaining issue regarding Plaintiff's motions for sanctions on May 5, 2020.

2

(May 5, 2020 Order [17-cv-3058, Doc. No. 144]/[18-cv-466, Doc. No. 136] at 1–2.) As to Fredin's request for sanctions against Defendants, the magistrate judge found that Fredin had not designated any of the information he produced in discovery as confidential under the Protective Orders, therefore Defendants could not have possibly violated the orders by using or disclosing any of the information he produced. (*Id*. at 3.) Magistrate Judge Bowbeer thus found Plaintiff's motion for sanctions based on a violation of the Protective Orders was frivolous. (*Id*.) Prior to ruling on Defendants' request for a $4,000 sanction against Fredin, however, Magistrate Judge Bowbeer ordered Fredin to show cause why he should not be ordered to pay Defendants' reasonable expenses, including attorney's fees, incurred in opposing the motion. (*Id.* at 4.)

After Fredin filed his response, Magistrate Judge Bowbeer ordered him to pay $1,260 in attorney's fees to Defendants' counsel. (May 18, 2020 Order [17-cv-3058, Doc. No. 151]/[18-cv-466, Doc. No. 143] at 1, 8, 10.)

## II.   DISCUSSION

In reviewing an order from a magistrate judge on nondispositive matters, the standard of review "is extremely deferential." *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). The Court must set aside portions of an order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Such an order is "clearly erroneous" when, after a thorough review of the record, the "court is left with the definite and firm conviction that a mistake has been committed." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Thorne v. Wyeth*, No. 06-cv-3123 (PAM/JJG), 2007 WL 1455989, at * 1 (D. Minn. May 15,

2007)).  The order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

The Court has carefully reviewed Fredin's Objections to the April 24, 2020 Orders, and finds no clear error in Magistrate Judge Bowbeer's rulings.  The magistrate judge properly denied Fredin's requests to reopen discovery, finding that Fredin himself has repeatedly disregarded the Pretrial Scheduling Order.  (Apr. 24, 2020 Order at 2) (citing Oct. 10, 2019 Order; Oct. 29, 2019 Order).  Nor is the Court persuaded that changes to the Pretrial Scheduling Orders in these cases warrant the reopening of discovery, nor does Fredin meet the good cause standard to reopen discovery.  The Court reiterates the magistrate judge's admonishment that if Fredin persists in seeking to reopen discovery in these cases, the Court will impose sanctions against him.  (*Id.* at 2–3.)

The Court likewise rejects Fredin's argument that he should be permitted to investigate Defendants' alleged violation of the Protective Orders.  The magistrate judge found that Fredin's allegations of misconduct were without merit and his motion for sanctions was frivolous.  She did not err in reaching those conclusions.

Nor is the Court persuaded that "new evidence" of alleged "stalking" warrants additional discovery or sanctions against Defendants.  Fredin contends that Defendants sent an anonymous email to their own counsel, providing a link to a published Minnesota Court of Appeals decision, which allegedly "substantiates that [Defendants] continue to engage in wrongdoing to obsessively stalk Plaintiff."  (Objs. at 6; Fredin Decl. [17-cv-3058, Doc.

No. 141]/[18-cv-466, Doc. No. 133], Ex. A.)  This argument is entirely without merit and does not support Fredin's requested relief.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Objections (17-cv-3058 [Doc. No. 140]; 18-cv-466 [Doc. No. 132]) to the April 24, 2020 Order are **OVERRULED**; and

2. The April 24, 2020 Orders [17-cv-3058 [Doc. No. 134]; 18-cv-466 [Doc. No. 126]) are **AFFIRMED**.


Dated:  May 19, 2020                                         s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge