# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>　　　　　Defendant. | Case No. 17-cv-3058 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendant Middlecamp.

| | |
|---|---|
| Brock Fredin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller, and<br>Catherine Marie Schaefer,<br><br>　　　　　Defendants. | Case No. 18-cv-466 (SRN/HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Adam C. Ballinger, Ballard Spahr LLP, 80 S. 8th St., Ste. 2000, Minneapolis, MN 55402; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402, for Defendants Miller and Schaefer.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Brock Fredin's Objections (17-cv-3058 [Doc. No. 154]/18-cv-466 [Doc. No. 146]), to the magistrate judge's May 18, 2020 Orders[1] (17-cv-3058 [Doc. No. 151]/18-cv-466 [Doc. No. 143]).  For the reasons set forth below, the Objections are overruled, and the May 18, 2020 Orders are affirmed.

## I.   BACKGROUND

Magistrate Judge Bowbeer's May 18, 2020 Orders addressed Fredin's responses [17-cv-3058 [Doc. Nos. 145]; 18-cv-466 [Doc. No. 137] to the Court's May 5, 2020 Orders on Defendants' Motion for Sanctions and Order to Show Cause.  Included in Fredin's responses was a May 11, 2020 Ex Parte Sealed Declaration and exhibits [17-cv-3058 [Doc. Nos. 147]; 18-cv-466 [Doc. No. 139].

Fredin had filed Motions for Discovery and Rule 37 Sanctions in both of these cases, 17-cv-3058 and 18-cv-466, accusing Defendants of "improperly using information obtained during discovery . . . by reporting the Internet usernames contained in discovery responses" to third parties.  (*See* May 18, 2020 Orders at 2) (quoting Pl.'s Mem. Supp. Mot. for Sanctions at 2, 4).  He asserted that Defendants' conduct violated the Court's October 15, 2019 Protective Order.  (*Id.*) (citing Pl.'s Mem. Supp. Mot. for Sanctions at 2).

In the May 18, 2020 Orders, Magistrate Judge Bowbeer observed that the Protective Order in these cases limits the disclosure and use of confidential information produced in

---

[1]  Because cases 17-cv-3058 and 18-cv-466 are closely related, the same motions and orders, as relevant here, appear on the dockets of both cases.

discovery, provided the information is expressly designated "Confidential," as proscribed in the Protective Order. (*Id.*) (citing Protective Order at 5–7, 10–14.) Because Magistrate Judge Bowbeer lacked sufficient information to evaluate Fredin's claim that Defendants had violated the Protective Order by disclosing certain documents, she ordered Defendants to file a memorandum limited to this issue, including whether the information provided by Plaintiff regarding his "Internet usernames" was designated as confidential under the Protective Order. (*Id.* at 2–3.)

Defendants submitted sworn declarations in which they stated that Fredin had not designated anything produced in discovery as confidential under the Protective Order, including his Internet usernames. (*Id.* at 3) (citing Defs.' Mem. Opp'n Mot. Sanctions at 2; Breyer Decl.). Accordingly, Magistrate Judge Bowbeer subsequently found that it was factually impossible for Defendants to have violated the Protective Order in the manner Fredin had alleged. (May 5, 2020 Orders at 3.) Further, she found that Fredin knew or should have known that he had not designated any information as confidential under the Protective Order, making his motions for sanctions frivolous. (*Id.*)

Prior to ruling on Defendants' requests for a $4,000 sanction against Fredin for bringing the frivolous motion, Magistrate Judge Bowbeer ordered Fredin to show cause why he should not be ordered to pay Defendants' reasonable expenses, including attorney's fees, incurred in opposing the motion. (*Id.* at 4.)

As noted, along with his response to the show-cause order, Fredin filed, ex parte, a declaration and certain exhibits for in camera review on May 11, 2020.[2] After reviewing Fredin's submissions, Magistrate Judge Bowbeer issued the May 18 Orders, to which Plaintiff objects here, ordering him to pay $1,260 in attorney's fees to Defendants' counsel. (May 18, 2020 Orders at 1, 8, 10.)  In addition, she found that nothing in Fredin's ex parte submissions justified withholding the documents from defense counsel, particularly since they were filed in response to the Court's show-cause order.  (*Id.* at 9.)  Accordingly, the magistrate judge directed Plaintiff to re-file his May 11, 2020 Declaration and attached exhibits without the ex parte designation, within seven days of her May 18 Orders, using normal ECF procedures.  (*Id.*)  Magistrate Judge Bowbeer also noted that Fredin may file the documents under seal in accordance with this Court's Local Rule 5.6, provided they are accessible to defense counsel.  (*Id.*)  The magistrate judge further stated that Fredin could designate the confidentiality of the documents pursuant to the Protective Order, as he saw fit.  (*Id.*)

In Fredin's Objections to the May 18, 2020 Orders, he argues that attorney's fees are not warranted because he filed his sanctions motion in good faith, and the award is "astronomical" and should be reduced to $315. (Obj. at 4–5.)  In addition, he argues that due to privacy concerns, his May 11, 2020 Declaration should not be re-filed. (*Id.* at 6–7.)

---

[2]  As described by the magistrate judge, these documents include portions of Fredin's federal income tax returns, text messages with his brother, a credit report, employment information, DNA match information, Twitter posts, and student loan debt information. (May 18, 2020 Orders at 4.)

