CASE 0:17-cv-03058-SRN-HB   Document 170   Filed 06/26/20   Page 1 of 5

**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Brock Fredin, | Case No. 17-cv-3058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |

| | |
|---|---|
| Brock Fredin, | Case No. 18-cv-0466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller and Catherine Marie Schaefer, | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the letters filed by Defendants Lindsey Middlecamp, Grace Elizabeth Miller, and Catherine Marie Schaefer [Doc. No. 168 in *Fredin v. Middlecamp*, Case No. 17-cv-3058 ("*Middlecamp*"); Doc. No. 160 in *Fredin v. Miller*, Case No. 18-cv-466 ("*Miller*")] and letters filed by Plaintiff Brock Fredin [Doc. No. 169 in *Middlecamp*; Doc. No. 161 in *Miller*]. The letters concern a Sealed Declaration and exhibits [Doc. No. 147 in *Middlecamp*; Doc. No. 139 in *Miller*] that Plaintiff initially filed ex parte in support of his response to an Order to Show Cause and

that the Court later ordered to be filed under seal in accordance with District of Minnesota Local Rule 5.6.

In an Order dated May 18, 2020 [Doc. No. 151 in *Middlecamp*; Doc. No. 143 in *Miller*], this Court found that nothing in the ex parte Sealed Declaration and exhibits justified withholding those documents from review by at least Defendants' counsel. The Court therefore directed Plaintiff to re-file the Sealed Declaration and exhibits without the ex parte designation, using normal ECF procedures. The Court explained that Plaintiff could file the documents under seal in accordance with Local Rule 5.6, as long as he filed them in such a way that they would be at least accessible to counsel of record. Plaintiff appealed, and this Court's Order was affirmed by the District Court on June 16, 2020 [Doc. No. 161 in *Middlecamp*; Doc. No. 153 in *Miller*]. The District Court further explained to Plaintiff that Local Rule 5.6

> "does not affect a party's obligation to redact personal identifiers under Federal Rule of Civil Procedure 5.2 . . . or any statutory, contractual, or other obligation to keep information confidential." D. Minn. L.R. 5.6(a)(3). Fredin may redact any information *that is subject to redaction as set forth in Federal Rule of Civil Procedure 5.2*, and in the manner proscribed for redaction by the rule.

(Order at 8 (emphasis added).) Federal Rule of Civil Procedure 5.2 describes that information as "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial account number." Fed. R. Civ. P. 5.2(a).

On June 24, 2020, Plaintiff filed heavily redacted versions of the Sealed Declaration [Doc. Nos. 166, 167 in *Middlecamp*; Doc. Nos. 158, 159 in *Miller*]. The

sealed versions of the declaration [Doc. No. 166 in *Middlecamp*; Doc. No. 158 in *Miller*] and the unsealed versions [Doc. No. 167 in *Middlecamp*; Doc. No. 159 in *Miller*] contain essentially the same redactions, and a comparison of the four newly filed declarations with the original ex parte Sealed Declaration and attached exhibits reveals that Plaintiff redacted far more than the limited personal identifying information that is described in Federal Rule of Civil Procedure 5.2.  Thus, to the extent he redacted more than Rule 5.2 contemplates, he did not file under temporary seal a version of the Sealed Declaration that is accessible to counsel.

Consequently, Defendants' counsel wrote to the Court on June 24, 2020, asking the Court to require Plaintiff to comply with the Court's Orders and Local Rule 5.6 and file under temporary seal a version of the Sealed Declaration that contains *only* redactions of personal identifiers.  Plaintiff filed a letter in response to Defendants' letter the same day, asserting he has otherwise provided a copy of the Sealed Declaration and exhibits to Defendants' counsel.

Regardless of whether Plaintiff separately provided a copy of the Sealed Declaration and exhibits to Defendants' counsel, he must comply with the Court's Orders and Local Rule 5.6 in filing the documents under temporary seal.  That is, he must file under temporary seal in each of the above-captioned cases the entire Sealed Declaration and attached exhibits, redacting *only* his social security number, taxpayer identification number, birth date, and bank or other financial account numbers.[1]  In addition, exercising

---

[1] As the Court is aware of no reason at this time to include any portion of Plaintiff's social security number, taxpayer identification number, or financial account numbers, the

its discretion under Rule 5.2(e), the Court will permit him to redact his driver's license number and his passport number, to the extent they appear in the Sealed Declaration or any of the attached exhibits.  In all other respects, those documents must be *unredacted.*  As already provided in the Court's prior Order, however, they may be marked as Attorneys' Eyes Only under the terms of the Protective Order, such that the unredacted documents filed under seal may not be shared by counsel with the Defendants themselves.[2]

The Court has considered making the redactions to the ex parte Sealed Declaration and exhibits, and re-filing the documents under temporary seal on Plaintiff's behalf, but given the sensitive nature of the personal identifying information contained therein, the Court believes the better option is to give Plaintiff one final opportunity to redact the personal identifying information himself and file the Sealed Declaration and exhibits under temporary seal in compliance with Local Rule 5.6.  Plaintiff must file the Sealed Declaration and exhibits, redacted only as permitted herein, under temporary seal on or before **July 6, 2020**.  He does not need to re-file the redacted public versions [Doc. No. 167 in *Middlecamp*; Doc. No. 159 in *Miller*], as the Court finds that those adequately meet the requirement of Local Rule 5.6(d)(1)(A).  If Plaintiff does not comply with this

---

Court will allow Plaintiff to redact those numbers in their entirety.  However, pursuant to Rule 5.2(a)(2), to the extent any of the documents at issue include Plaintiff's birthdate, the Court will require that Plaintiff only redact the month and day of his birth but not his birth year.

[2]  If Defendants disagree with the appropriateness of an Attorneys' Eyes Only designation for any of the material contained in the Sealed Declarations or attached exhibits, they may challenge the designation as provided in the Protective Order.

Order, the Court will redact the personal identifying information from the original ex parte Sealed Declaration and attached exhibits, and will file the appropriately redacted documents under temporary seal on Plaintiff's behalf, so that they are accessible to Defendants' counsel.

**IT IS SO ORDERED**.

Dated:  June 26, 2020

                                          s/ *Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge