# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 17-cv-3058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |

| | |
|---|---|
| Brock Fredin, | Case No. 18-cv-0466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller and Catherine Marie Schaefer, | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on letters filed by Plaintiff Brock Fredin [Doc. No. 173 in Case No. 17-cv-3058; Doc. No. 165 in Case No. 18-cv-466]. Plaintiff first asks for permission to file a motion seeking reconsideration of the Court's Order of June 26, 2020. This request is denied because Plaintiff has not shown compelling circumstances that would warrant leave to file a motion to reconsider. See D. Minn. LR 7.1(j).

Plaintiff's second request is for recusal by the undersigned magistrate judge. Under 28 U.S.C. § 455, a judge must recuse herself, *inter alia*, "in any proceeding in which [her] impartiality might reasonably be questioned" or when she "has a personal

bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Similarly, under 28 U.S.C. § 144, a judge must recuse herself "when a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Under either statute, a party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992); *see Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (stating the standard is the same under both § 144 and § 455). The standard for recusal is objective; it "is not a test of whether the judge, or a party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Pope*, 974 F.2d at 985 (citation omitted). "[A] litigant's personal attacks on a judge do not necessarily require recusal," and recusing whenever "a litigant has been critical of a judge would create perverse incentives and enable judge shopping." *Akins*, 863 F.3d at 1086.

The criticisms leveled against the undersigned, viewed objectively, do not reasonably call into question her impartiality or demonstrate personal bias or prejudice. Consequently, Plaintiff's request for recusal is denied.

**IT IS SO ORDERED**.

Dated: June 30, 2020  *s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge