# KUTAKROCK

**Kutak Rock LLP**
60 South Sixth Street, Suite 3400, Minneapolis, MN 55402-4018
office 612.334.5000

**K. Jon Breyer**
612.334.5057
jon.breyer@kutakrock.com

August 19, 2020

*Via ECF*

The Honorable Susan Richard Nelson
U.S. District Court
316 North Robert Street
772 Federal Building
St. Paul, MN 55101

    Re:    *Fredin v. Miller et. al.* (18-cv-00466 SRN/HB)
              *Fredin v. Middlecamp* (17-cv-03058 SRN/HB)

Dear Judge Nelson,

    This letter is in response to the communications by Gordon Parker forwarded to the parties' attention by the Court.

    In 2017, Plaintiff Brock Fredin ("Fredin") went to great lengths to contact third parties he believed to be associated with Defendant Lindsey Middlecamp's ("Middlecamp") anonymous twitter account in order to provide those third parties with her name and other identifying information. Based on that conduct and its adverse effects on her safety and privacy, Middlecamp's harassment restraining order specifically prohibits Fredin from providing third parties with information about Middlecamp from which she can be located or contacted. *See* HRO ¶6. A copy of the HRO is attached.

    Unfortunately, it appears from Mr. Parker's emails that Fredin has violated the HRO once again. There is no conceivable reason Mr. Parker (who by his own admission did not know Middlecamp's name or identifying details when he was active on Twitter in 2014 or 2015) would, five years later, while motions for summary judgment are pending, become aware of Middlecamp's name or location, or Mr. Fredin's litigation against her. We are left to conclude that Fredin has extended his stalking of Middlecamp to identifying negative twitter interactions in order to contact third parties and provide them with a means to harass her directly.

    Although this communication may have bearing on Middlecamp's restraining order proceedings, Mr. Parker's bizarre emails have nothing to do with the allegations in Fredin's Amended Complaint, or any of the issues before this Court. He takes great steps to indicate his

KUTAKROCK

The Honorable Susan Richard Nelson
August 19, 2020
Page 2

email is unsworn and, consequently, concedes its unreliability. The unsolicited communication serves no evidentiary purpose. He is not an individual Fredin disclosed during discovery, his allegations are unsupported by any evidence and, if subject to cross examination under oath, would undoubtedly reveal the specious nature of his communication.

      Accordingly, we ask this Court to disregard these and any future communications from Mr. Parker.

      Sincerely,

      */s/ K. Jon Breyer*

      K. Jon Breyer

Encs.
cc:    Brock Fredin (via ECF)

4815-1255-3160.1

| State of Minnesota | | District Court | |
|---|---|---|---|
| County | | Judicial District: | Second |
| Ramsey | | Court File Number: | 62HRCV19621 |
| | | Case Type: | Harassment |

In the Matter of:

<u>Lindsey Middlecamp</u>
Petitioner

**Order Granting Harassment Restraining Order After Hearing**
(Minn. Stat. § 609.748)

vs.

<u>Brock Willam Fredin</u>

This matter was heard by James Street, Referee of District Court on March 2, 2020.

Appearances were made by:
☒ Petitioner        ☒ Petitioner's Attorney: Karl Johann Breyer
☒ Respondent        ☐ Respondent's Attorney:
☐ Other: _____

Based upon the evidence and all the files, records and proceedings in this matter, the court finds:

1. ☐ The Respondent denies the allegations of the Petition but has no objection to the issuance of a Restraining Order. The court makes no findings of harassment.
2. ☒ There are reasonable grounds to believe that Respondent has engaged in harassment which has or is intended to have a substantial adverse effect on safety, security, or privacy of Petitioner or the minor children or ward(s) of Petitioner by committing the following acts:

   ☐ Physically or sexually assaulted the Petitioner as follows: _____
   ☐ Followed, monitored, or pursued the Petitioner as follows: _____
   ☐ Made uninvited visits to the Petitioner as follows: _____
   ☐ Made harassing phone calls or sent harassing text messages to the Petitioner as follows: _____
   ☐ Made threats to the Petitioner as follows: _____
   ☐ Frightened Petitioner with threatening behavior as follows:
   ☐ Called the Petitioner abusive names as follows: _____
   ☐ Damaged Petitioner's property as follows: _____
   ☐ Broke into and entered Petitioner's residence as follows: _____
   ☐ Stole property from Petitioner as follows: _____
   ☐ Took pictures of the Petitioner without permission of the Petitioner as follows: _____
   ☐ Disseminated private sexual images of the Petitioner without permission of the Petitioner as follows: _____
   ☐ Used personal information, without consent, to invite, encourage, or solicit a third party to engage in a sexual act with the Petitioner as followings: _____
   ☐ Did acts repeatedly that meet the legal definition of "targeted residential picketing" as

      follows: \_\_\_\_\_
      ☐ Attended public events after being notified that Respondent's presence at the events is harassing to Petitioner as follows: \_\_\_\_\_
      ☐ Used social media to harass Petitioner as following: \_\_\_\_\_
      ☒ Other: See attached memorandum.

