UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>               Plaintiff,<br><br>--against--<br><br>LINDSEY MIDDLECAMP,<br><br>               Defendant. | Case No. **0:17-CV-03058-SRN-HB**<br><br><br>**PLAINTIFF'S MOTION TO STRIKE** |

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in support of his motion to strike Defendant Lindsey Middlecamp ("Defendant Middlecamp") statements contained in the September 3, 2020 reply and declarations and exhibit Dock. No. 195-196 in the above-captioned matter. [Dock. No. 193-197.]

## **PRELIMINARY STATEMENT**

As set forth herein, Defendant Middlecamp's reply is an attempt to sandbag Plaintiff in a last-ditch effort to dismiss these proceedings. Defendant Middlecamp cannot raise new issues and evidence in reply papers. The woman identified in Dock. No. 196-197 is falsely accusing Plaintiff of rape and Plaintiff never had a chance to cross-examine her or Defendant Middlecamp. This is yet another attempt by Defendant Middlecamp to withhold evidence from Plaintiff until the very last moment in an effort to thwart court rules. Indeed, Defendant Middlecamp has a deep history in all court proceedings of withholding her rogue

1

unlawful activities, e.g., emails, subpoenas, and other material evidence from *pro se* Plaintiff. As a result, Plaintiff moves to strike specific granular statements contained in Dock. No. 193-197 and both declarations Dock. No. 195-197.

## STATEMENT OF FACTS

1. Defendant filed a motion for summary judgement. [Dock No. 180.]
2. Plaintiff filed a response. [Dock No. 188.]
3. Defendant filed a reply. [Dock No. 194.]
4. Defendant filed her reply raising new issues and evidence. *Id.*
5. Defendant filed a declaration raising new issues and evidence. [Dock. No. 196-197.]
6. Dock No. 196-197 identified a woman who was not deposed or cross-examined. *Id.*

## LEGAL STANDARD

Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Equal Emp't Opportunity Comm'n v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) Fed. R. Civ. P. 12(f) is designed to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case. *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted). Allegations should be stricken as scandalous if they are irrelevant and "degrade' moral character, contain repulsive language, or detract from the dignity of the court." *Id*. (citation omitted); *see also* 2 Moore's Federal Practice § 12.37 [3], at 12-97; *In re 2TheMart.com,*

*Inc. Sec. Litig.*, 114 F. Supp.2d 955, 965 (C.D. Cal. 2000)(stating that a matter is scandalous where it casts 'a cruelly derogatory light on a party or other person.'"); J*udicial Watch, Inc. v. U.S. Dept. of Commerce*, 224 F.R.D. 261, 263 (D. D.C. 2004) (striking allegations of "outrageous," "atrocious," "improper," "unethical," and "dishonest" conduct as an impermissible attempt to place before the Court irrelevant, impugning and/or inflammatory statements in an obvious attempt to impugn the character…)  Local Rule 7.1(c) (3)(b) states that "a reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response."

## ARGUMENT

As described below, granular statements contained in dock. No. 193-197 should be struck.  Specifically, new evidence and issues raised in her reply including the declarations in Dock. No. 196-197 must be struck.

**I.      Defendant Cannot Raise New Issues and Evidence in Reply Papers**

As described above, Defendant Middlecamp improperly attempts to raise new issues and evidence in reply papers.  L. R. 7.1(c) (3)(b)  The following cases provide strong support and likelihood of success in striking Defendant Middlecamp's sandbagging to raise new issues and evidence in her reply and declarations:

- *Radha Giesmann, MD, P.C. v. Am. HomePatient, Inc.,* No. 4:14CV1538 RLW (E.D. Mo. June 22, 2017) (granting motion to strike declaration)
- *Orthoarm, Inc. v. Forestadent USA, Inc.,* No. 4:06-CV-730 CAS (E.D. Mo. Dec. 14, 2007) (granting motion to strike declaration at summary judgement stage)

- *DNT, LLC v. Sprint Spectrum*, LP, 750 F. Supp. 2d 616 (E.D. Va. 2010) (denying motion to strike a reply brief, but stating that the court would not consider any new issues raised in the brief)
- *Seng-Tiong Ho v. Taflove*, 696 F. Supp. 2d 950 (N.D. Ill. 2010) (granting motion to strike defendants' reply to plaintiffs' response)
- *Karpenski v. Am. Gen. Life Cos.*, 999 F. Supp. 2d 1218 (W.D. Wash. 2014) (granting motion to strike when facts introduced in reply should have been introduced in opening brief)
- *Perry v. Taylor*, CIVIL ACTION No. 12-cv-202-KSF (E.D. Ky. Mar. 4, 2014) (granting motion to strike portion of a reply brief because "[t]he claim regarding [non party] in Petitioner's Reply is a claim raised for the first time in a reply brief. The Sixth Circuit has consistently held that arguments made for the first time in a reply are waived.")
- *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) (refusing to consider new evidence in reply)
- *Gomez v. Lynch,* No. 14-74039 (9th Cir. Aug. 3, 2016) (granting motion to strike new evidence)
- *Hidalgo-Jarquin v. Holder*, No. 09-72043 (9th Cir. Oct. 6, 2011) (granting motion to strike new evidence)
- *Allen v. Champion*, 250 F. App'x 266 (11th Cir. 2007) (granting motion to strike new evidence)
- *Williams v. Walski*, (D. Minn. Aug. 21, 2013) (granting motion to strike)
- *Larsen v. Isanti Cnty.*, Civil No. 18-2191 (JRT/HB) (D. Minn. Jan. 25, 2019) (granting motion to strike based on late response)
- *Equal Emp't Opportunity Comm'n v. Prod. Fabricators, Inc.,* 873 F. Supp. 2d 1093 (D. Minn. 2012) (granting motion to strike)

