UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | |
| Plaintiff, | Court File No. 17-cv-03058 (SRN/HB) |
| v. | |
| Lindsey Middlecamp, | **DEFENDANT MIDDLECAMP'S OPPOSITION TO FREDIN'S MOTION TO STRIKE** |
| Defendant. | |

Defendant Lindsey Middlecamp, by and through her undersigned Counsel, hereby submits this Opposition to the Motion to Strike (Doc. 200) filed by Plaintiff Brock Fredin.

### INTRODUCTION

Fredin argues that Defendant's Reply attempts to raise "new issues" and "new evidence" and should be stricken. Specifically, Fredin is disturbed by the declaration of his rape victim, JK[1]. The issue of the alleged rape is not new. Fredin's Amended Complaint alleges that "Defendant posted on her Twitter account in January 2017 that Plaintiff 'raped' an unnamed woman – a woman that likely does not even exist and was wholly contrived by Defendant." (Doc. 5 ¶2.) The allegation is the basis for Fredin's defamation claim. Consequently, the issue is not new.

Nevertheless, Fredin claims to be surprised by the declaration and contends that he did not have a chance to cross examine his rape victim or Middlecamp. Fredin was provided

---

[1] As a courtesy to the victim, her initials rather than her full name will be used in this brief.

4836-3140-1676.1

a sufficient opportunity to conduct discovery under the Court's Scheduling Order and instead chose not to serve any written discovery or take any depositions. (Doc. 102 at pp. 2-6.) Regardless of his failure to conduct any discovery, Fredin knows exactly who he raped, and he knows the source of those allegations. Indeed, Fredin has specifically named his rape victim in discovery in Middlecamp's harassment restraining order case in Ramsey County District Court (62-HR-CV-17-233) and he possesses the online postings he complains about. *See* Declaration of K. Jon Breyer Ex. 1 - Interrogatory No. 11(e); Ex. 2 - Request for Production No. 5; Ex. 3 - Request for Admissions at Ex. 12.

Additionally, Fredin evaded efforts to answer Defendant's discovery in this case regarding his knowledge of JK's allegation. When asked about a Facebook post from 2017 in which Fredin referred to the rape allegation as one arising from an individual engaging in consensual intimacy, but cheating on her fiancé, he refused to answer questions and claimed to have no idea who that post may have been referring to. *See* Second Declaration of K. Jon Breyer, Doc. 193-2. Fredin's testimony was incredulous and clearly indicates that he knows of JK and her truthful allegation. Breyer Decl. Ex. 4.

Fredin's claims that he was blindsided and sandbagged are disingenuous, as is his contention that his rape victim was unknown to him – a truly astonishing claim. Fredin's conduct in this case and others has been abhorrent, but his latest action of suing his rape victim in retaliation for her courageousness in coming forward is truly repulsive. *See Fredin v. [JK]* (D. Minn. Court File No. 20-CV-1929).

**<u>ARGUMENT</u>**

The Court has liberal discretion in deciding whether to grant a Rule 12(f) motion to strike. *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012). Although such a motion may be granted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," a motion to strike is an "extreme measure" that is "viewed with disfavor in the Eighth Circuit and are infrequently granted." *Id*. (citing *Stanbury Law Firm, P.A. v. Internal Revenue Serv*., 221 F.3d 1059, 1063 (8th Cir.2000)).

### I. The Evidence in the Reply Should Not be Stricken

After describing the standard for a Rule 12(f) motion, Fredin makes no attempt to explain why the evidence he complains of is so "redundant, immaterial, impertinent, or scandalous" as to warrant it being struck from the record. His motion is both procedurally improper and substantively flawed. It should be denied.

*A. Fredin's Motion is Procedurally Improper*

Rule 12(f) states that "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis supplied). A reply memorandum and the exhibits thereto are not a pleading. This difference is not merely semantics—this Court has recognized that even motions to dismiss under Rule 12 are not within the scope of a motion to strike. *Albert v. GEICO Gen. Ins. Co.*, No. 18-CV-113 (SRN/ECW), 2019 WL 1058251, at *6 (D. Minn. Mar. 5, 2019), aff'd, 784 F. App'x 978 (8th Cir. 2019) ("Motions to strike are not authorized by the Federal Rules of Civil Procedure or the local rules of this Court except when they target a

3

pleading."); *See also Zellner-Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587 PJS/JSM, 2012 WL 2952251, at *1 (D. Minn. July 19, 2012).

When a motion to strike is used, as it is here, it serves "no purpose other than to crowd the docket and circumvent court rules limiting the number and length of memoranda." *Albert* 2019 WL 1058251, at *6; *See also Carlson Mktg Grp., Inc. v. Royal Indem. Co.*, No. 04–3368, 2006 WL 2917173, at *2 (D. Minn. Oct.11, 2006). The procedural defects alone are enough for the Court to deny Fredin's motion. *See* Zellner-Dion 2012 WL 2952251, at *1 n. 1 (D. Minn. July 19, 2012).

