# EXHIBIT 2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT<br>FAMILY COURT<br>CASE TYPE: Family Other |

-----------------------------------------------------------X

LINDSEY MIDDLECAMP,

               Petitioner,

           -- against --                        Court File No.: 62-HR-CV-17-233

BROCK FREDIN,

               Respondent.

-----------------------------------------------------------X

## RESPONDENT BROCK FREDIN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of Civil Procedure for the District Court of Minnesota, Plaintiff requests that Petitioner Lindsey Middlecamp ("Petitioner"), or her attorneys, produce and permit Respondent Brock Fredin ("Respondent") to inspect the designated documents requested below. Said inspection and copying is to take place by sending copies of the requested documents to Respondent at 1905 Iris Bay, Hudson, WI 54016 or other mutually agreeable location within thirty (30) days of this request.

This is a continuing request. In the event that any documents or things requested herein are subsequently disclosed to, discovered or created by Petitioner or any of her attorneys, agents, representatives or any other person acting for her or on her behalf, up to an including the time of trial, any such documents and things are to be promptly furnished to Respondent pursuant to this request.

DEFINITIONS

a. "You" or "Your" means Petitioner Lindsey Middlecamp in the action *Lindsey Middlecamp v. Brock Fredin*, Court File No.: 62-HR-CV-17-233, pending in the Minnesota District Court for the County of Ramsey, Second Judicial District, and any other person acting or purporting to act under the authority or on behalf of Petitioner Lindsey Middlecamp, including her agents, attorneys and representatives.

b. "Brock Fredin" or "Respondent" means Respondent Brock Fredin in the *Lindsey Middlecamp v. Brock Fredin*, Court File No.: 62-HR-CV-17-233, pending in the Minnesota District Court for the County of Ramsey, Second Judicial District.

c. "Document" includes, without limitations, all original written, typed or recorded material or thing of any nature whatsoever, including but not limited to electronic, electromagnetic, or digital recordings, files, or computerized data files and compilations, such as emails, facsimiles correspondence, notes, memoranda, digital photographs, word documents, digital media, text messages, photographs, metadata and reports, in Your possession, custody or control, in the possession, custody or control of Your Chambers, or Your present or former attorneys, agents, representatives or other persons acting or purporting to act on Your behalf's possession, custody or control. "Document" also included any document affixed to or attached to any document otherwise responsive to this demand, all drafts, and all non-identical copies regardless of origin or location.

d. The term "communication" means, without limitation, any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation, contact or discussion, whether face-to-face or by means of telephone,

2

letter, correspondence, memorandum, facsimile, e-mail, instant message, social media, text message or any other electronic or media, form, where by chance or design.

    e.    "Including" means "including without limitation."

    f.    A document or communication "concerning" or "relating to" a given subject matter means that it concerns, constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes or analyzed that subject, including documents, communications or correspondence concerning the contents of other documents, communications or correspondence.

    g.    The connective "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these response all responses that might otherwise be construed to be outside of its scope and to give this Demand the broadest reading.

    h.    The singular form of a word shall be construed to include within its meaning the plural form of the word and vice versa and the use of any tense of any verb shall be considered to also include all other tenses in a manner that gives this Demand the broadest reading.

## INSTRUCTIONS

    a.    You are required to produce to Respondent Brock Fredin all documents responsive, in whole or in any part, to this demand schedule, regardless of where they are located, that are in Your possession, custody or control or the possession, custody or control of any of Your agents, attorneys, representatives or other persons acting or purporting to act on Your behalf.

    b.    You are required to separate the documents to be produced according to the particular paragraph of this demand schedule to which they are responsive, and place the documents responsive to each paragraph in a separate file folder or other enclosure. You shall

mark each folder with Your name, the date of the demand and the paragraph of this demand schedule to which the documents are responsive.

      c.      Each page of any responsive document produced should be identified in the lower right-hand corner by Your initials followed by a consecutive number, preferably marked in red or dark blue so that copies can be distinguished from original number documents.

      d.      On the return date of this Demand, You are required to produce to Respondent Brock Fredin all documents requested at 1905 Iris Bay, Hudson, WI 54016 or other mutually agreeable location.

      e.      No document required by this Demand shall be destroyed, modified, redacted, removed or otherwise made inaccessible to the parties in the above-captioned litigation.

      f.      If You have knowledge of any document that would be responsive to this Demand but that has been lost, destroyed or discarded, You shall identify to the extent possible each such document and provide an explanation of the loss, destruction, or discarding (including identification of each person having knowledge of the loss, destruction or discarding).

      g.      If You withhold from production any responsive document on the ground of any privilege, You shall list each document by date, type addressee, author (and if different, the preparer and signatory), general subject matter, number of pages, paragraph of the demand to which the document is responsive, and indicated or known circulation, including the names and titles of all persons to whom the document, or a copy thereof, or any part thereof, was shown.  In addition, You shall indicate the privilege asserted with respect to each such document in sufficient detail to facilitate a determination of the validity of the claim of privilege.  Any demanded document withheld as privileged, or for any other reasons not produced to Respondent Brock Fredin, shall be maintained by You in a secure location until the conclusion of this matter.

4

REQUESTS FOR PRODUCTION

1. All documents in Your possession, custody or control concerning, relating to and/or referencing Brock Fredin.

2. All communications between You and Grace Miller concerning or relating to Brock Fredin.

3. All communications between You and Catherine Schaefer concerning or relating to Brock Fredin.

4. All communications between You and Karmen McQuitty concerning or relating to Brock Fredin.

5. All communications between You and Jamie Kreil Bajurny concerning or relating to Brock Fredin.

6. All communications between You and Mike Mullen of City Pages concerning or relating to Brock Fredin.

7. All documents evidencing Your control, authorship and/or ownership of the Twitter account @CardsAgstHrsmt.

8. All documents evidencing posts You have made concerning or relating to Brock Fredin on the @CardsAgstHrsmt Twitter account.

9. All documents evidencing posts You have made on the @CardsAgstHrsmt Twitter Account with the Hashtag #ShirtlessShamers or #ShirtlessShamers2016.

10. All documents and communications evidencing publicity you have received in any form concerning the @CardsAgstHrsmt Twitter Account.

11. All communications between You and Jenavieve Hatch concerning or relating to Brock Fredin.

12. All communications between You and Mark Shrayber concerning or relating to Brock Fredin.

13. All communications between You and 612 Suana Society, including but not limited to any of its members, employees, agents or representatives, concerning or relating to Brock Fredin.

14. All communications between You and City Attorney Susan Segal concerning or relating to Brock Fredin.

15. All communications between You and the Minneapolis Police Department concerning or relating to Brock Fredin.

Dated: July 12, 2017
Hudson, WI                                          /s/ Brock Fredin
                                                    _____
                                                    Brock Fredin
                                                    1905 Iris Bay
                                                    Hudson, WI 54016
                                                    (415) 283-8366 (tel.)
                                                    brockf12@gmail.com
                                                    *Respondent, Pro Se*

TO:   Michael Boulette
      Messerli & Kramer
      1400 Fifth Street Towers
      100 South Fifth Street
      Minneapolis, MN 55402-1217
      *Counsel for Petitioner*
      *Lindsey Middlecamp*