## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BROCK FREDIN,

              Plaintiff,

--against--

LINDSEY MIDDLECAMP,

              Defendant.

Case No. **0:17-CV-03058-SRN-HB**

**PLAINTIFF'S SUR-REPLY**

---

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this sur-reply in response to Defendant Lindsey Middlecamp's ("Defendant") motion for summary judgement including Defendant's motion to strike response and subsequent reply papers:

### <u>SURREPLY</u>

1.      At issue in this case is Defendant's republication and endorsement of *per se* defamatory statements. Specifically, Defendant posted "[t]he power of sharing. Within hours of the stalking post going up, a rape survivor comes forward. He remains free. (Shared w/her permission)"

2.      In this proceeding, Plaintiff's submissions, including submissions under oath, and during deposition testimony, Plaintiff has vehemently denied any such allegations.

3.      Defendant asserts that her statements are true. In support of this, she has submitted a phony unsigned affidavit from Ms. Kreil. Notably, Ms. Kreil was not

deposed during discovery, not listed as a witness, and her name has been withheld for several years while this matter was pending. Even more important, Ms. Kreil's affirmation was attached in summary judgement reply papers and not Defendant's original summary judgement motion in an attempt to unethically sandbag Plaintiff with new alleged facts.

4.     The standard for granting a summary judgement motion is that the movant i.e. Defendant must show "there is no genuine dispute as to any material fact". Fed. R. Civ. Proc. R. 56(a)  The key material issue in this case is whether Defendant and Ms. Kreil's statements that Plaintiff "raped" Ms. Kreil are true, if they are (which they are not), Defendant is entitled to a defamation claim of truth. If the statements are not true, Defendant's statements are *per se* defamatory entitling Plaintiff to relief.

5.     The key material fact i.e. did Plaintiff rape Ms. Kreil is without question in dispute.  Plaintiff adamantly denies raping Ms. Kreil.  Defendant and Ms. Kreil assert that Plaintiff did rape Ms. Kreil.  Consequently, there is a genuine dispute as to the material facts of this case and summary judgement is therefore inappropriate and the material issue whether or not Plaintiff raped Ms. Kreil must be determined by a jury.

Dated: September 26, 2020

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54016
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
Plaintiff, *Pro Se*

2