# EXHIBIT 1

## State of Minnesota

| | | |
|---|---|---|
| County | Judicial District: | Second |
| | Court File Number: | 62-HR-CV-16-46 |
| | | 62-HR-CV-18-202 |
| Ramsey | Case Type: | **Harassment** |

## District Court

Grace Elizabeth Miller

Petitioner(s)

vs.

Brock Fredin

Respondent(s)

# MEMORANDUM

Two matters were heard by the Honorable Patrick C. Diamond, Judge of District Court, for an evidentiary hearing on April 9, 2018: (1) Petitioner's motion for an Order to Show Cause filed in 62-HR-CV-16-46; and (2) Petitioner's second HRO petition filed in 62-HR-CV-18-202. The bases for Petitioner's motion and second HRO petitioner are the same and are both addressed in this order. Petitioner Grace Miller appeared and was represented by Karmen McQuitty, Esq. Respondent Brock Fredin appeared and was represented by Christina Zauhar. There were no other appearances. The Court incorporates the following into its Order Granting Petitioner's Motion for Contempt in 62-HR-CV-16-46 and Petitioner's second HRO Petitioner filed in 62-HR-CV-18-202.

## FINDINGS OF FACT

1. Petitioner and Respondent met online in 2015.

2. On or about December 6, 2015, Petitioner attempted to end all communications with Respondent, but Respondent continued to communicate with Petitioner by text message and Facebook message. Petitioner repeatedly told Respondent via text message not to contact her again, but Respondent continued. Petitioner blocked two (2) phone numbers she had that she associated with Respondent and also blocked Respondent on Facebook messenger.

3. On or about December 10, 2015, Respondent then contacted Petitioner from a third, different phone number and continued to text Petitioner, repeatedly asking Petitioner to spend time with Respondent, begging for forgiveness, and requesting Petitioner not block Respondent from communication. Respondent responded to Petitioner's efforts texting "I don't want to lose you" and "[m]y heart feels

like it's going to die."  Respondent stopped texting Petitioner on December 10, 2018, only when Petitioner threated to call the police.

4. Thereafter Respondent briefly stopped contacting Petitioner but later resumed unwanted communication, emailing Petitioner on January 3, 2016, stating "I miss you. I'm sorry. Have so much to tell you."  Petitioner responded stating "I told you to leave me alone" and stated that if Respondent contacted her again, she would call the police.

5. Then again on January 24, 2016, Respondent sent $50.00 unsolicited via PayPal to Petitioner with a message "Thank you for everything."  Petitioner refunded the money and blocked Respondent's email address field.gator@gmail.com.  Petitioner also discovered two (2) additional emails from Respondent in her spam folder of her email.

6. Petitioner filed her first Petition and Affidavit for Harassment Restraining Order against Respondent on January 28, 2016.

7. The Court granted Petitioner's Harassment Restraining Order against Respondent on March 22, 2016 ("2016 HRO") following an evidentiary hearing in Court File Number 62-HR-CV-16-46.

8. When it granted the 2016 HRO, the Court found that "[t]here are reasonable grounds to believe that Respondent(s) has engaged in harassment of Petitioner(s) . . . by committing the following acts: respondent made repeated, unwanted contact with petitioner by continuing to communicate with petitioner despite being asked to stop all contact, having the Facebook account blocked and two separate telephone numbers blocked." The Court further found that "[t]he harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy."

9. The 2016 HRO order restricted Respondent from "direct or indirect contact with Petitioner, including any visits to or phone calls to the protected person(s), contact via electronic means such as email or social networking sites . . ." and prohibited Respondent "from being within 2 city blocks or 1/4 mile in all directions, whichever distance is greater" from both Petitioner's home and workplace, which is the University of Minnesota Department of English.

10. The 2016 HRO remained in effect from March 22, 2018 through March 22, 2018.

11. On September 13, 2016, Petitioner filed a a motion for Civil Contempt of Court against Respondent in 62-HR-CV-16-46, seeking an order prohibiting Respondent from posting about Petitioner on any form of social media after Petitioner found posts about her on Facebook and DatingPsychos.com.  Petitioner withdrew her motion on September 26, 2016, before a hearing on the matter, stating that "all posts regarding Petitioner, as of this date, have been removed."

12. On December 6, 2017, Petitioner filed a motion for immediate relief in 62-HR-CV-16-46, seeking an Order requiring Respondent to take down the site www.majorgracemiller.com.

13. On December 6, 2017, the Court granted Petitioner's motion for immediate relief.

14. On December 29, 2017, Petitioner filed a second motion for Civil Contempt of Court in 62-HR-CV-16-46, which again sought an order for removal of content about Petitioner from the internet. The motion also requested that the Court modify the prohibitory language of the 2016 HRO to more specifically preclude certain postings by Respondent about Petitioner.

15. On March 9, 2018, the Court held a hearing on Petitioner's motion to show cause and motion seeking modification of the 2016 HRO. At the hearing, Petitioner requested to continue the hearing regarding the Order to Show Cause but requested the Court to rule on the motion to modify.

