# EXHIBIT 2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Catherine Marie Schaefer,

      Petitioner,

vs.                                            **ORDER**

Brock William Fredin,

                                                     Ct. File No.: 62-HG-CV-18-527

      Respondent.

This matter comes before the Court on Catherine Schaefer's petition for a harassment restraining order for up to fifty years pursuant to Minnesota Statutes section 609.748. Petitioner was represented by Peter Mayer of Dorsey and Whitney. Respondent, Brock Fredin, appeared pro se except as otherwise noted.

### Findings of Fact

1. On November 17, 2016, this Court entered an Order Granting Harassment Restraining Order After Hearing. The 2016 Order found "Petitioner made it clear to Respondent in 2014, and several times thereafter, that she did not want any contact." See Order of November 17, 2016 filed in 62-HR-CV-16-411. The Order goes on to find "Respondent proceeded to contact Petitioner, as set forth in exhibit P2, knowing that she did not want any contact with him." Id. The Order concludes that "the contact, as set forth in exhibit P2, was repeated,

unwanted, and had the effect of having a substantial adverse effect on Petitioner's security and privacy." Id. [1]

2. The 2016 Order prohibited Respondent from harassing Petitioner and from "direct or indirect contact with Petitioner." Id. The Order was effective for two years, expiring November 17, 2018. Id.

3. On April 3, 2017, Petitioner filed an Affidavit and Order to Show Cause for Contempt. See 62-HR-CV-16-411. The affidavit alleges that, beginning the day after the 2016 Order was issued, Respondent engaged in a continuing course of action violating it.

4. On May 22, 2018, after a contested hearing, this Court found "Respondent has engaged in a course of conduct relevant to the [2016 HRO] that began the day after the HRO was issued and has continued to the present." Order of May 22, 2018 at ¶4.

5. Examples of Respondent's harassing conduct are set forth in subparagraphs a-h of paragraph 4 of the May 22, 2018 Order. That conduct included Respondent contacting the St. Paul Police Department alleging Petitioner harassed and stalked him; authoring and posting a website labeled dorseyhq.com; filing a formal complaint against Petitioner with Pennsylvania State University's Title IX officer; posting multiple items on Facebook relating to Petitioner; emailing the head of the department of Petitioner's graduate program at Penn State

---

[1] The 2016 Order sets forth in detail the unwanted contact set forth in exhibit P2, Order at ¶2-7. Paragraph 2 of the Order sums it up stating, "Exhibit P2 … sets out a two and one half year history of repeated and unwanted contacts, internet, and social media posts by Respondent."

accusing Petitioner of stalking, criminal defamation, posting revenge porn, and being a sexual predator; posting or maintaining a web site labeled catherineschaefer.net; posting a profile of Petitioner on the website shesahomewrecker.com; and posting a website labeled Karmenmcquitty.net.

6. The May 22, 2018 Order found all of Respondent's acts were done after the 2016 HRO was issued, were harassing in violation of the 2016 HRO, were in violation of the no contact requirements of that same Order, and were in contempt of court. May 22, 2018 Order at ¶ 9, 10, 11.

7. On July 6, 2018, Respondent filed a notice of appeal from the May 22, 2018, Order. On September 5, 2018, the Court of Appeals dismissed. A18-1231.

8. On October 8, 2018, after a contested hearing, this Court found Respondent in further contempt. 62-HR-CV-16-411. The contempt order arose out of Respondent's conduct in filing a Petition for a Temporary Restraining Order and Motion for Injunction Hearing in St. Croix County Wisconsin. See Order of October 8, 2018 at ¶15. Respondent filed the petition on May 18, 2018. The October 8, 2018 Order found Respondent's petition and accompanying materials were intentionally false and misleading and were designed to thwart the very purpose of the 2016 HRO. Order of October 8, 2018 at 9-12. In addition, this Court found Respondent's action in filing the St. Croix County petition enjoyed no constitutional protection because it amounted to sham and retaliatory litigation.

