UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>              Plaintiff,<br><br>--against--<br><br>LINDSEY MIDDLECAMP<br><br>              Defendant. | Case No. 17-CV-3058<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF RULE 11 SANCTIONS AGAINST KARL JOHANN BREYER AND LINDSEY MIDDLECAMP** |

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in support of Rule 11 sanctions against Karl Johann Breyer ("Attorney Breyer") and Lindsey Middlecamp ("Defendant Middlecamp"), collectively (the "Named Attorneys") in the above-captioned matter.

**PRELIMINARY STATEMENT**

As set forth herein, the Named Attorneys must be sanctioned pursuant to Fed. R. Civ. P. Rule 11 for their gratuitous bad faith attempt to repeatedly violate court rules in their obsessive attempts to deceive, evade the court, and harass Plaintiff. Named Attorneys deliberate attempt to prepare and file information to bypass discovery based on the below stated issues was materially an effort to harass and prejudicial to Plaintiff in determining the source of Defendant Middlecamp's claims. Specifically, the September 3, 2020 reply is yet another last-ditch effort to introduce new issues and evidence to bypass discovery or any ability to depose or cross-examine. This matches every action taken by Defendant Middlecamp to harass, prejudice, engage in well documented unprofessional conduct, and

1

preclude any rebuttal, examination, or investigation into to her malicious scheme. This includes Named Attorneys raising new issues and evidence in a September 3, 2020 reply brief. [Dock. No. 193-197.] The individual named in the declaration was never deposed or cross-examined. [Dock. No. 196-197.] Moreover, Defendant Middlecamp was never deposed or cross-examined. [Dock No. 195.] Moreover, the statements contained in the Named Attorneys letter dated August 18, 2020 fabricating yet another repeated statement falsely and baselessly accusing Plaintiff of directing third parties to email the court's chambers must be sanctioned. As a result, Defendant attempts to place Plaintiff in a constitutionally untenable situation. Specifically, the September 3, 2020 declaration is used to interfere with Plaintiff's right to confront or investigate false claims material to Defendant Middlecamp's false rape allegation in *Fredin v. Middlecamp*.

## STATEMENT OF FACTS

1. Named Attorneys filed a motion for summary judgement. [Dock No. 180.]
2. Plaintiff filed a response. [Dock No. 188.]
3. Named Attorneys filed a reply. [Dock No. 194.]
4. Named Attorneys filed her reply raising new issues and evidence. *Id.*
5. Named Attorneys filed a declaration raising new issues and evidence. [Dock. No. 196-197.]
6. Dock No. 196-197 identified a woman who was not deposed or cross-examined. *Id.*

## LEGAL STANDARD

Rule 11 states that sanctions will be imposed if the attorney's actions are meritless, frivolous, cause harassment, or avoidable delay, or unnecessary increase in the cost of litigation.  *See* Fed. R. Civ. P. Rule 11.  Rule 11 makes "sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgement and degree." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987).  In order for a court to sanction an attorney a court must find "counsel proceeded in bad faith."  *Whalen v. Whalen*, 594 N.W.2d 277, 281 (Minn. App. 1999) (quoting *Uselman v. Uselman*, 464 N.W.2d 130, 140 (Minn. 1990))

## ARGUMENT

As described below, the Named Attorneys engaged in bad faith to harass Plaintiff by attempting to file a declaration in an effort to evade discovery through the introduction of new issues and evidence in a last minute summary judgement reply never previously disclosed in violation of L. R. 7.1(c) (3)(b) and Fed. R. Civ. P. Rule 56.  Named Attorneys attempted to bypass discovery and thwart any attempt to depose the individual named in Dock No. 196 or Defendant Middlecamp.  [Dock. No. 195-197.]  Secondly, Named Attorneys must be sanctioned for baselessly accusing Plaintiff of directing third-party contact to the [c]ourt's chambers.

**I.    Production of New Evidence in Summary Judgement Reply Papers**

As described above, the individual and Ms. Middlecamp's "failure to fully submit to cross-examination was planned and calculated as a measure to harass and create hardship for Plaintiff." *Mathes v. Mid-Century Insurance Company*, No. 4:06-CV-01161 SNL (E.D.

