UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BROCK FREDIN,

            Plaintiff,

  --against--

LINDSEY MIDDLECAMP

            Defendant.

Case No.  17-CV-3058

BROCK FREDIN,

            Plaintiff,

  --against--

GRACE MILLER,
CATHERINE SCHAEFER

            Defendants.

Case No.  18-CV-466

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in support of his motion to unseal the letter to the Court from Gordon Roy Parker and order dated August 26, 2020 in the above-captioned matter. [Middlecamp Dock. No. 191.] [Miller Dock. No. 183.]

**PRELIMINARY STATEMENT**

1

As set forth herein, Defendant Middlecamp, Miller, and Schaefer are falsely accusing Plaintiff of soliciting others to send letters to the Court. The letter is therefore a matter of public record to the extent it shows yet another knowingly blatant lie by Defendants and their (state court financed and orchestrated) *pro bono* counsel Karl Johann Breyer. As a result, Plaintiff moves to unseal Docket No. 191. Moreover, when another man came forward to the Court claiming Defendant Middlecamp made false allegations against him, the Court sealed the communication to apparently benefit the United States Attorneys' Office. This is no doubt because Defendant Middlecamp is an Assistant United States Attorney. Defendant Middlecamp is a law enforcement officer, officer before this Court, and an Assistant United States United States Attorney who admits to "fabricat[ing]" evidence and others have now come to this Court with similar stories of Defendant Middlecamp.

## STATEMENT OF FACTS

1. On August 17, 2020 non-party Gordon Roy Parker emailed the Court's chambers.

2. On August 18, 2020 the Court forwarded the email to counsel.

3. On August 19, 2020 Defendants and Karl Johann Breyer sent a letter to the court knowingly falsely accusing Plaintiff of soliciting the contact. [Middlecamp Dock No. 185.]

4. On August 20, 2020 Plaintiff sent a letter to the court alleging that Defendant Middlecamp, Miller, Schaefer and Karl Johann Breyer were falsely accusing Plaintiff of soliciting the contact and addressing other allegations in Karl Johann Breyer's letter. [Middlecamp Dock No. 185.]

5. On August 26, 2020 the Court filed the letter and sealed it. [Middlecamp Dock. No. 191.] [Miller Dock. No. 183.]

6. On September 30-31, 2020 Plaintiff filed a Rule 11 sanctions motion in *Fredin v. Middlecamp* that included a request to sanction Defendant Middlecamp and Karl Johann Breyer for yet another knowingly false statement.

## LEGAL STANDARD

Fed. R. Civ. P. 5.2(d) states "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing order the person who made the filing to file a redacted version of the public record."

## ARGUMENT

As described below, the August 17, 2020 letter is a matter of public record. Specifically, the letter serves a basis for Rule 11 sanctions where it indicates yet another knowingly blatant lie by Defendant Middlecamp, Miller, Schaefer and Karl Johann Breyer.

**I.      The August 17, 2020 Letter is a Matter of Public Record**

In his August 19, 2020 letter, Defendant Middlecamp, Miller, and Schaefer and Karl Johann Breyer repeatedly accuse Plaintiff of soliciting others to send the Gordon Roy Parker letter to the court. This appears to be another piece in their self-admitted scheme of providing "unique false information" that Defendants have schemed to "fabricate" against Plaintiff. (*See Fredin v. Miller*, Case No. 19-CV-3051, February 13, 2020 Decl ¶ 11; Ex. A.) Defendant Middlecamp, Miller, and Schaefer are the same women who likely sent an unrelated April 27-28, 2020 anonymous email to their own Ballard Spahr lawyer, Leita

3

Walker, containing a Minnesota Court of Appeals Opinion, in an effort to frame Plaintiff for generating an unsolicited email.



(*See* Fredin October 1, Decl. Ex. A.)  It bears noting, Defendant Middlecamp's former boss, then Minneapolis City Attorney Susan Segal, who is the current Chief Judge of the Minnesota Court of Appeals, conveniently orchestrated the release of the opinion (cited in the Leita Walker email) in an effort to taunt Plaintiff on the anniversary of a April 28, 2017 raid.[1]  The same raid that Ms. Segal and Defendant Middlecamp, Miller, and Schaefer orchestrated.  Specifically, statements at trial in the Ramsey County action *Middlecamp v. Fredin*, 62-HR-CV-17-233 and Freedom of Information ACT (FOIA) evidence indicate Ms. Segal launched the raid in concert with Defendant Middlecamp.  Obviously, the email sent to Ms. Walker (likely originating from Defendant Middlecamp, Miller, or Schaefer) was yet another patently absurd (and frankly petty) action by Defendants to taunt

---

[1] Ms. Segal testified at trial as a fact witness in a state court June 2017 Middlecamp civil HRO case captioned *Middlecamp v. Fredin*, 62-HR-CV-17-233 and has now signed orders in the same and closely related state court case(s).  Ms. Segal perjured herself during her testimony as later FOIA evidence reveals.  Obviously, nothing will happen and Ms. Segal can get away scot-free without any accountability whatsoever (even when signing orders as a state court judge and testifying as a witness at trial in a state court case) despite her brutal violence.  It's incredibly sickening.

Plaintiff.  And, their squadron of *pro bono* lawyers including Karl Johann Breyer attempt to cover up her state court corruption and Minneapolis law enforcement violence at every turn (and it takes a whole fleet or "<u>*air wing*</u>" of lawyers to cover up that level of massive corruption and violence).

To their credit, Defendants are becoming more open about their knowingly blatant lies to the Court.  Defendants and Karl Johann Breyer are now leaving a trail in the form of letters addressed to the Court repeatedly making knowingly false statements related to emails from non-parties.  More importantly, the Gordon Roy Parker email at issue in reference to this request to unseal is critical to a Rule 11 sanctions motion where Defendants are accused of repeatedly fabricating statements and producing knowingly blatant lies.  There is a "common-law right of access to judicial records." *Kruszka v. Novartis Pharm. Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014) (quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.,* 898 F.2d 1371, 1376 (8th Cir.1990));  *Arctic Cat, Inc. v. Sabertooth Motor Grp.,* LLC, CIVIL No. 13-146 (JRT/JSM) (D. Minn. Aug. 1, 2016) (unsealing records); *In the Matter of Estate of Prince Rogers Nelson*, Carver County Minnesota, Case File. 10-PR-16-46 June 24 2016 Leita Walker Affidavit.[2]

---

[2] https://www.mncourts.gov/mncourtsgov/media/CIOMediaLibrary/Documents/Affidavit-of-Leita-Walker-in-Support-of-Motion-of-Media-Coaltion-to-Intervene-for-t.pdf; https://www.startribune.com/lawyers-3-minneapolis-ex-cops-want-floyd-gag-order-lifted/571746492/ (discussing public access to court records)

5

## **CONCLUSION**

For the reasons set forth above, Plaintiff moves to unseal as described above.

Dated: September 30, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*