UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,

            Plaintiff,         Court File No. 17-cv-03058 (SRN/HB)

v.

Lindsey Middlecamp,         **OPPOSITION TO PLAINTIFF'S RULE 11 MOTION**

            Defendant.

Defendant Lindsey Middlecamp, by and through her undersigned Counsel, hereby submits this Opposition to Plaintiff's Motion for Rule 11 Sanctions (Doc. 216).

## INTRODUCTION

Plaintiff Brock Fredin has once again burdened this court with a motion that is so baseless that although Fredin is the one seeking sanctions, it is Fredin that should be sanctioned for filing this meritless motion.

Apparently with a straight face Fredin argues that Defendant Lindsey Middlecamp and her pro bono counsel should be sanctioned for (1) submitting a sworn declaration of Fredin's rape victim, a person who Fredin is well-aware of but nonetheless continues to assert that she does not exist[1]; and (2) suggesting that it was Fredin who likely solicited

---

[1] Fredin has now sued his victim in a separate lawsuit for having submitted the declaration. *See Fredin v. [JK]* (D. Minn. Court File No. 20-CV-1929)

4849-8796-9488.1

Gordon Parker to contact the Court with his five year old complaints regarding Middlecamp.

Neither the act of submitting a truthful declaration that Fredin disagrees with nor the suggestion that it was Fredin who encouraged Gordon Parker to communicate with the Court (in violation of the HRO) arises to the level of sanctionable conduct.

### I.   Sanctions Standard

Fredin has styled his motion as seeking sanctions for a violation of Rule 11, which states sanctions may follow when a pleading, written motion or other paper (1) is submitted to the court for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein are knowingly false. Fed. R. Civ. P. 11(b). Defendant and her counsel have filed a Rule 56 motion with supporting declarations and have responded to allegations by a third-party who admittedly has "no interest in the case" but nevertheless emailed a letter to the Court that was not in support of or in response to any pending motion. Rule 11 does not apply to these circumstances. Fredin's motion is knowingly baseless and is brought in bad faith to "to harass, cause unnecessary delay, [and] needlessly increase the cost of litigation." *Id*.

"The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). Courts should exercise their inherent sanctioning authority "with restraint and discretion." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005)

(quoting *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993)). Even where bad faith is present, sanctions are appropriate "only in the most egregious of cases." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. 09-CV-3037 (SRN/LIB), 2016 WL 215269, at *3 (D. Minn. Jan. 19, 2016)(citing cases)

An imposition of sanctions should address "conduct that constitutes willful abuse of judicial process or fraud upon the court." *Steinlage v. Mayo Clinic Rochester*, 235 F.R.D. 668, 674 (D. Minn. 2006). Fredin's conduct in this and other proceedings before this court rises to this level. For example, in *Hilgeford v. Peoples Bank, Inc.*, 113 F.R.D. 161 (N.D. Ind. 1986) the court sanctioned *pro se* plaintiffs for filing, in a series of lawsuits, numerous "outlandish," "ludicrous," "nonsensical," "self-serving," "self-manufactured" documents incorporating "bizarre and incomprehensible arguments." This "contumacious conduct" included referring to the district court judge as an "interloper," "charlatan," and a "veritable Mafia Boss". Fredin's conduct is an exact match to the misconduct in *Hilgeford*, although here he has referred to the Judges as "corrupt" "sick" "twisted" (Doc. 188, pp.1-2) and has even created vile YouTube videos about Magistrate Judge Bowbeer[2]:

https://www.youtube.com/watch?v=cKZQ-cgv974

https://www.youtube.com/watch?v=SV7QSEob3fI

Title 28 United States Code Section 1927 provides for the imposition of costs and attorney's fees against a party who "so multiplies the proceedings in any case unreasonably

---

[2] Defendant has filed a Motion for a Temporary Restraining Order that identifies more than 20 websites and YouTube videos Fredin has created to harass and violate the rights of Defendant, court staff, Judges, jurors, prosecutors and pro bono counsel. (Doc. 214.)

3

4849-8796-9488.1

and vexatiously." 28 U.S.C. § 1927. A court may also impose sanctions pursuant to its inherent authority to punish "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991). Having filed 12 separate federal lawsuits, many containing duplicative causes of action, parties and factual allegations, as well as numerous baseless motions, Fredin more than qualifies as a party who "so multiplies the proceedings in any case unreasonably and vexatiously." *Id.*  *See also* Defendant's motion to declare Fredin a vexatious litigant (Doc. 211).

Fredin's conduct checks all of the boxes for sanctions to be levied against him. This meritless motion seeking to sanction Middlecamp and her counsel for defending against Fredin's "outlandish," "ludicrous," "nonsensical," "self-serving," and "self-manufactured" claims is further evidence of his sanctionable conduct. *Hilgeford v. Peoples Bank, Inc.*, 113 F.R.D. 161 (N.D. Ind. 1986). His motion for sanctions should be denied.

**II.    Filing a Declaration in Support of Summary Judgment is not Sanctionable Conduct**

Fredin argues that Defendant and her counsel engaged in bad faith when they submitted a Declaration of a rape victim J.K. who claimed she was assaulted by Fredin. (Doc. 196.) Fredin claims sanctions are appropriate because the Declaration was purportedly filed "in an effort to evade discovery." (Doc. 218, p.3.) Importantly, Fredin does not contest or deny the contents of the Declaration.

