# KUTAKROCK

**Kutak Rock LLP**
60 South Sixth Street, Suite 3400, Minneapolis, MN 55402-4018
office 612.334.5000

**K. Jon Breyer**
612.334.5057
jon.breyer@kutakrock.com

November 30, 2020

*Via ECF*

The Honorable Susan Richard Nelson
U.S. District Court
316 North Robert Street
772 Federal Building
St. Paul, MN 55101

      Re:    *Fredin v. Miller et. al.* (18-cv-00466 SRN/HB)
             *Fredin v. Middlecamp* (17-cv-03058 SRN/HB)

Dear Judge Nelson,

      This is in response to Plaintiff Brock Fredin's November 25, 2020 letter to the Court (Doc. 256[1]) requesting reconsideration of this Court's November 23, 2020 Order (Doc. 253). Fredin also requests a stay of that Order pending the Court's determination of his motion for reconsideration. In the Order, the Court found that Fredin had abused the judicial process by creating numerous websites and YouTube videos harassing Defendants' counsel and this Court and issued an injunction requiring him to cease that abuse, coupled with the admonition that violation of the injunction would result in further penalties. This Court also properly determined that Fredin's conduct in this litigation was unequivocally "malicious and manifestly abusive." Therefore, the Court enjoined Fredin from filing further *pro se* lawsuits in this District without first obtaining permission from the Chief Judge of this Court.

      Pursuant to District of Minnesota Local Rule 7.1(j), the Court will only grant permission to file a motion to reconsider "upon a showing of compelling circumstances," such as to "correct manifest errors of law or fact or to present newly discovered evidence." *Buetow v. A.L.S. Enters., Inc.*, Civ. No. 07-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010) (quoting D. Minn. LR 7.1(h) and *Mumid v. Abraham Lincoln High Sch.*, Civ. No. 05-2176 (PJS/JJG), 2008 WL 2938159, at *3 (D. Minn. July 22, 2008)). A party cannot use a motion to reconsider "as a vehicle to reargue the merits of the underlying Motion." *Id.* Fredin is not raising any matter that was not or could not have been addressed in his briefing and argument in opposition to Defendants' motions and he is merely seeking to relitigate issues already considered by the Court. *See Arends v. Extendicare Homes, Inc.*, Civil No. 07-995 (DSD/SRN), 2008 WL 1924172, at *1 (D. Minn. Apr. 28, 2008) ("Therefore, because defendant is merely attempting to

---

[1] Docket numbers used herein refer to case 17-cv-03058, as the documents are identical to those filed in 18-cv-00466

4821-9812-7827.1

# KUTAKROCK

The Honorable Susan Richard Nelson
November 30, 2020
Page 2

relitigate an old issue and has not established extraordinary circumstances ... defendant's request to file a motion to reconsider ... is denied.")

As Fredin's letter demonstrates, he intends to reargue the very same arguments he presented or could have presented in opposition to Defendants' motions. Further his attempt to suggest that Defendant Middlecamp has posted comments on his YouTube channel is simply false and is not a new argument. As Defendant Middlecamp has already stated, she has never submitted any comments or messages of any kind to Fredin's YouTube channel, and has not encouraged anyone else to either (Doc. 248 ¶2.) *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (A motion for reconsideration is not to be used to introduce new evidence that could have been adduced during pendency of the motion at issue nor the appropriate place to tender new legal theories for the first time)(quotations omitted.)

While Fredin's request for reconsideration should be denied, his proclamation that, "I will not abide by the directives set forth in its November 23, 2020 Order" should not be ignored. As Fredin states, he intends to thumb his nose at this Court's Order regardless of how it decides his request. Indeed, Fredin is currently in violation of the Court's Order, as the very online content that he was ordered to remove remains publicly available. Defendants request that the Court's Order be amended to instruct the web hosting companies, domains, and search engines to remove Fredin's content that Fredin refuses to remove himself. The terms and conditions of theses companies invite such orders when it has been judicially determined, as here, that the content violates the rights of others. *See* https://support.google.com/legal/answer/3110420?hl=en Defendants also request an Order to Show Cause why Fredin should not be held in contempt.

                                                                 Sincerely,

                                                                 */s/ K. Jon Breyer*

                                                                  K. Jon Breyer

cc:      Brock Fredin (via ECF)

4821-9812-7827.1