UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 17-CV-3058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |
| | |
| Brock Fredin, | Case No. 18-CV-0466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller and Catherine Marie Schaefer, | |
| Defendants. | |

These matters are before the Court on the motions of plaintiff Brock Fredin to proceed on appeal without payment of the appellate filing fees. *See* Case No. 17-CV-3058, Doc. No. 239; Case No. 18-CV-0466, Doc. No. 207. Fredin was granted *in forma pauperis* ("IFP") status before this Court in the first of these lawsuits. *See* Case No. 17-CV-3058, Doc. No. 6. Accordingly, he may proceed IFP on appeal without further authorization. *See* Fed. R. App. P. 24(a)(3). To make clear that Rule 24(a)(3) authorizes

1

Fredin to proceed without payment of the filing fee in that matter, Fredin's motion in that case will be granted.

In the second lawsuit, however, Fredin did not request IFP status before this Court, instead electing to pay the filing fee for that lawsuit. Because Rule 24(a)(3) does not apply to that case, Fredin therefore must establish his *current* financial eligibility for IFP status before being permitted to proceed without payment of the appellate filing fee in that matter. He has not done so. Fredin is coy about his current income in the declaration accompanying his motion, but he does state that he made "[m]ost of" his $26,000 income for 2019 in the months of November and December, Fredin Decl. ¶ 6 [ECF No. 209], suggesting that his income during those two months (the most recent months for which Fredin has provided information about his income) was significant. This is consistent with Fredin's prior deposition testimony, in which he stated that he regained employment in November 2019 and, at the time of the deposition, earned a yearly income of $160,000. *See* Breyer Decl. Ex. A at 5-6 [ECF No. 141-1]. Fredin offers no reason for the Court to believe that he no longer earns this income. And with that income, which amounts to more than twelve times the poverty guideline for a single individual, Fredin can reasonably be expected to pay the appellate filing fee in this matter, notwithstanding his liabilities. Accordingly, Fredin's motion to proceed without payment of the appellate filing fee is denied in the second matter.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of plaintiff Brock Fredin to proceed without payment of the appellate filing fee in *Fredin v. Middlecamp*, No. 17-CV-3058 [Doc. No. 239] is GRANTED.

2. Fredin's motion to proceed without payment of the appellate filing fee in *Fredin v. Miller*, No. 18-CV-0466 [Doc. No. 207] is DENIED.

Dated: November 30, 2020        s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge