# Brock Fredin

Phone: (612) 424-5512 • E-Mail: brockfredinlegal@icloud.com

Date:  December 2, 2020

**BY ECF**

Judge Susan Richard Nelson
United States District Court
316 Robert St N
Saint Paul, MN 55101

      Re:      *Fredin v. Miller et al.*, Case No. 18-CV-466-SRN-HB
                 *Fredin v. Middlecamp*, Case No. 17-CV-3058-SRN-HB

Dear Judge Nelson:

      I write in response to Mr. Breyer's letter of today.  Mr. Breyer has accused me of violating the Court's November 23, 2020 Order by putting up a YouTube video and a website about the Your Honor.  This allegation is specious and without merit.

      Mr. Breyer has failed to explain how my YouTube video and website violate Minn. Stat. § 609.748, Subd. 1(a)(1).  Indeed, how could they without an adjudication on the merits as to whether they are protected by the First Amendment?  Nonetheless, the video and website are in no way "harassing" or an invasion of Your Honor's privacy.  There is nothing false or objectionable in the published content.  Rather, they are legitimate criticisms of Your Honor's well-publicized career in private practice and express serious concerns about Your Honor's handling of cases now on the bench given Your Honor's record in private practice and actions in this matter.  Put simply, my video and website is a legitimate criticism of a public official protected by the First Amendment.  *See Glasson v. City of Louisville*, 518 F.2d 899, 904 (6th Cir. 1975) ("The right of an American citizen to criticize public officials and policies and to advocate peacefully ideas for change is 'the central meaning of the First Amendment.'") (*quoting New York Times v. Sullivan*, 376 U.S. 264 (1964).

      In the meantime, I feel compelled to point out that Defendants still make publicly available over fifty (50) tweets disparaging me, falsely accusing me of rape and invading my privacy.  As I stated in my YouTube video concerning Magistrate Judge Hildy Boweer, this Court applies a discriminatory double standard and ostensibly fails to protect men.  The Court's November 23, 2020 Order is blatantly gender-biased and yet another attempt to protect and conceal the misconduct of "Special Assistant U.S. Attorney" Lindsey Middlecamp.

      Moreover, each day I grow increasingly concerned by the fact that this Court is issuing orders suppressing speech about its prior law firm, Robins Kaplan LLP.  Indeed, my speech concerning Robins Kaplan LLP is quintessential protected First Amendment speech about matters of public concern.  The videos and websites raise legitimate matters of public concern that one of Minneapolis' largest and most prominent law firms is engaging is discriminatory hiring practices, attorney misconduct, inappropriately currying favor with the U.S. Attorney's Office and abusing *pro bono* representation.

  Of course, these issues do not make Robins Kaplan LLP look good.  But, Defendants do not deny the factual accuracy of my statements or criticisms in the videos and websites.  The fact that Your Honor is issuing orders suppressing my speech criticizing a law firm that was not only Your Honor's prior employer, but also a firm that Your Honor held an ownership state in raises serious ethical issues.  This is particularly so where Your Honor did so without affording me an adjudication on the merits as to whether the speech was protected by the First Amendment as required by law.  *Auburn Police Union v. Carpenter*, 8 F.3d 886, 803 (1st Cir. 1993) ("[A] judicial injunction that prohibits speech *prior to a determination* that the speech is unprotected [] constitutes a[n] [unconstitutional] prior restraint" (emphasis added).).

  I thank the Court for its attention to these issues and appreciate its continued courtesies.

                Respectfully submitted,

                *[signature]*

                s/ Brock Fredin
                Brock Fredin

cc:  Karl Johann Breyer (by ECF)