# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

           Plaintiff,

--against--

LINDSEY MIDDLECAMP,

           Defendants.

District Court Case No. 17-CV-3058 (SRN)

BROCK FREDIN,

           Plaintiff,

--against--

GRACE MILLER,
CATHERINE SCHAEFER,

           Defendants.

District Court Case No. 18-CV-466 (SRN)

BROCK FREDIN,

           Plaintiff,

--against--

JAMIE KREIL,

           Defendant.

District Court Case No. 20-CV-01929 (SRN)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE JUDGE SUSAN RICHARD NELSON

## INTRODUCTION

On November 23, 2020, this Court ("Judge Nelson") issued a breathtakingly unconstitutional and prejudicial Order in favor of its previous employer and firm – Robins Kaplan – where it maintained a major financial interest. Moreover, it is quite likely that Judge Nelson worked with Anne M. Lockner or has engaged in substantial extrajudicial communication with Ms. Lockner through professional associations (namely Minnesota Women Lawyers or Robins Kaplan LLP/Robins Kaplan Miller Ciresi alumni related events). Furthermore, it is clear Judge Nelson exhibits extreme disdain for Plaintiff illustrated through her denial of any fairness (denying Plaintiff's discovery while allowing Defendants discovery and allowing Defendants to routinely harass Plaintiff). Furthermore, Judge Nelson has issued two sanctions against Plaintiff while denying him a hearing in clear violation of Supreme Court precedent and the Due Process clause. As such, Judge Nelson's "impartiality might reasonably be questioned." *See* 28 U.S. Code § 455 (a)

## FACTUAL BACKGROUND

Beginning in April 2019, Judge Nelson effectively prevented Plaintiff from engaging in any discovery. Between 2017-2018, Plaintiff engaged in substantive discussions with members of the Robins Kaplan LLP firm about the *instant* cases. In June 2019, Plaintiff engaged in substantive discussions with Robins Kaplan about the *instant* pending cases. Between April and October 2019, Judge Nelson permitted Defendants to engage in discovery. In October 2019, Judge Nelson denied Plaintiff any ability to conduct discovery or reopen discovery to determine the identify of Defendant Kreil. In May 2018, Judge Nelson sanctioned Plaintiff without a hearing in clear violation of Supreme Court

precedent and the Due Process Clause. In September 2020, Robins Kaplan LLP began representing Defendant Kreil. Additionally, Judge Nelson sanctioned Plaintiff for the second time on November 23, 2020 without a hearing in clear violation of Supreme Court precedent and the Due Process clause. Furthermore, the sanction is a violation of the First Amendment that is used to prevent criticism directed at Robins Kaplan LLP. In the November 23, 2020 Order Judge Nelson engaged in mischaracterizations related to the allegation that Plaintiff was misusing the judicial process to obtain favorable orders. *Fredin v. Kreil*, Dock. No. 39. Specifically, Judge Nelson stated that a video legitimately criticizing Magistrate Judge Hildy Bowbeer's handling of the case was an attempt to gain a favorable ruling despite the fact that Magistrate Judge Bowbeer is not presiding over cases involving Plaintiff.

## STANDARD OF REVIEW

28 U.S. Code § 455 (a) states "[a]ny justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which his impartiality might reasonably be questioned." Moreover, a judge should disqualify themselves "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" 28 U.S. Code § 455 (b)(1)

Furthermore "[w]here in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;" 28 U.S. Code § 455 (b)(2)

## ARGUMENT

<u>First</u>, Judge Nelson is an interested party in the litigation. <u>Second</u>, Judge Nelson maintained a major financial interest in Robins Kaplan LLP, where Judge Nelson worked as a partner, and consequently likely worked alongside and mentored (then a junior attorney) Anne M. Lockner. <u>Third</u>, the federal statute, as a matter of law, reasons that Judge Nelson's impartiality could reasonably be questioned.

    A.    <u>Judge Nelson Is an Interested Party</u>

It is well-settled that a court cannot preside over matters where it is an interested party. "An interested party in an adversary proceeding — a law suit … can always file a suggestion that the judge recuse or disqualify himself." *Fish v. East*, 114 F.2d 177 (10th Cir. 1940); *Dubnoff v. Goldstein*, 385 F.2d 717 (2d Cir. 1967). Furthermore, "[t]he party may know something the judge does not. It is good practice for a party to ask, particularly when prompted by appropriate circumstances." *Centre for Independence of Judges v. Mabey*, 19 B.R. 635 (D. Utah 1982). Judge Nelson's is interested in protecting and representing her former firm including its staff members Anne M. Lockner, Robins Kaplan LLP.

    B.  <u>The Court Worked as an Employee and Held Financial Stake in Robins Kaplan</u>

A party bears the "burden" of proving impartiality. *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006). Recusal is required when an attorney appears "on behalf" of a federal judge in a case where the same judge presides. *U.S. v. Bremers*, 195 F.3d 221 (5th Cir. 1999). Judge Nelson worked at Robins Kaplan and held a financial stake in the firm. Furthermore, Judge Nelson worked and mentored Robins Kaplan LLP attorney Anne M. Lockner who is essentially appearing "on behalf" of interested parties in this case. *Id.*

3

*see* also *Moran v. Clarke*, 296 F.3d 638 (8th Cir. 2002) (Holding that the district court should more carefully consider recusal issue on remand where the judge had been a social acquaintance of one of the defendants for twenty-one years.).

Judge Nelson issued her November 23, 2020 Order on behalf of Robins Kaplan LLP and attorneys Anne M. Lockner to censor legitimate criticism that the firm was engaging in a quid-pro-quo to curry favor with the United States Attorneys' Office and Defendant Middlecamp, who is a Special Assistant United States Attorney. *Fredin v. Kreil*, Dock. No. 39. Anything less than full recusal would be a "fundamental defect" and "miscarriage of justice" in this case. *U.S. v. Pollard*, 959 F.2d 1011 (D.C. Cir. 1992). This is particularly so where Plaintiff had engaged in initial discussions about the case with Robins Kaplan in an attempt to retain the firm. *Preston v. U.S.*, 923 F.2d 731 (9th Cir. 1991) (ordering recusal where the judge's former law firm engaged in initial retainer agreement or discussions). The idea that Judge Nelson has sanctioned Plaintiff twice without a hearing in clear violation of Supreme Court precedent and the Due Process clause is enough to show prejudice. In this case, Judge Nelson has displayed extreme prejudice directed at Plaintiff which "display[s] clear inability to render fair judgment." *U.S. v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (citing *Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994))

    C.  Federal Statute Requires Recusal

It is further well-settled that federal judges must recuse themselves when their impartiality might reasonably be questioned. *Aitro v. Clapper*, No. 06-3143-CV-S-RED, at *2 (W.D. Mo. July 11, 2006) (internal citations omitted). Since the goal of section 455(a)

4

is to avoid even the appearance of impropriety. *Liljeberg v. Health Svcs Acquisition Corp.*, 486 U.S. 847, 860 (1988) at 848. It is clear that Judge Nelson's impartiality might "reasonably be questioned." *Id* at 861.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Judge Nelson recuses herself from any matters involving Plaintiff.

Date: December 10, 2020

<u>s/ Brock Fredin</u>
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Local Rule 7.1(f) because document contains 1132 words. I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.37 in 13-point Times New Roman font for text and footnotes.

Dated: December 10, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2020, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: December 10, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*