UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Brock Fredin,

                Plaintiff,        Court File No. 17-cv-03058 (SRN/HB)

v.

Lindsey Middlecamp,

                Defendant.

_____

Brock Fredin,

                Plaintiff,        Case File No. 18-cv-466 (SRN/HB)

v.

Grace Elizabeth Miller, and
Catherine Marie Schaefer,

                Defendants.

_____

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO VACATE
THE COURT'S NOVEMBER 23, 2020 ORDER**

4816-9124-5524.1

Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer, by and through their undersigned Counsel, hereby submit this memorandum in opposition to Plaintiff's motion to vacate the Court's November 23, 2020 Order[1] (Doc. 269)[2].

## INTRODUCTION

Defendants, together with Defendant Jamie Kreil (collectively, "Defendants") filed Motions for a Temporary Restraining Order enjoining Plaintiff Brock Fredin from posting online websites and videos disparaging attorneys, judges, and court personnel involved in Fredin's litigation in this Court and in Fredin's prior state court lawsuits. (Doc. 212; 20-cv-01929, Doc. 15.) The Court converted Defendants' motions into motions for a Preliminary Injunction. (Doc. 228.) Fredin was permitted to file several briefs in opposition, each raising his First Amendment arguments. (17-cv-03058, Doc. No. 233; 18-cv-00466, Doc. No. 202; 20-cv-01929, Doc. No. 27.)

The Court determined that Fredin had engaged in an "online assault on the reputations of opposing counsel, judges, and court staff in order to bully Defendants into favorable settlement terms and influence this Court's rulings." (Doc. 253 at 14.) The Court found that Fredin's conduct was a sanctionable abuse of the judicial process and the Court's

---

[1] Plaintiff, without leave from the Court, filed a "Supplemental Memorandum" on December 10, 2020. (Doc. 280.) Plaintiff states that the Supplemental Memorandum was "necessitated" by the Court's denial of his motion to reconsider and denial of his request for a stay. The memorandum is not tied to any motion practice, provides no cogent legal arguments, and is just another one of Plaintiff's unsolicited rants. The Court should disregard it.

[2] The filings in these two matters are identical and, consequently, reference will only be made to document numbers associated with 17-cv-03058.

inherent authority should be employed to stop Fredin's attempts to coerce favorable settlement terms or judicial decisions. (Doc. 253 at 13-16.) As a result, on November 23, 2020, the Court ordered Brock Fredin to "immediately remove, or cause to be removed" a series of defamatory and harassing websites and videos, and further ordered that he not create or post new websites or videos with "substantially similar accusations." (*Id.* at 28-32.) While disturbed by the content of the of the websites and videos, the Court properly grounded its decision, not on the content of Fredin's vile postings, but rather on its determination that "Fredin's online activities serve only to vilify and harass his victims" and " . . that a sanction is an appropriate response to Fredin's bad-faith harassment of Defendants' counsel, his similar misconduct toward a magistrate judge of this Court, and his threats to direct continued harassment toward counsel and the Court." (*Id.* at 17.) The Court, being "acutely aware that an injunction prohibiting Fredin from posting additional websites and videos raises First Amendment concerns," made clear that "the core of Fredin's sanctionable conduct is twofold: first, that he has used websites and videos to harass opposing counsel and the Court; and second, that he has attempted to use his postings to pressure opposing counsel and the Court." (*Id.* at 18.)

Because the Court's Order restrains Fredin's conduct and not his speech, Fredin's repeated claims that his First Amendment right to harass his victims has no merit, nor does his assertion that the Court's Order should be vacated pursuant to Rule 60(b).

3

## ARGUMENT

### I. Fredin Does Not and Cannot Satisfy the Elements Required to Vacate the Order

Fredin seeks to vacate the Court's Order under Fed. R. Civ. P. 60(b)(4) and (6). Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court. *Design Classics, Inc. v. Westphal (In re Design Classics, Inc.),* 788 F.2d 1384, 1386 (8th Cir.1986). Neither a Rule 60(b)(4) nor a Rule 60(b)(6) motion may be used as a substitute for a timely appeal of a judgment. *Kocher v. Dow Chem. Co.,* 132 F.3d 1225, 1229, 1231 (8th Cir. 1997). As a general rule, "'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" *Liddell v. Bd. of Educ.,* 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). However, the district court is permitted to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending, and a separate appeal may thereafter be taken to challenge the denial. *See Winter v. Cerro Gordo County Conserv. Bd.,* 925 F.2d 1069, 1073 (8th Cir. 1991); *Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303, 1312 (8th Cir. 1977) (noting that if the district court decides to grant the motion, the parties should request the court of appeals to remand the case so a proper order can be entered).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if it is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void if the rendering court lacked jurisdiction

4

or acted in a manner inconsistent with due process." *Kessler v. Crichton,* 221 F.3d 1342, 1342 (8th Cir. 2000)*; see also Chambers v. Armontrout,* 16 F.3d 257, 260 (8th Cir. 1994).

Rule 60(b)(6), on the other hand, is a catch-all provision allowing a court to relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress, *Murphy v. Missouri Dept. of Corr.,* 506 F.3d 1111, 1117 (8th Cir.2007), or when such circumstances have prevented the moving party from seeking redress through the usual channels. *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir. 1994) (stating that "[e]xceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at [and that] "exceptional circumstances are relevant only where they bar adequate redress.") Relief under this rule is exceedingly rare as it requires an "intrusion into the sanctity of a final judgment." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 868 (8th Cir.2007).

