UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brock Fredin,

          Plaintiff,          Court File No. 17-cv-03058 (SRN/HB)

v.

Lindsey Middlecamp,

          Defendant.

---

Brock Fredin,

          Plaintiff,          Case File No. 18-cv-466 (SRN/HB)

v.

Grace Elizabeth Miller, and
Catherine Marie Schaefer,

          Defendants.

---

**Defendants' Memorandum of Law in Opposition
to Plaintiff's Motion to Disqualify**

Defendants Lindsey Middlecamp, Grace Miller, and Catherine Schaefer, by and through their undersigned Counsel, hereby submit this memorandum in opposition to Plaintiff's motion to disqualify the Hon. Susan R. Nelson (Doc. 281)[1]. Defendants

---

[1] Fredin has filed the identical motion to disqualify in these two related matters as well as in *Fredin v. Kreil,* 20-CV-01929 and, consequently, reference will only be made to document numbers associated with 17-cv-03058.

4843-8015-3556.1

respectfully request that Plaintiff's motion be denied, and that attorneys' fees be granted to Defendants for the time expended responding to yet another patently frivolous motion.

## INTRODUCTION AND PROCEDURAL HISTORY

Fredin commenced his meritless lawsuit against Defendant Middlecamp over three years ago, in July of 2017. He brought similar abusive suits against Defendants Schaefer and Miller in February of 2018, and the cases were assigned as related cases to the Honorable Susan R. Nelson.

In the years of vexatious litigation that followed, Fredin has named Middlecamp, Schaefer, and Miller in a number of additional lawsuits involving redundant, unsubstantiated claims, which were all assigned as related cases to the Honorable Susan R. Nelson: 18-CV-510 (filed in February of 2018 and dismissed in February of 2019); 19-CV-2864 (filed in November 2019 and dismissed in May of 2020); 19-CV-20-8 (filed in November 2019 and dismissed in January 2020); and 19-CV-3051 (filed in December 2019 and dismissed in June 2020.) At no point during any of those cases did Fredin move to disqualify any of the judicial officers. By June of 2020, the only suits remaining against the Defendants were the original two.

Defendants moved for summary judgment. (Doc. 179.) Defendants also moved to declare Fredin a vexatious litigant and sought an injunction regarding extrajudicial harassing conduct by Fredin. (Docs. 209, 212.) Fredin opposed the motions for summary judgment, to declare him a vexatious litigant, and for injunctive relief on the merits, but did not seek to disqualify any of the judicial officers presiding over the cases.

On November 13, 2020, this Court granted Defendants' motion for summary judgment and properly dismissed all of Fredin's remaining claims against Defendants. (Doc. 237.) Fredin promptly appealed that dismissal to the 8th Circuit Court of Appeals. (Doc. 251.)

Additionally, on November 23, 2020, this Court granted Defendants' motion to declare Fredin a vexatious litigant, prohibiting Fredin from commencing new suits against Defendants unless certain conditions are met. In its November 23, 2020 Order, the Court also issued an injunction against Fredin requiring that he remove a series of defamatory and harassing websites and videos. In so ordering, the Court found that Fredin's conduct was a sanctionable abuse of the judicial process and the Court's inherent authority should be employed to stop Fredin's attempts to coerce favorable settlement terms or judicial decisions. (Doc. 253 at 13-16.)

In response, Fredin filed a letter declaring that he "w[ould] not abide by the directives set forth in its November 23, 2020 Order." (Doc. 256 at 2.) He has further proclaimed repeatedly that "[u]nder no conditions will any of these websites or videos ever be taken down." (Doc. 234 at 5.) On November 24, 2020, Fredin filed a letter requesting leave to bring a motion to reconsider. (Doc. 254.) Meanwhile, in further defiance of the Court's Order, on December 1, 2020, Fredin published new defamatory videos and websites, again falsely accusing defense counsel and this Court of discrimination and bigotry. He even posted a new video and website mocking Judge Nelson for issuing the November 23, 2020 Order. On December 4, 2020, still in willful defiance of the Court's

3

November 23, 2020 Order, Fredin filed a frivolous motion to vacate the November 23, 2020 Order. (Doc. 269.)

Because Fredin continued to defy the Court's Order, and continued to generate additional meritless motion practice, Defendants' counsel ultimately filed a motion for an Order to Show Cause on December 9, 2020. (Doc. 276.)

It was only after Defendants filed a motion to show cause that on December 10, 2020 (after three years, six lawsuits, dispositive dismissals, and numerous unsuccessful appeals to the 8th Circuit) Fredin moved, for the first time, to disqualify the Honorable Susan R. Nelson from the Defendants' cases. (Doc. 281.) For the reasons set forth below, that motion must be denied.

## ARGUMENT

### I. Fredin cannot meet the "substantial burden" to establish a need to recuse the Hon. Susan R. Nelson

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (citing Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir.1992). Here, Fredin does not come close to meeting that substantial burden. The Court's Orders have been measured, thoughtful, and based on careful considerations of factual evidence and sworn testimony. Fredin has had generous opportunities to fully litigate his claims and his opposition to Defendants' motions, and has lost each on the merits. Fredin fails to cite to a single statement or fact that could establish that the Honorable Susan R. Nelson is biased or

4

prejudiced against Fredin to a degree that overcomes the presumption of impartiality to which she is entitled.