## II.     DISCUSSION

In reviewing an order from a magistrate judge on nondispositive matters, the standard of review "is extremely deferential." *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). The Court must set aside portions of an order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Such an order is "clearly erroneous" when, after a thorough review of the record, the "court is left with the definite and firm conviction that a mistake has been committed." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Thorne v. Wyeth*, No. 06-cv-3123 (PAM/JJG), 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007)). The order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### A. Sanctions

In his Objections, Fredin argues that he should not be sanctioned because he argued in good faith that Defendants had "improperly leaked, used, and publicly disclosed information contained in discovery productions." (Obj. at 4.) He argues that the sanctions are disproportionate "to the pro se mistake" of presumably not designating the documents as confidential. (*Id.* at 6.)

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a court denies a motion to compel discovery, it "must, after given an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However,

if the motion was "substantially justified or other circumstances make an award of expenses unjust," the court must not order this payment. *Id.*

The Court finds no error in the magistrate judge's sanctions. Magistrate Judge Bowbeer properly found that Plaintiff's motion was not substantially justified and no circumstances, including Plaintiff's ability to pay, would make an award of expenses unjust. (May 18, 2020 Orders at 6.) Fredin's repeated assertions that Defendants improperly leaked and disclosed documents is thoroughly refuted by the fact that he did not designate the documents as confidential. Fredin himself concedes that fact, stating, "he failed to mark the documents confidential." (Obj. at 4.)

Nor does the Court find any error in the magistrate judge's finding that even if the Court accepted Fredin's claim of limited financial means, it would not insulate him from a monetary sanction for knowingly making a false accusation of wrongdoing against Defendants or their counsel. (May 18, 2020 Orders at 6.) Magistrate Judge Bowbeer properly stated, "Before a party accuses another party or an officer of the court of violating a court order, that party must diligently do his homework. Plaintiff did not." (*Id.* at 7.) Further, Magistrate Judge Bowbeer did not err in rejecting Fredin's plea for leniency based on his pro se status. (*Id.*) She observed that Fredin has initiated ten cases in this District and is a shrewd and sophisticated litigator. (*Id.*) The Court agrees with all of the magistrate judge's findings and conclusions.

Fredin also objects to the amount of the sanctions, arguing that they are "astronomical" and should be reduced to $320. (Obj. at 4–5.) "Attorney's Fees" are "not the amount actually paid or owed by the party to its attorney, but the value of attorney

6

services provided to the party," and such fees may be awarded to a pro bono attorney. (R&R at 5) (citing *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012)); *see also Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984) (holding that pro bono counsel was entitled to an award of attorney's fees under the Equal Access to Justice Act even though counsel served on a pro bono basis).

Magistrate Judge Bowbeer did not err in determining the amount of the award. Although Defendants asked for sanctions in an amount not less than $4,000, Magistrate Judge Bowbeer reduced the award to $1,260, consisting of three hours of attorney time at a billing rate of $420 per hour. Fredin has not persuasively demonstrated that the magistrate judge erred in determining this amount. Accordingly, the Court affirms the magistrate judge's award of attorney's fees under Rule 37(a)(5)(B) in the amount of $1,260. If Fredin has not yet paid this amount during the pendency of these Objections, he shall do so within **30 days** of the date of this Order.

**B. Re-filing the May 11, 2020 Declaration and Attached Exhibits**

Fredin also objects to the magistrate judge's ruling that requires him to re-file the ex parte May 11, 2020 Declaration and attached exhibits. (Obj. at 6–7.) He contends that forcing him to re-file the documents will disclose private information, including his tax returns and social security number. He argues that this violates Federal Rule of Civil Procedure 5.2.

The magistrate judge did not err in ordering Fredin to re-file the documents in question. She properly advised him that he may file the documents under seal in accordance with Local Rule 5.6, provided they are accessible to counsel of record. (May

7

18, 2020 Orders at 8–9.)  Local Rule 5.6 sets forth the procedures used by a party seeking to file a document under seal, and states that it "does not affect a party's obligation to redact personal identifiers under Federal Rule of Civil Procedure 5.2 . . . or any statutory, contractual, or other obligation to keep information confidential."  D. Minn. L.R. 5.6(a)(3). Fredin may redact any information that is subject to redaction as set forth in Federal Rule of Civil Procedure 5.2, and in the manner proscribed for redaction by the rule. Accordingly, the magistrate judge's order does not violate Federal Rule of Civil Procedure 5.2.  Fredin shall re-file the Declaration and exhibits within **seven** days of this Order.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Objections (17-cv-3058 [Doc. No. 154]; 18-cv-466 [Doc. No. 146]) to the May 18, 2020 Orders are **OVERRULED**;

2. The May 18, 2020 Orders [17-cv-3058 [Doc. No. 151]; 18-cv-466 [Doc. No. 143]) are **AFFIRMED**;

3. Plaintiff Brock Fredin shall pay Defendants' attorney K. Jon Breyer $1,260 as a sanction pursuant to Rule 37(a)(5)(B) within 30 days of the date of this Order; and

4. Within seven days of the date of this Order, Plaintiff shall re-file his Sealed Declaration and attached exhibits in accordance with Local Rule 5.6 and in such a way that they are accessible at least by counsel of record.

Dated:  June 16, 2020                                              s/Susan Richard Nelson
                                                                                 SUSAN RICHARD NELSON
                                                                                 United States District Judge