3. ☐ The harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy.
4. ☒ The relief granted by this order may be for a period of up to 50 years based on the finding that:

    ☐ The petitioner has had two or more previous restraining order in effect against the same respondent; or
    ☒ The respondent has violated a prior or existing restraining order on two or more occasions.

**IT IS ORDERED:**

1. ☒ Respondent shall not harass ☒ Petitioner ☐ Petitioner's minor childred or ward(s
List minor children or ward(s) included in the Petition: \_\_\_\_\_

    a. ☒ Respondent shall have no direct or indirect contact with ☒ Petitioner ☐ Petitioner's minor children or ward(s), including any visits to or phone calls to the protected person(s), contact via electronic means such as email or social networking sites, threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the protected person(s) residence, and/or taking pictures of a protected person without permission of the Petitioner.

    b. ☐ The relief granted does not extend to the Petitioner's minor children or ward(s). The relief requested for the Petitioner's minor children or ward(s) is denied because the harassment is not directed against the Petitioner's minor children or ward(s).

    c. ☒ Respondent is prohibited from being within \_\_\_\_\_ of Petitioner's home at <u>Confidential and/or where the petitioner may reside</u>.

    Except as following: \_\_\_\_\_
    d. ☐ Petitioner's address is confidential. If Respondent knows or learns of Petitioner's address, Respondent is prohibited from being within \_\_\_\_\_ of Petitioner's home.
    e. ☒ Respondent is prohibited from being within \_\_\_\_\_ of Petitioner's job site at <u>confidential</u>.

    Except as follows: \_\_\_\_\_
    f. ☐ This Order shall remain in effect until:
2. ☐ Any requested relief that is not specifically listed above is denied.
3. This Order shall remain in effect until **January 1, 2070**, unless changed by a later court order.
(Date not to exceed two years unless findings made to support longer order.)
4. The Court Administrator shall send a copy of this Order to the following law enforcement agency(s): Confidential County Sheriff's Department and Confidential Police Department. **Every police department and sheriff's office in the United States, including those affiliated with tribal and territorial lands, is responsible for enforcing this Order under 18 U.S.C. § 2265 Full Faith and Credit of Protective Orders.**
5. If Respondent is an organization, this order ☐ shall / ☐ shall not apply to all members of the organization.

6. Other: <u>Respondent shall not anonymously or pseudonymously register or publish websites, contribute to websites or generate social media posts, memes, images, or other online content, or induce others on his behalf, which relate to petitioner, nor shall he anonymously or pseudonymously contact third parties for any reason pertaining to petitioner.  Respondent must use his own legal name to the extent he wishes to communicate with third parties or publish content related to petitioner so that this court may, if necessary, evaluate whether such content or communications constitute harassment.</u>

    <u>Respondent shall not provide to any third party or entity contact information or identifying information of petitioner without prior leave of this court.</u>

    <u>Respondent shall not, as a self-represented party, commence any new litigation asserting claims against petitioner without first obtaining leave of this court or a judicial officer of the court in which that litigation is proposed to be filed.  In the event respondent elects to obtain leave of a judicial officer in the court in which he seeks to file a claim, respondent must provide that judicial officer with a copy of this court's order and accompanying memorandum.</u>

7. The sheriff of any county in Minnesota, or a peace officer, shall perform the duties relating to serving this Order without charge to Petitioner.
8. Respondent is restrained from harassing, stalking, or threatening the protected person(s), or engaging in other conduct that would place the protected person(s) in reasonable fear of bodily injury to that person; and is prohibited from the use; attempted use, or threatened use of physical force against the protected person(s) that would reasonably be expected to cause bodily injury.  18 U.S.C. § 922(g)(8)(B) and (C).