4

Moreover, all statements contained in paragraphs 1-2 in Dock. No. 195 and 1-5 in Dock. No. 196 must be struck. [Dock. No. 195-196.] Defendant Middlecamp attempts to raise new issues and evidence in her reply. [Dock. No. 193-197.] Specifically, Defendant Middlecamp raises new statements that must be struck in her reply:

- "The February 22, 2017 Facebook post accusing Fredin of rape remains live, unedited, and publicly available. In other words, anyone with a Facebook account searching for the text of the post can find who authored it and confirm that she is a real person with an active Facebook presence. The post received 26 comments of support from other friends who know the woman to be a real person, and 12 shares by other profiles. Fredin has had the ability to search for and determine the author since 2017." (Def. Resp. ¶ 4.)

- "On February 22, 2017, Middlecamp saw a public Facebook post by someone she was not acquainted with that accused Fredin of rape. (Middlecamp Decl. ¶ 2) Middlecamp contacted the individual via Facebook and offered to connect her with a rape survivor support community which Middlecamp was affiliated with. (Id.) The individual confirmed she was interested in being put in touch with that community. (Id.) During their conversation, the individual also expressed a desire to have her story shared with others. Middlecamp elected to redact the individual's name from the screenshot Middlecamp shared to her Twitter account because she did not want the individual to receive unwanted attention from strangers on the internet. (Id.) Middlecamp shared the post believing the veracity of the allegation and believing it was important to share as a matter of public concern." (Def. Resp. ¶ 3.)

- "February 2017, Middlecamp shared a third party's published allegation that Fredin had raped that third party in 2010." (Def. Resp. ¶ 2.)

5

Moreover, the declarations and exhibit docketed as 195-197 must be struck. *Id.* The declarations are related to new issues and evidence raised in Defendant Middlecamp's reply. *Id.* This is a new issue and evidence that was not raised in Defendants response papers or at any other stage. *Id.* Only now, at the very last minute, without ever disclosing the evidence at any previous stage, or any previous pleading, Defendant Middlecamp raises new evidence. *Id.* The individual named in Dock. No. 196 was never deposed. *Id.* The individual and Ms. Middlecamp's "failure to fully submit to cross-examination was planned and calculated as a measure to harass and create hardship for Plaintiff." *Mathes v. Mid-Century Insurance Company*, No. 4:06-CV-01161 SNL (E.D. Mo. Jan. 25, 2008) Specifically, Plaintiff did not have any chance to cross-examine the individual before she generated a false declaration. [Dock. No. 196.] The individual named did not sign the declaration or obtain an actual notary. *Id.* Still yet, in a last-ditch effort to dismiss this case, Defendant Middlecamp attempts her usual, obsessive, and completely unethical conduct of raising new evidence at the last minute to sandbag Plaintiff. Middlecamp's insane facially unconstitutional fifty-year (50) restraining order barring lawsuits matches the timing of this sandbag attempt by attempting to preclude Plaintiff from redress further proving Defendant Middlecamp's collusion and coordination with the state court. *Fredin v. Street*, Case No. 19-CV-2864. Moreover, it proves the financial source of Karl Johann Breyer's *pro bono* representation is likely affiliated with the state court system. If a party raises new arguments and evidence in a reply, a court must strike it or give leave to file a surreply. *Meinders v. UnitedHealthcare*, Inc. 800 F.3d 853 (7th Cir. 9/1/15) *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005) (observing that

6

courts generally disfavor the inclusion of new evidence in reply briefs) *Atchley v. Pepperidge Farm, Inc.,* No. CV-04-0452-FVS, 2008 WL 2074035, at *7 (E.D. Wash. May 14, 2008) (Fed. R. Civ. P. Rule 56 does not specifically address the propriety of evidence submitted for the first time with reply briefs. ) *Parks v. Hillsdale Cmty. Health Ctr.,* No. 1:98-CV-204, 1999 WL 893852, at *2 (W.D. Mich. May 20, 1999) (choosing not to consider new reply brief evidence without determining whether such evidence is allowed); *Viero v. Bufano,* 925 F. Supp. 1374 (N.D. Ill. 1996) at 1379-80 (admonishing defendants's last-minute attempts to bolster the record in their favor with new evidence in reply); Viero, 925 F. Supp. at 1380 (declining to consider defendant's supplemental affidavit);

As a result, Defendant Middlecamp's sham declarations are inherently prejudicial. *Hankins v. Title Max of Ala.*, Inc., 12 Wage & Hour Cas. 2d (BNA) 1796, 1803 (N.D. Ala. 2006) (exclusion of sham testimony is appropriate in any case where earlier sworn testimony is subsequently conflicted.); *Danis v. USN Commc'ns, Inc.*, 121 F. Supp. 2d 1183, 1189 (N.D. Ill. 2000) (stating courts should rely on deposition testimony when affidavit contradicts prior deposition). *Jiminez v. All Am. Rathskeller, Inc.,* 503 F.3d 247, 253 (3d Cir. 2007) (supporting sham affidavit doctrine because depositions are more reliable than affidavits); *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994) (stating depositions more reliable than affidavits due to opportunity for cross-examination).

## **CONCLUSION**

For the reasons set forth above, Plaintiff moves to strike as described above.

Dated: September 4, 2020

                                              s/ Brock Fredin  
                                              Brock Fredin  
                                              Saint Croix Co., WI 54016  
                                              (612) 424-5512 (tel.)  
                                              brockfredinlegal@icloud.com  
                                              Plaintiff, *Pro Se*