### B. Fredin's Motion is Substantively Defective

Procedural defects notwithstanding, Fredin cannot come close to meeting the high bar required for such an "extreme remedy" as a motion to strike. Motions to strike are denied when the material in question "fairly presents a question of law or fact which the court ought to hear." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F.Supp.2d at 1097 (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). In this case, Fredin complains about three specific statements contained in the Reply, along with the Declaration of Lindsay Middlecamp (Doc. 195), Declaration of Jamie Kreil (Doc. 196), and Exhibit A thereto (Doc. 197).

The evidence submitted by Defendant speaks directly to Fredin's argument raised in his Amended Complaint and addressed in his opposition memorandum that Defendant "conjured up fake women" to support her statements. (Opp. Br. at 10). That allegation is absurd, and the evidence submitted by Defendant is proof. This evidence should not be stricken; it is evidence that the Court should hear. Importantly, Defendant is not asking the

4

Court to evaluate the truth or falsity of the Declarations. Rather, they are provided to bolster the point that Fredin has put forth no evidence, other than far-fetched conspiracy theories, to support his claims.

## II. The Court Should Not Ignore the Evidence

If the Court ultimately interprets Fredin's request as a request to not consider "new evidence" (rather than to strike the Reply), then that request should also fail.

First, the "new evidence" that Fredin complains of is not new to Fredin. All of his complaints relate to the identity of his rape victim, along with the victim's Declaration that the statements in the February 22, 2017 Facebook post (Doc. 197) are true. And as evidenced by his discovery requests in Middlecamp's HRO proceeding, he has known of JK and her allegations for years. *See* Breyer Declaration Exs. 1-3.  It is disingenuous for Fredin to argue that he was somehow blindsided by this testimony. Indeed, as outlined in Defendant's reply memorandum, Fredin authored his own Facebook post in March or April 2017 which referred to the rape allegation and its author. (*See* Breyer Decl. in Supp. of Reply, Exs. 1 & 2). Thus, inclusion of the evidence in the reply memorandum was not prejudicial to Fredin, and in any event, he failed to articulate any prejudice. *See Harris v. Chipotle Mexican Grill, Inc.*, No. 13-CV-1719 SRN/SER, 2014 WL 4449670, at *5 (D. Minn. Apr. 10, 2014), report and recommendation adopted in part, 49 F. Supp. 3d 564 (D. Minn. 2014) (noting this Court's decision to deny a request for a sur-reply to new evidence presented in a reply because the party did not adequately articulate its prejudice, and which was not evident from the face of the reply).

5

Second, even if the evidence submitted by Defendant could be construed as "new evidence," it should still be considered by the Court. Minnesota law does not bar the inclusion of supporting affidavits or declarations to a reply memorandum. The 1999 Advisory Committee's Note to Local Rule 7.1.(B)(2) states, in part, "[a]lthough the rule makes provision for a Reply Memorandum, it neither permits nor prohibits the moving party from filing affidavits or other factual material therewith. . . . Reply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated." *See also Buffets, Inc. v. LGI Energy Sols., Inc.*, No. CIV. 09-548 DSD/JJK, 2009 WL 2929436, at *4 (D. Minn. Sept. 8, 2009).

Anticipating the arguments that Fredin chose to raise in his opposition to Defendant's summary judgment motion was difficult, to say the least. One argument that he raised in his opposition was that Defendant "conjured up fake women to produce her [February 22, 2017] Tweet." (Opp. Br. at 10). The evidence submitted by Defendant in her reply addressed this contention directly. Moreover, Defendant did not include this evidence in her reply "in order to gain an advantage," rather, Defendant did not want to re-publicize the victim's name without (1) obtaining her permission and (2) it being absolutely necessary.

The Court should consider all of the evidence submitted by Defendant in her motion for summary judgment and reply in support thereof. There is no basis in law or fact for the Court to strike any evidence submitted by Defendant. Moreover, the Court is not required to grant Fredin a sur-reply in this instance because the Declarations submitted in her reply were necessitated by Fredin's own conspiracy theories raised by him in his opposition

6

brief. Alternatively, if the Court is concerned about giving Fredin an opportunity to respond to the reply (which he already has done by filing this motion), it should grant him leave to file a very limited sur-reply rather than ignore this important evidence.

## CONCLUSION

For the reasons outlined above, Defendant respectfully asks that the Court deny Plaintiff's Motion to Strike (Doc. 200).

Date:  September 23, 2020         **KUTAK ROCK LLP**

By: */s/ K. Jon Breyer*
K. Jon Breyer (MN #302259)
60 South Sixth Street
Suite 3400
Minneapolis, Minnesota 55402
Telephone:   (612) 334-5057
Jon.breyer@kutakrock.com

***Attorney for Defendant Lindsey Middlecamp***