16. On March 13, 2018, while to Respondents motions were pending, Petitioner filed a new Petition for a Harassment Restraining Order.  The Petition for a new Harassment Restraining Order was filed in 62-HR-CV-18-202.  The Petition seeks a new HRO of a duration of 50 years.  The Petition is based on conduct occurring after the 2016 HRO was issued that, Petitioner alleges, was also in violation of the 2016 HRO.  Therefore conduct that is the subject of Petitioner's second motion for an order to show cause in 62-HR-CV-16-46 also serves as the basis for the Petitioner for an HRO in 62-HR-CV-18-202 – the 50 year HRO request.

17. On March 20, 2018, the Court temporarily granted Petitioner's request for a 50 year HRO in 62-HR-CV-18-202 and explained its reasoning in a memorandum accompanying an Order temporarily granting the request.  The Court incorporates its memorandum of March 20, 2018 into these findings.  The March 20, 2018 memorandum set an evidentiary hearing for a permanent HRO for April 9, 2018.

18. On April 9, 2018, the Court held a hearing on Petitioner's second motion for an order to show cause in 62-HR-CV-16-46 and on Petitioners request for a fifty year HRO in 62-HR-CV-18-202. 1

19. At the hearing on April 9, 2018, the Court took testimony from Petitioner and received evidence regarding three (3) specific incidents of harassment by Respondent: (1) majorgracemiller.net (Ex. 1); (2) internet memes (Ex. 2); and (3) datingpsychos.com (Ex. 3).

20. Based upon the testimony of Petitioner and upon exhibits 1, 2, and 3 received at the hearing.  The Court finds that Respondent violated the terms of the 2016 HRO.

21. More specifically the Court finds, based upon the content and the timing of exhibits 1, 2, and 3 that Respondent created and placed the material and is responsible for it.

22. The Court finds that exhibits 1, 2, and 3 are repeated incidents of intrusive or unwanted words or gestures that both had a substantial adverse effect on the safety, security, or privacy of Petitioner and also were intended by Respondent to have that effect.

23. By placing exhibits 1, 2, and 3, Respondent performed three separate acts that were in violation of the 2016 HRO ordering Respondent to not harass Petitioner.

24. The Court finds that exhibits 1, 2, and 3 were created and placed by Respondent online with intention of communicating Respondents feelings towards Petitioner.  Petitioner and Respondent communicated regularly and routinely on line and through social media.  That is how they contacted each other. Exhibits 1, 2, and 3, are a continuation by Respondent of clearly unwanted contact and represent three separate violations for the 2016 HRO ordering Respondent to have no direct or indirect contact, including contact via electronic means, with Petitioner.

## CONCLUSIONS

1. The Court concludes Respondent violated the requirements of the 2016 HRO on at least three separate occasions.

---

1 On June 8, 2018 the Court entered an order denying Petitioner's request to modify the 2016 HRO because it had by then expired and the matter was moot.  See Order of June 8, 2018 in 62-HR-CV-16-46.

2.  Minnesota Statutes section 609.748 subdivision 6 provides that a violation of an HRO is a crime and may be prosecuted as such.  Subdivision 6(h) also provides that a violation of an HRO shall also constitute contempt of court.  Subdivision 6(i) directs the Court to refer a violation of an HRO to the appropriate prosecutorial authority.  A copy of this Order shall therefore be delivered to the St. Paul City Attorney's Office.

3.  The Court concludes that by creating and posting exhibits 1, 2, and 3, Respondent has harassed Petitioner as that term is defined in Minnesota Statutes section 609.748 subdivision 1(a)(1).  Based onthe content of the exhibits, their timing, and the testimony of Petitioner, the Court finds Respondent created, posted, and is responsible for exhibits 1, 2, and 3, and concludes that the exhibits are evidence of repeated incidents of intrusive or unwanted acts, words, or gestures that have had an actual adverse effect on Petitioner's safety, security, and privacy and were intended by Respondent to have that effect.

4.  After the issuance of the 2016 HRO and through exhibits 1, 2, and 3, which occurred after issuance of the 2016 HRO and were not any part of the basis of it, Respondent repeatedly harassed Petitioner.

5.  Minnesota Statutes section 609.748 subdivison 5(3) provides that the Court may grant an HRO for a period of up to fifty years if the "respondent has violated a prior or existing restraining order on two or more occasions."  The Court concludes that a fifty year restraining order is appropriate in this case because Respondent has violated the 2016 HRO on at least three prior occasions.

ORDER

1.  Petitioner's second motion for an Order to show cause is GRANTED.

2.  The Court finds Respondent in contempt of court for violating the 2016 HRO and directs that a copy of this Order be delivered to the St. Paul City Attorney's Office for appropriate review.

3.  Petitioner's Petitioner for a fifty year Harassment Restraining Order is GRANTED.

4.  The attached restraining order shall be filed and appropriately served.


_____

Patrick C. Diamond, District Court Judge