9. On November 17, 2018, the two year term of the 2016 HRO expired and case file 62-HR-CV-16-411 was closed.

10. On June 27, 2018, Petitioner filed a petition seeking a harassment restraining order for up to fifty years. See Petition dated June 27, 2018 in 62-HR-CV-18-527, *see also* Minn. Stat. §609.748 subd. 5(b)(3).[2] On September 25, 2018, Respondent filed a 33 page motion to dismiss the petition accompanied by an affidavit of Respondent with supporting exhibits totaling some 435 pages.

11. On November 15, 2018, and November 20, 2018, the Court heard testimony and argument relating to the HRO petition. Petitioner offered the Court's prior Orders in 62-HR-CV-16-411 establishing that beginning the day after the 2016 HRO was issued and continuing through at least May 22, 2018, Respondent engaged in an extensive course of conduct in violation of the prohibitions of the 2016 HRO against harassment of Petitioner and direct or indirect contact with Petitioner. Respondent offered no credible evidence contradicting the findings of the orders. The Court readopts the factual findings of the 2016 HRO, the Order of May 22, 2018, and the Order of October 8, 2018, all filed in 62-HR-CV-16-411.

---

[2] On July 9, 2018, Respondent filed a notice to remove the undersigned from serving on the case. On July 19, 2018, this Court entered an Order denying the notice to remove as untimely. On July 30, 2018, Respondent filed a document with the Court of Appeals styled a writ of prohibition/mandamus. The notice lists seven different district court case numbers, including this matter, 62-HR-CV-18-527. On October 10, 2018 the Court of Appeals dismissed the appeal. A18-1627 (Minn. App. October 10, 2018).

12. Petitioner and Respondent also offered testimony and evidence relating to jurisdiction or venue. The Court finds that prior to June 27, 2018, Petitioner moved out of Ramsey County and the State of Minnesota. Petitioner was not a resident of Ramsey County when she filed the HRO petition currently at issue.

13. The Court also finds, based on Petitioner's testimony, that on at least two occasions after the 2016 HRO was issued and while Ms. Schaefer was physically located in Ramsey County, Minnesota, she viewed material Respondent posted or arranged to be posted on the internet in violation of the 2016 HRO and that, at the time Petitioner viewed it, she was harassed by that material in violation of Minnesota Statutes section 609.748 subdivision 1(a)(1).

14. Exhibit B is a police report Respondent filed with the St. Paul Police Department the day after the 2016 HRO was issued. The report lists Respondent's address as 1180 Grand Avenue in St. Paul. Respondent testified that he did not reside at the Grand Avenue address at the time the police report was made. Respondent testified he made the police report at the main offices of the St. Paul Police located at 367 Grove Street in St. Paul. Respondent testified that, while meeting with the St. Paul Police Officer who took the report, he never provided his address. Respondent testified that he believes St. Paul Police had his address from prior encounters and that the Grand Avenue address must have filled in on the report on its own. Respondent offered no

coherent or credible testimony as to where he currently resides.

15. The Court finds Respondent's testimony on the simple matter of where he resided was extraordinarily evasive, dissembling, contradictory, rude, disrespectful to the litigants and the Court, and at times intentional untruthful. The Court concludes, based on exhibit B alone, that Respondent lived at the Grand Avenue address in St. Paul at the time he made the police report reflected in exhibit B. In addition, the Court accepts Respondent's testimony that he made the police report reflected in the police report while he was physically located in St. Paul.

16. There is no credible evidence allowing the Court to conclude where Respondent resided on June 27, 2018, when the petition at issue in this case was filed.

## Conclusions

Minnesota Statutes section 609.748 subdivision 1(a)(1) defines harassment as including "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." If the Court finds harassment has occurred, subdivision 5(a) authorizes a court to issue a restraining order directing Respondent "to cease or avoid the harassment of another person;" and "to have no contact with another person." Minn. Stat. §609.748 subd. 5(a).[3] The

---

[3] Minnesota Statutes section 609.748 subdivision 5(b) provides that the Court may issue the restraining order only if (1) a petition has been filed; (2) a peace officer has served respondent or respondent has been serve by publication. The Court finds these procedural requirements have been met.

duration of a restraining order is typically limited to "a fixed period of not more than two years." See Minn. Stat. §609.748 subd. 5(b)(3). However, if the court finds "that petitioner has had two or more previous restraining orders in effect against the same respondent or the respondent has violated a prior or existing restraining order on two or more occasions, relief granted by the restraining order may be for a period of up to 50 years." Id.