Mo. Jan. 25, 2008)  Furthermore, Named Attorneys knowingly violated L. R. 7.1(c) (3)(b) and Fed. R. Civ. P. Rule 56 by their attempts to deceive the court and designed so Plaintiff could not respond.  Named Attorneys deliberately neglected to conduct discovery on the critical issues identified in the reply papers.  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (calling decision to forego discovery and proceed to summary judgment an unusual and risky maneuver); *Williams v. Bd. of Regents of Univ. Sys. of Ga.,* 90 F.R.D. 140, 143 (M.D. Ga. 1981) (citing insufficient pre-trial discovery as primary cause‖ of defendant's lack of viable defense);  *Viero v. Bufano,* 925 F. Supp. 1374 (N.D. Ill. 1996) at 1379-80 (admonishing defendants's last-minute attempts to bolster the record in their favor with new evidence in reply)

### A. Precluding Cross Examination

Named Attorneys filed a declaration raising new issues and evidence.  [Dock. No. 195-197.] Dock No. 196-197 identified a woman who was not deposed or cross-examined. *Id.*  Part of the basis of the sham affidavit doctrine is that affidavits, unlike depositions, are not subject to the acid test of cross-examination, and therefore are inherently less reliable. *Jiminez v. All Am. Rathskeller, Inc.,* 503 F.3d 247, 253 (3d Cir. 2007) (supporting sham affidavit doctrine because depositions are more reliable than affidavits); *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994) (stating depositions more reliable than affidavits due to opportunity for cross-examination). *McKinley Infuser, Inc. v. Zdeb*, 200 F.R.D. 648, 651 (D. Colo. 2001) (explaining importance of deposition cross-examination in cases excluding sham affidavits); *Dunlap v. Medtronic, Inc.*, 47 F. Supp. 2d 888, 891 n.2 (N.D. Ohio 1999) (noting affidavits are not subject to cross-examination); *Bergeron v. State Farm*

4

*Mut. Auto. Ins. Co.*, 198 F. Supp. 723, 726 (E.D. La. 1961) (Affidavits are, of course, the weakest form of evidence . . . The weakness in affidavits derives from the inability to cross-examine the affiant.).

Furthermore, Named Attorneys deliberate harassment causes prejudice to Plaintiff. *O'Connell v. Smith*, No. CV 07-0198-PHXSMM, 2007 WL 4189504, at *1 (D. Ariz. Nov. 21, 2007) (noting prejudice to non-movant and conflict with principles of Federal Rules when evidence submitted after response) ; *FM 103.1, Inc. v. Universal Broad. of N.Y., Inc.*, 929 F. Supp. 187, 197 n.5 (D.N.J. 1996) (saving evidence for reply papers is improper and unfair to the movant's adversary.); Viero, 925 F. Supp. at 1380 (declining to consider defendant's supplemental affidavit);

### B. Evasive Tactics

The Named Attorneys gratuitous attempts to introduce new issues and evidence in an effort to designed to preclude Plaintiff's discovery is incredibly improper. *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.,* 235 F.R.D. 435, 437 (N.D. Ill. 2006) (admonishing sandbagging tactics).

> The courts have characterized this tactic in a variety of ways - all negative. Blind-siding, gamesmanship, and sandbagging are the most commonly used epithets. Regardless of the name applied, the gambit has no place in the judicial system. *Id.*

*Waters v. City of Chi.*, 416 F. Supp. 2d 628, 629 n.1 (N.D. Ill. 2006).

> [O]nce a party responding to a Rule 56 motion has identified a genuine issue of material fact that would preclude summary judgment . . . nothing that the movant can offer up by way of reply as to its version of the facts can stave off rejection of the summary

5

>judgment motion - just as an omelette, once scrambled, cannot be stuffed back into the eggshell. *Id.*

*Hankins v. Title Max of Ala.*, Inc., 12 Wage & Hour Cas. 2d (BNA) 1796, 1803 (N.D. Ala. 2006) (exclusion of sham testimony is appropriate in any case where earlier sworn testimony is subsequently conflicted.); *Danis v. USN Commc'ns, Inc.*, 121 F. Supp. 2d 1183, 1189 (N.D. Ill. 2000) (stating courts should rely on deposition testimony when affidavit contradicts prior deposition).

### C. Unsigned Third-Party Declaration

In review of the third-party declaration, the declaration lacks a valid signature. Specifically, Defendant Middlecamp failed to authenticate the document through a third-party notary. And, because the individual in Dock. No. 196-197 is not a party to the matters in *Middlecamp v. Fredin/Miller* his or her failure to authenticate the document is materially an abuse of process and prejudicial to Plaintiff. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005) (Noting that signed declarations provide appropriate support [for] motions.) Plaintiffs' *Baycol Steering v. Bayer Corp.*, 419 F.3d 794 (8th Cir. 2005) (discussing sanctions with respect to unsigned declarations.)

### D. Unconstitutional Untenable Situation

As stated above, Plaintiff was placed in an unconstitutional conundrum with respect to being prevented from investigating or confronting individuals underlying Defendant Middlecamp's claims. *Eason v. Hobbs*, CASE NO.: 5:11CV00336 BD (E.D. Ark. May 17, 2012) ([t]he right to confront adverse witnesses is part of [party's] due process rights.)