As evidenced by this Court's prior orders, Fredin has been provided a sufficient opportunity to conduct discovery under the Court's Scheduling Order. Instead of using that opportunity to conduct discovery, Fredin chose not to serve any written discovery or take

4849-8796-9488.1

any depositions. (Doc. 102 at pp. 2-6.) Regardless of his failure to conduct any discovery, Fredin has always known his alleged rape victim. Indeed, Fredin has specifically named her in discovery in Middlecamp's harassment restraining order case in Ramsey County District Court (62-HR-CV-17-233). *See* Doc. 215 (Declaration of K. Jon Breyer Ex. 1 - Interrogatory No. 11(e); Ex. 2 - Request for Production No. 5; Ex. 3 - Request for Admissions at Ex. 12.) Additionally, Fredin evaded efforts to answer Defendant's discovery in this case regarding his knowledge of J.K.'s allegation. When asked about a Facebook post from 2017 in which Fredin referred to the rape allegation as one arising from an individual engaging in consensual intimacy, but cheating on her fiancé, he refused to answer questions as to the identity of the woman he was referring to and claimed to have no idea what that post was about. *See* Doc. 193-2. Fredin's testimony is not believable.

Having been afforded months of discovery and the opportunity to conduct the deposition of J.K, Fredin cannot not cry foul because that testimony now appears in the form of a declaration. Nor can he claim he was "sandbagged." Minnesota law does not bar the inclusion of supporting affidavits or declarations to a reply memorandum. The 1999 Advisory Committee's Note to Local Rule 7.1.(B)(2) states, in part, "[a]lthough the rule makes provision for a Reply Memorandum, it neither permits nor prohibits the moving party from filing affidavits or other factual material therewith. . . . Reply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated." *See also Buffets, Inc. v. LGI Energy Sols., Inc.*, No. CIV. 09-548 DSD/JJK, 2009 WL 2929436, at *4 (D. Minn. Sept. 8, 2009). Anticipating the arguments that Fredin may choose to raise in his opposition to Defendant's summary

5

4849-8796-9488.1

judgment motion is an exercise akin to trying to nail Jell-O to a wall. As evidenced by this and other filings, Fredin desperately grasps onto conspiracy theories of his own making. *See* Doc. 218 p. 8 (concerning an emailed Court of Appeals decision that Fredin claims is fabricated evidence and is "symbolic" of the "April 27-28, 2017 raid used to violently attack Plaintiff.") Consequently, while Defendant could reasonable anticipate Fredin attacking the opinion defense raised by her, and the fact that Fredin cannot prove damages, Defendant could not have anticipated Fredin to claim that she "conjured up fake women to produce her [February 22, 2017] Tweet." (Doc. 188 p.10). The evidence submitted by Defendant in her reply addressed this contention directly. Moreover, Defendant did not include this evidence in her reply in order to gain a strategic advantage; rather, Defendant did not want to publicize the victim's name without obtaining her permission; and it was unknown whether she would support the motion with a declaration. Defendant was not "sitting" on this declaration. Nor had Defendant even discussed with J.K. what her declaration might say. The declaration was produced by J.K. on the day the Reply was filed[3].

    If the timing of the declaration is somehow prejudicial – which is a difficult conclusion to reach given Fredin's decision not to conduct any discovery or take any depositions – then the reasonable approach would be to decline to consider the declaration when ruling on Defendant's Rule 56 motion.

---

[3] Fredin also argues that the declaration is invalid because it does not bear an ink signature. Electronic signatures by nonparties are permitted in this District. *See* Electronic Case Filing Procedures Guide (Civil Cases) pp. 8-9.

6

### III. Fredin Solicits Gordon Parker to Submit a Letter to the Court

Fredin's second argument as to why sanctions are appropriate is as anemic as the first. Fredin would like to have Defendant and her counsel sanctioned for offering an opinion as to why they believe that Gordon Parker contacted the Court with his spurious letter. Specifically, Fredin takes issue with the following statement,

> There is no conceivable reason Mr. Parker (who by his own admission did not know Middlecamp's name or identifying details when he was active on Twitter in 2014 or 2015) would, five years later, while motions for summary judgment are pending, become aware of Middlecamp's name or location, or Mr. Fredin's litigation against her. We are left to conclude that Fredin has extended his stalking of Middlecamp to identifying negative twitter interactions in order to contact third parties and provide them with a means to harass her directly.

Doc. 185.

Theorizing as to the likely reason Mr. Parker contacted the court is not sanctionable conduct. *See E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006) (noting that even when a claim is ultimately meritless, sanctions are not appropriate where the plaintiffs had colorable legal arguments to support their claims). Indeed, should Defendant have the opportunity to question Mr. Parker under oath her suspicions would likely be confirmed.

Defendant is free to argue the circumstances of this case inasmuch as Plaintiff is permitted his own arguments on the subject matter. However, the difference between the Defendant and Fredin is that she expresses her arguments in a manner that is professional, supported by evidence and the law, and are not "outlandish," "ludicrous," "nonsensical,"

7

"self-serving," and "self-manufactured". *See Hilgeford v. Peoples Bank, Inc.*, 113 F.R.D. 161 (N.D. Ind. 1986).

## CONCLUSION

For the reasons outlined above, Defendant respectfully asks that the Court deny Plaintiff's Motion for Sanctions.

Date:  October 27, 2020	**KUTAK ROCK LLP**

By: */s/ K. Jon Breyer*
K. Jon Breyer (MN #302259)
60 South Sixth Street
Suite 3400
Minneapolis, Minnesota 55402
Telephone:   (612) 334-5057
Jon.breyer@kutakrock.com

*Pro Bono Attorney for*
*Defendant Lindsey Middlecamp*

8