### A.   Rule 60(b)(4) is inapplicable

Although Fredin cites the rule as the basis of his motion, he does not argue that the Court lacked personal or subject matter jurisdiction. Nor does he argue that the Court acted in a manner inconsistent with due process. To the contrary, Fredin's entire argument is premised on the notion that the Court simply "got it wrong" when considering his First Amendment defense to the injunction. The record reflects that the Court gave Fredin ample

5

opportunity to present his arguments and the Court thoroughly and appropriately addressed those arguments in it's Order. (Doc. 253 at 15-23.)

Fredin even acknowledges that he had a full and fair opportunity to make his arguments in opposition to the injunction, he just does not like the outcome. (Doc. 239 at 2)("This is truly unacceptable and smacks of a drumhead legal proceeding".) Fredin provides no basis on which to revisit the same arguments that the Court previously rejected.

Fredin's request to vacate the judgment for "any other" proper reason under Rule 60(b)(6) essentially repeats the arguments he makes for relief under Rule 60(b)(4). The judgment may not be vacated under Rule 60(b)(4) or (6).

### B. Fredin Fails to Establish "Exceptional Circumstances" Under Rule 60(b)(6)

Rule 60(b)(6) allows a court to relieve a party from an order only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress. *Murphy v. Missouri Dept. of Corr.,* 506 F.3d 1111, 1117 (8th Cir.2007).

Here, as evidenced by his briefing, Fredin was afforded a full and fair opportunity to litigate his First Amendment defense and he does not identify any exceptional circumstances that warrant revisiting those arguments. Nevertheless, Fredin incorrectly claims "there was no adjudication or determination on the merits concerning whether Plaintiff's YouTube videos and websites were constitutionally protected free speech." (Doc. 239 at 7.) That is incorrect. The Court fully addressed Fredin's Frist Amendment argument. Mistakenly, Fredin believes that the adjudication of his First Amendment

6

arguments can only occur if there is a trial. He is not entitled to one. *See e.g. Bettis v. Delo*, 14 F.3d 22, 23 (8th Cir. 1994)(affirming grant of summary judgment and dismissing First Amendment claims without a trial); *Ness v. City of Bloomington*, 437 F. Supp. 3d 714 (D. Minn. 2020)(deciding first amendment issues at preliminary injunction); *United States v. Dinwiddie*, 76 F.3d 913 (8th Cir. 1996)(determining First Amendment claims and issuing a permanent injunction).

Similarly, he claims that "Minn. Stat. § 609.748, Subd. 1(a)(1) – requires an adversarial hearing before the Court can issue a harassment restraining order. *See* Minn. Stat. § 609.748, Subd. 3 *et seq*." (Doc. 239 at 9.) Again, Fredin is incorrect. First, this was not a proceeding held under that state statute, so it is inapplicable. Second, Fredin did receive a hearing. He was fully informed of the basis for the requested injunction and was provided the opportunity to fully present his arguments. What he was not afforded was the opportunity to present oral argument, but that does not negate the fact that a hearing occurred. *See* L.R. 7.1(C)(5)(oral argument not required); *see also* General Order No. 22 (eliminating in-person hearings).

Fredin next argues that the Court's Order offends his First Amendment rights, by restricting his "free speech." But the Court did not restrict his speech, it restricted his conduct. Courts have made a distinction between First Amendment communication and harassment. *See Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005); *R.A.V. v. City of St. Paul*, 505 U.S. 377, 389 (1992). Minnesota Courts have specifically held that the speech implicated here by Fredin's conduct is not protected by the First Amendment *Dunham v. Roer*, the 708 N.W.2d 552, 565-66 (Minn. App. 2006).

7

This is consistent with other holdings from other districts. *See, e.g., United States v. Osinger*, 753 F.3d 939, 946 (9th Cir. 2014)(rejecting the defendant's argument that he engaged in protected speech because the defendant "engaged in a course of conduct 'with the intent ... to harass, or intimidate, or cause substantial emotional distress to' [the victim]" by sending threatening text messages, designing a false Facebook page, and sending emails to the victim's co-workers containing nude photographs of the victim); *DeJohn,* 537 F.3d at 316–17 (prohibiting conduct which "had the purpose or effect of creating an ... offensive environment"); *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012)(concurring with the Sixth Circuit that communications evidencing "malicious intent on the part of the defendant and substantial harm to the victim" do not fall into the category of constitutionally-protected speech).

In *Petrovic* the Eighth Circuit prohibited speech, where the sole purpose of the communications was to carry out the defendant's threats to harass and humiliate the victim. *Petrovic*, 701 F.3d at 854–856. The Court noted that integral to the commission of the crime was the defendant's communication, although speech, it fell outside the purview of the First Amendment. *Id*. The same is true here. "[I]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *United States v. Sayer,* 748 F.3d 425, 433 (1st Cir. 2014) (quoting *Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 502 (1949)).

8

Because the Court's Order restrains Fredin's harassing conduct, it does not encroach upon Fredin's First Amendment rights – Fredin has no constitutionally protected right to harass or intimidate.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to make the required showing of "exceptional circumstances" necessitating that the Order be vacated.

Date:  December 14, 2020    **KUTAK ROCK LLP**

By: */s/ K. Jon Breyer*
K. Jon Breyer (302259)
60 South Sixth Street
Suite 3400
Minneapolis, Minnesota 55402
Telephone:   (612) 334-5057
Jon.breyer@kutakrock.com

***Pro Bono Counsel to Defendants Lindsey Middlecamp, Grace Elizabeth Miller and Catherine Marie Schaefer***