## II. Fredin's arguments concerning the Hon. Susan R. Nelson's former employment are baseless, and inapplicable to Defendants Middlecamp, Miller, and Schaefer

Fredin has a documented track record of inventing conspiratorial relationships where none exist. He has unsuccessfully moved to disqualify various firms from his cases alleging secret kick-backs, improper appointments, and other phantom corruption. Now, for the first time, Fredin turns that argument towards the District Court, arguing that because the Honorable Susan R. Nelson was previously employed with the law firm of Robins, Kaplan, Miller, and Ceresi, she is either an interested party or otherwise biased as to matters in which current Robins Kaplan attorneys serve as counsel. Specifically, Fredin alleges that the Honorable Susan R. Nelson is biased to rule in favor of Anne Lockner and other Robins Kaplan attorneys because of her prior relationship with the firm.

There is no basis to find that the Honorable Susan R. Nelson is biased in favor of any attorneys with Robins Kaplan. The Honorable Susan R. Nelson's tenure with Robins Kaplan ended over twenty years ago when she was appointed to the federal bench as a magistrate judge in 2000. Fredin has provided no evidence or authority for the argument that a prior employment relationship with a law firm twenty years preceding the current litigation has any bearing on a judicial officer's impartiality on a case where later employees of that firm represent a defendant. Nor can he credibly allege a relationship with any of the attorneys. Although Fredin generically asserts "Judge Nelson worked [*sic*] and

mentored Robins Kaplan LLP attorney Anne M. Lockner," that too appears to be a baseless fiction. Judge Nelson was appointed as a Magistrate Judge to the District of Minnesota on June 12, 2000, and later became an Article III judge in 2010. On information and belief, Anne Lockner did not become employed as an associate attorney with the Robbins Kaplan firm until August 2000. How Judge Nelson could have worked with and mentored a person who did not even work at the firm until after her appointment to the bench is a hallmark of Fredin's willingness to fabricate claims to suit his ends. The allegation is made in bad faith and designed to delay, generate unnecessary attorney fees, and squeeze every ounce of pain he can out of the pending litigation, knowing that his ability to file subsequent suits has now been curtailed.

Moreover, Fredin's claims regarding a relationship or bias between the Honorable Susan R. Nelson and the Robins Kaplan firm cannot form a basis for the Hon. Judge Nelson to recuse herself from Fredin's cases against Middlecamp, Miller, and Schaefer. Middlecamp, Miller, and Schaefer are not represented by any attorneys at the Robins Kaplan firm. Their cases have been resolved on the merits, and their only pending motions are narrowly aimed at enforcing the Court's November 23, 2020 Order regarding Fredin's conduct aimed at harassing and intimidating Defendants. And, while it is true that the list of websites and videos include several which defame attorneys at Robins & Kaplan by name, that does not warrant recusal. Fifteen of the first seventeen YouTube videos Fredin published between October and November of 2020 are aimed at individuals directly associated with Fredin's grievances against Middlecamp, Schaefer, and Miller. The fact that Fredin later elected to expand the scope of his harassing conduct to target a growing

6

list of individuals, including attorneys at Robins Kaplan, does not entitle Fredin to then claim that the scope of remaining motions with Defendants is somehow tainted. In short, to the extent Fredin's motion relies on a relationship between the District Court and the Robins Kaplan firm, Fredin's motion is baseless, untimely, and without any evidence meriting recusal.

### III. Fredin has not otherwise met his heavy burden to prove that recusal is required.

Fredin cannot use his own reprehensible conduct as a shield. He cannot rely on the fact that he has made recent harassing content aimed at Magistrate Judge Hildy Bowbeer or the Honorable Susan R. Nelson herself to now bolster his otherwise meritless claim of bias or prejudice. The Eighth Circuit has held that even where a criminal defendant has made a direct threat against a judicial officer, recusal is not automatic (which rule makes good sense: any policy to the contrary would incentivize parties to threaten or harass judges in order to cause delay, prejudice to opposing parties, and engage in judge-shopping.) *See United States v. Oaks,* 606 F.3d 530, 537 (8th Cir. 2010) (citing *United States v. Gamboa,* 439 F.3d 796, 817 (8th Cir.2006).

Nor are the District Court's adverse rulings in this case sufficient to establish judicial bias or raise a reasonable question of impartiality. Fredin has been held accountable both procedurally and on the merits, but that does not support a finding of bias or prejudice. Indeed, the docket is clear that for over three years Fredin has been granted numerous extensions, allowances, generous briefing schedules, and other accommodations far

7

beyond what he deserves. He has received process above and beyond that required by the constitution or federal rules of practice.

Even if Fredin had any evidence whatsoever that the Honorable Susan R. Nelson has formed a low opinion of Fredin or his motions, the United States Supreme Court has properly observed that a negative view of a party arising from that party's misconduct during judicial proceedings is not grounds for recusal:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.
>
> As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions."
>
> Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Liteky v. United States*, 510 U.S. 540, 550–51 (1994) (additional citations omitted.) Thus, to the extent Fredin's motion relies on an inference of bias or impartiality because the November 23, 2020 Order properly declared Fredin's abusive and vexatious conduct for what it is, his argument fails.

8

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to make the required showing to meet his substantial burden in seeking recusal or disqualification by the Honorable Susan R. Nelson, and his motion should be denied. Furthermore, because the motion is so evidently brought in bad faith, Defendants request that Fredin be ordered to pay as a sanction reasonable attorneys' fees associated with this response in the amount of $5,000.

Date:  December 14, 2020          **KUTAK ROCK LLP**

By: */s/ K. Jon Breyer*
K. Jon Breyer (302259)
60 South Sixth Street
Suite 3400
Minneapolis, Minnesota 55402
Telephone:   (612) 334-5057
Jon.breyer@kutakrock.com

*Pro Bono Counsel to Defendants Lindsey Middlecamp, Grace Elizabeth Miller and Catherine Marie Schaefer*