9. The hearing scheduled for June 1, 2020 at 8:30 a.m. shall be stricken from the calendar.

## NOTICE

**Any conduct by the Respondent in violation of the specific provisions provided in the "It Is Ordered" section above constitutes a violation of this Harassment Restraining Order.**  A police officer shall arrest the Respondent without warrant and take the Respondent to jail if the police officer believes the Respondent has violated this Order, and shall hold the Respondent in jail for at least 36 hours, excluding the day of arrest, Sundays, and legal holidays, unless the Respondent is released by a judge or judicial officer.

**Violation of this Harassment Restraining Order may be treated as a misdemeanor, gross misdemeanor, or felony.**  A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a fine of $1000.00.  Some repeat violations are gross misdemeanors that may result in a sentence of up to one year in jail and/or a $3,000.00 fine.  Other violations are felonies that may result in a sentence of imprisonment for up to five years and/or a fine of $10,000.00.

**Federal law may prohibit shipping, transporting, possessing or receiving firearms or ammunition while this order is in effect.  18 U.S.C. § 922(g)(8).**

**If the court grants this Harassment Restraining Order for a period of up to 50 years under Minn. Stat. §609.748 subd. 5, the Respondent must wait 5 years to seek modification of the Harassment Restraining Order.**

Dated: _____    _____
                                  Referee of District Court


Dated: _____    _____
                                  Judge of District Court

**Distribution**

☐ Copy for Petitioner            ☐ Copy for Respondent
☐ Copy for local police department  ☐ Copy for Sheriff
☐ Other:

| | |
|---|---|
| State of Minnesota | District Court |
| Ramsey County | Second Judicial District |
| | Case Type: Harassment |

# Notice of Filing of Order

You are notified that the attached order was filed on March 6, 2020.

                                                Donald Harper
                                                Court Administrator
                                                Ramsey County District Court
                                                25 West Seventh Street
                                                Saint Paul, MN 55102
                                                651-266-5130

A true and correct copy of this notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | COURT FILE NO. 62-HR-CV-19-621 |
| | HARASSMENT |

In the Matter of:

Lindsey Middlecamp,
Petitioner,

                                                  MEMORANDUM

vs.

Brock Fredin,
Respondent.
_____

     1. Minn. Stat. §609.748 provides that if the court finds that respondent has violated a prior or existing restraining order on two or more occasions, relief granted by the restraining order may be for a period of up to 50 years.  Petitioner seeks an order for 50 years.

     2. Collateral estoppel, or issue preclusion, applies only when (1) the issue is identical to the one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Care Institute, Inc. v. County of Ramsey*, 576 N.W.2d 734, 737 (Minn.1998) (citation omitted).

     3. Res judicata, or claim preclusion, applies when a subsequent claim is based either on an issue previously litigated or an issue which might have been litigated in a previous action. *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 (Minn.1988). Res judicata requires (1) a final adjudication on the merits; (2) a subsequent suit

involving the same cause of action; and (3) identical parties or persons in privity with the original parties. *Demers v. City of Minneapolis*, 486 N.W.2d 828, 830 (Minn.App.1992).

    4. Petitioner obtained a two year restraining order after a contested evidentiary hearing on October 2, 2017. Court File 62-HR-CV-17-233. [Exhibit 5].

    5. On February 28, 2018, Judge Warner found, after a contested evidentiary hearing between the parties that respondent had violated the October 2, 2017 harassment restraining order. Court File 62-HR-CV-17-233. [Exhibit 17 at 12]. Judge Warner found that respondent created five (5) separate websites "as a way to air his grievances against the individuals listed in the URLs [uniform resource locator] and to highlight the Petitioner specifically". [Exhibit 17 at 8]. Each website contained a hyperlink to respondent's federal lawsuit against petitioner, which contained petitioner's exact home address. [*Id.*]. Judge Warner found respondent's actions creating the websites were prohibited by and constituted a violation of the harassment restraining order dated October 2, 2017. [*Id.* at 9]. Thus, there were five (5) violations. This decision has not been appealed. It is a final order.

    6. All elements of claim preclusion mentioned above have been met. Judge's Warner's decision is a final decision on the merits, this matter involves the exact issue – whether respondent has violated a previous order for protection, and the parties are identical. The court knows of no reason that claim preclusion should not apply in this case, and so concludes that respondent has violated the October 2, 2017 harassment order five times.