## I

An existing HRO may not be extended. *See Roer v. Dunham*, 682 N.W.2d 179, 181 (Minn. App. 2004). Thus in order to obtain a subsequent HRO, that HRO must be based on "recent events, not on the event on which the initial order was based." *Roer,* 682 N.W.2d at 181; *Krebs v. Faus*, 2010 WL 3119420 (Minn. App. 2010). A subsequent HRO may be based on events occurring after the initial HRO was issued, but during the term of the initial HRO. *See Krebs*, 2010 WL 3119420 ("simply because appellant engaged in prohibited conduct during the period covered by the prior HRO, the district court was not precluded from using that conduct to support the issuance of the new HRO."). [4] Thus, in order to issue the HRO Petitioner seeks, the Court must find repeated instances of harassment occurring after the 2016 HRO was issued.

---

[4] This Court need not determine whether a subsequent HRO may be issued based upon conduct that predates the initial HRO but did not serve as the basis for the initial HRO. That is because the conduct referenced in the petition at issue in this case begins the day after the 2016 HRO was issued. None of it predated the 2016 HRO.

The Court finds Petitioner has proven such repeated instances. In its Order of May 22, 2018 issued in 62-HR-CV-16-411, the Court found Respondent had engaged in a course of conduct involving repeated instances of harassment starting the day after the 2016 HRO was issued (November 17, 2016) and continuing to through the date of the Order (May 22, 2018). In addition, the Court's Order dated October 8, 2018, found Respondent again engaged in harassment on May 18, 2018, when Respondent filed harassing, sham, and retaliatory litigation against Petitioner in St. Croix County, Wisconsin.

With respect to these findings, the Court held hearings on the petition at issue in this case on November 15, and November 20, 2018. At these hearings, Petitioner offered and the Court received the Court's Orders of May 22, 2018 and October 8, 2018 as proof of the harassment the Court found violated the 2016 HRO. The Court also allowed Respondent opportunity to contest the findings of those orders and to present any other evidence relevant to those findings.

The Court did so, notwithstanding that the doctrine of collateral estoppel applies to bar Respondent from relitigating those issues. Collateral estoppel applies when four elements are established:

1. The issue was identical to one in prior litigation;
2. There was a final judgment on the merits;
3. The estopped party was a party or in privity with a party to the prior adjudication; and

4. The estopped party was given a full and fair opportunity to be hear on the adjudicated issue.

See *Nesmoe-Thomson v. Lindemann*, 2019 WL 273123 (Minn. App. Jan. 22, 2019) quoting *Willems v. Comm'r Pub. Safety*, 333 N.W.2d 619, 621 (Minn. 1983).

The issues in this case, whether Respondent repeatedly harassed Petitioner in violation of Minnesota Statutes section 609.748 subd. 1(a)(1), are identical to those addressed in the May 22 and October 8 Orders. Both Orders represented final judgments on the merits. The parties in this action and the prior actions are identical. Respondent has a full and fair opportunity to be heard on the adjudicated issues, with both the May 22 and October 8 Orders being issued only after full evidentiary hearings at which Respondent had ample incentive to litigate the harassment issues without significant procedural limitations. The Court therefore finds Respondent is collaterally estopped from contesting the detailed findings of the May 22 and October 8 Orders that Respondent repeatedly harassed Petitioner as that term is defined in Minnesota Statutes section 609.748 subd. 1(a)(1).

Petitioner seeks a restraining order for a period of up to fifty years. To grant such an order, Petitioner must prove "that petitioner has had two or more previous restraining orders in effect against the same respondent or the respondent has violated a prior or existing restraining order on two or more occasions, relief granted by the restraining order may be for a period of up to 50 years." See Minn. Stat. §609.748 subd. 5(b)(3). In her request, Petitioner does not allege that she has had two or more previous restraining orders against Respondent. Rather, she

alleges that Respondent has violated the 2016 HRO on two or more occasions. The Court finds Petitioner has so proven.