## II. Baseless Statements Falsely Accusing Plaintiff of Directing Third-Party Contact

Sadly, Named Attorneys will utter any knowingly false statement to dismiss this action including fabricating allegations that Plaintiff contacted the [c]ourts chambers through third parties. [Dock. No. 185.] In his August 19, 2020 letter to the court, Karl Johann Breyer stated "it appears from Mr. Parker's emails that Fredin has violated the HRO once again. There is no conceivable reason Mr. Parker (who by his own admission did not know Middlecamp's name or identifying details when he was active on Twitter in 2014 or 2015) would, five years later, while motions for summary judgment are pending, become aware of Middlecamp's name or location, or Mr. Fredin's litigation against her. We are left to conclude that Fredin has extended his stalking of Middlecamp to identifying negative twitter interactions in order to contact third parties and provide them with a means to harass her directly." *Id.* ¶ 1.

Named Attorneys statements is yet knowingly false, fabricated, and baseless statement. Indeed, this is yet another *ad-hominem* attack and belies the facts. Plaintiff has never directed anyone to email the court on his behalf and does not know this individual. Defendant Middlecamp and her co-conspirators are constantly leaking discovery productions in an effort to direct third-party contact. Moreover, Defendant Middlecamp and her co-conspirators are repeatedly communicating with third parties tacitly implying they are the origin of any information from third parties. Specifically, Defendant Middlecamp and her Ivy-league co-conspirator Catherine Schaefer conceded and admitted to leaking discovery productions to direct numerous contacts from websites directed at Plaintiff which were websites identified in Plaintiff's interrogatory responses. If the court has any doubt about the veracity of these assertions, Plaintiff directs the court to an April

27, 2020 previous email from Defendant Middlecamp's own law firm flowing through Ballard Spahr including attorney Leita Walker.



(Fr. Sanc. Decl. Ex. A.)  In the April 27, 2020 Leita Walker email, Plaintiff believes what really occurred is that Defendant Middlecamp acted in concert with Catherine Schaefer, Grace Miller, K. Jon Breyer, and Adam Ballinger to direct third-parties to send a Minnesota Court of Appeals opinion to Leita Walker and attempt to fabricate the existence that the contact was somehow Plaintiff.  Plaintiff would never send an adverse attorney an appellate opinion designed to undermine his own case.  More egregiously, **the April 27, 2020 timing matches the April 27-28, 2017 raid used to violently attack Plaintiff**.  Obviously, Defendant Middlecamp was behind the operation to direct a symbolic April 27-28, 2020 email from third parties to contact Leita Walker.  Plaintiff is not accusing Named Attorneys of directing Mr. Parker to email the [c]ourt but believes the leaking of production is a contributing aggravating factor along with Defendant Middlecamp's known efforts to repeatedly solicit third parties to contact Plaintiff and national media circus to promote the case.[1]  Specifically, Plaintiff is accusing Named Attorneys of engaging in yet another act

---

[1] In swearing to god and over his mother's grave, Plaintiff does not know this individual identified as "Gordon Roy Parker", or any individuals associated to him, has never been to Pennsylvania, and would never direct **any** third-parties to email the [c]ourt's

of harassment to deliberately fabricate a false allegation in bad-faith that Plaintiff directed, solicited, or encouraged the third-party contact referenced in their August 19, 2020 letter. This constitutes bad-faith harassment and a need for Rule 11 sanctions. *Multifeeder Tech., Inc. v. British Confectionery Co.*, Civil No. 09-1090 (JRT/TNL) (D. Minn. Sep. 18, 2012) (Ordering a sanction of $25,000 "for the abuse of the [c]ourt's processes");

> Rule 11 sanctions may follow when a pleading, written motion or other paper (1) is submitted to the court for "any improper purpose, such as to **harass**, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein **lack support**. Fed. R. Civ. P. 11(b)(1)(3); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006)

*Dunbar v. Wells Fargo Bank, N.A.*, Civil No. 11-3683(DSD/FLN), at *4-5 (D. Minn. Apr. 23, 2012)

## CONCLUSION

For the reasons set forth above, Plaintiff requests that Named Attorneys referenced herein be sanctioned pursuant to Fed. R. Civ. P. Rule 11 or any relief the Court deems appropriate.

Dated: September 4, 2020

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI
(612) 424-5512 (tel.)
brockfredinlegal@gmail.com

---

chambers under any circumstance (unless it was a retained attorney who filed a notice of appearance).

Plaintiff, *Pro Se*