    7. On March 15, 2019 respondent was found guilty after trial by jury of a violation of the harassment restraining order. [Exhibit 18]. This is a final decision on the merits of

the identical issue – whether respondent violated a previous order for protection. Respondent, the estopped party in this case, was a party to the criminal case, and fully litigated the case in front of a jury. All elements of issue preclusion mentioned above have been met. The court knows of no reason that issue preclusion should not apply in this case, and so concludes that respondent has violated the October 2, 2017 harassment order on January 4, 2018.

8. Petitioner is a licensed attorney. She currently works for the United States Attorney's Office. On October 17, 2017, respondent filed a complaint against petitioner to the Office of Lawyers Professional Responsibility. [Exhibit 6]. Petitioner has never represented respondent or opposed respondent in any legal case in her role as an attorney. [Exhibit 6].

9. On November 7, 2017, the Office of Lawyers Professional Responsibility determined that discipline was not warranted without investigation. [Exhibit 7]. On December 12, 2017, respondent appealed the Office of Lawyers Professional Responsibility. [Exhibit 8].

10. On December 22, 2017, respondent added to his appeal by alleging that petitioner retaliated against him for filing the motion for contempt presided over by Judge Warner and which resulted in Judge Warner's February 28, 2018 decision mentioned above. [Exhibit 9].

11. On January 3, 2018, the Office of Lawyers Professional Responsibility affirmed its earlier decision determining there was no discipline warranted. The Board wrote, "[a]fter reviewing the materials provided, I find there is no reasonable belief that

professional misconduct may have occurred and, therefore, no investigation should be initiated." [Exhibit 10 at 1].

12. On August 18, 2017, respondent filed a federal lawsuit against petitioner. Court File 17-CV-3058-SRN-FLN. [Exhibit 11]. On April 13, 2018, a United States Magistrate Judge dismissed a claim by respondent's abuse of process claim against petitioner for filing this harassment restraining order, denied petitioner's motion to dismiss respondent's claim petitioner intentionally inflicted emotional distress upon respondent, and granted petitioner's motion to strike any identifying personal information about petitioner from the federal complaint. [Exhibit 53].

13. On February 16, 2018, respondent filed a federal lawsuit against two other people. Court File 18-CV-466-DWF-KMM. In that lawsuit, respondent refers to petitioner by name. [*See, e.g.* Exhibit 18 at 29, 34, 39-42, 44-45, 49-53, 57, and 61]. Many of the allegations in the lawsuit state petitioner misused her position as a then Minneapolis City Attorney.

14. After the preliminary 2017 restraining order was issued, respondent filed a state civil lawsuit against petitioner which was administratively closed.

15. Since this case was filed on July 12, 2019, respondent has filed a petition for a Writ of Prohibition to the Court of Appeals, added an addendum to the petition, filed a motion to dismiss petitioner's petition for a harassment restraining order, requested a continuance and after one was granted on his behalf objected to petitioner's request for a continuance, filed another motion to dismiss, moved to disqualify petitioner's attorney, and again moved for Rule 11 Sanctions and removal of petitioner's attorney. The motions, affidavits and correspondence contained repetitive and inflammatory material

often times off point from the issue respondent was attempting to address in his pleading. Each one of these pleadings necessarily was served upon petitioner through counsel.

16. Since the federal law suits mentioned above occur in the District Court before which petitioner appears, petitioner has been limited in her ability to appear in front of the judge assigned to those cases. Petitioner credibly testified that respondent's actions have threatened her sense of well-being, impacted her job, and threatened her license to practice law. Petitioner credibly testified that even being cross-examined by respondent caused her to experience anxiety.

17. It is appropriate to issue a harassment order against respondent and prohibit contact with the petitioner as well as limit respondent's ability to harass petitioner through using anonymous or pseudonymous websites or other social media postings as he did in five of the violations mentioned above, or through filing legal actions against petitioner.

18. It is also appropriate to issue an order which limits respondent from using the court system to harass petitioner.

19. The court has issued restraining provisions which are designed to protect petitioner from harassment while balancing respondent's right to express himself freely.

20. In the first part, respondent's right to comment about petitioner in public is protected as long as respondent is transparent. Respondent continues to be prohibited from engaging in conduct which constitutes harassment.

21. In the second part, respondent's right to sue petitioner in court remains intact, but is restricted: he must either have a licensed attorney represent him who is subject to the

CASE 0:17-cv-03058-SRN-HB   Document 185   Filed 08/19/20   Page 13 of 13

ethical duties to bring meritorious claims and contentions or he must obtain leave of this court or a judicial officer of the court in which he seeks to file the claim.

JJS  March 6, 2020