First, the Court finds that the 2016 HRO existed and was valid from November 17, 2016 through November 17, 2018. During that time, as the Court found and detailed in its May 22 and October 8 Orders, Respondent repeatedly and continuously violated the 2016 HRO. Thus, Petitioner proven Respondent violated a prior or existing restraining order on two or more occasions.

## II

Respondent has also challenged this Court's jurisdiction to enter the restraining order Petitioner requests. Minnesota Statutes section 609.748 subdivision 2 states in relevant part that "An application for relief under this section may be filed in the county of residence of either party or in the county in which the alleged harassment occurred." Applying the section, the Court finds that at the time Petitioner filed this action, neither Petitioner nor Respondent was a resident of Ramsey County.[5] Thus, if jurisdiction exists it must be because the harassment alleged in the petition "occurred" in Ramsey County.

The parties have cited the Court to no cases determining whether harassment "occurred" in a particular county as set out in section 609.748 subdivision 2 and the Court could find none. Nonetheless, the Court finds at least some of the harassment alleged in the petition occurred in Ramsey County. First, the

---

[5] The Court notes that the language of section 609.748 subd. 2 cannot be read to establish jurisdiction in the county of residence of either party at the time the harassment occurred. *Cf. Roer v. Dunham*, 682 N.W.2d at 181 (Minn. App. 2004)(noting in interpreting HRO statute that "this court cannot add language that is not present in the statute or supply what the legislature purposely omits or inadvertently overlooks."

harassment alleged in the petition involves both harassment that occurred in violation of the 2016 HRO as well as harassment that served as the basis for the 2016 HRO. This is true because a fifty year HRO requires a court to find (1) harassment as defined in Minnesota statutes section 609.748 subdivision 1(a)(1)(i.e. repeated incidents that, per *Roer,* occurred after the 2016 HRO was issued); and (2) violation of an existing or prior HRO on two or more occasions. Proof of the latter depends upon proof of a valid prior or existing HRO. Of necessity, therefore, the harassment alleged in the petition includes the harassment that gave rise to 2016 HRO. In this case, the Court finds that the harassment found by this Court in granting the 2016 HRO, was set forth in exhibit P2 of the petition leading to the 2016 HRO. Exhibit P2 sets out harassment that "occurred" in Ramsey County. Therefore the petition alleges harassment that occurred in Ramsey County.

Alternatively, the Court finds credible Petitioner's testimony that on at least two occasions after the 2016 HRO was issued and while Petitioner was physically located in Ramsey County, she viewed material Respondent posted or arranged to be posted on the internet in violation of the 2016 HRO and that at the time she was harassed by that material in violation of the 2016 HRO. The Court finds that testimony establishes harassment by Respondent that "occurred" in Ramsey County. *Cf. Slater v. McDaniel*, 2006 WL 9529 (Minn. App. 2006)(phone call or email harassment may be prosecuted where call or email was sent or received).

Finally, the Court finds, that on the day after the 2016 HRO was issued, Respondent, while located in St. Paul, Ramsey County, contacted and made a report to the police that this Court found in its May 22, 2018 Order was harassing in violation of the 2016 HRO. Respondent argues that the paperwork police generated is insufficient to establish his Grand Avenue residence at the time he engaged in the harassing conduct. Whatever merit there is to that argument, the Court found in its May 22, 2018 Order that the conduct in making the report was, itself, harassing. The Court finds that harassing conduct occurred, by Respondent's own admission, at the St. Paul Police headquarters on Grove Street. The conduct occurred in St. Paul, Ramsey County and is sufficient under section 609.748 subdivision 2 to qualify as harassment that occurred in Ramsey County.

## Order

1. The Court has jurisdiction pursuant to Minnesota Statutes section 609.748 subdivision 2 because the petition alleges harassment that occurred in Ramsey County.
2. The Petitioner for a Harassment Restraining Order is GRANTED.
3. A Harassment Restraining Order for a period of fifty years shall be entered and served upon Respondent.

IT IS SO ORDERED.

BY THE COURT:

Dated: February 1, 2019

_____

Patrick C. Diamond

Judge of District Court