UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

                Plaintiff,

--against--                    District Court Case No. 17-CV-3058 (SRN)

LINDSEY MIDDLECAMP,

                Defendants.


BROCK FREDIN,

                Plaintiff,

--against--                    District Court Case No. 18-CV-466 (SRN)

GRACE MILLER,
CATHERINE SCHAEFER,

                Defendants.


BROCK FREDIN,

                Plaintiff,

--against--                    District Court Case No. 20-CV-01929 (SRN)

JAMIE KREIL,

                Defendant.

**CORRECTED SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DECEMBER 4, 2020 MOTION TO VACATE**

## INTRODUCTION

Plaintiff Brock Fredin, proceeding *pro se*, hereby submits this Supplemental Memorandum in Support of Plaintiff's December 4, 2020 Motion to Vacate the Court's November 23, 2020 Order as unconstitutional and void pursuant to Rule 60(b):

## ARGUMENT

1.  Plaintiff submits this Supplemental Memorandum as it is necessitated by the Court's Order of December 4, 2020 denying Plaintiff's letter motion for reconsideration of the Court's November 23, 2020 Order and denying Plaintiff's request for a stay of the November 23, 2020 Order pending appeal.

2.  The statements and holdings of the Court's December 4, 2020 Order appear to double-down on the abuse of power and clearly unconstitutional wielding of the Court's "inherent power to sanction" in its November 23, 2020 Order, which directed the removal of Plaintiff's websites and YouTube videos as well as enjoined him from making future speech.  Put simply, the Court's statements in its December 4, 2020 Order justifying the suppression and restraint of Plaintiff's free speech only exacerbate the constitutional issues raised in the November 23, 2020 Order.  (*See Fredin v. Middlecamp*, Dock No. 253).

3.  First, the Court wielded its "inherent power to sanction" in a patently unconstitutional manner.  Prior to issuing a sanction under the Court's inherent power, it is required to afford Plaintiff a "fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980).  *See* also *U.S. v. Blodgett*, 412 F. App'x 935 (9th Cir. 2011).  The Court conducted no such hearing consequently denying him due process.  K. Jon Breyer and Anne M. Lockner misrepresented the October 8, 2020

settlement email exchange. Specifically, Mr. Breyer reached out to Plaintiff that he independently found the videos and websites and that he would not negotiate or engage in settlement negotiations while they still appear. In effect, Mr. Breyer demanded the content be taken down for two (2) hours as an act of good faith during the settlement negotiations. Plaintiff honored this to the extent settlement negotiations were being decided. Mr. Breyer and Ms. Lockner are being totally dishonest and deceptive when they claim Plaintiff used any content online to try to exploit a favorable settlement. At no time was Plaintiff ever trying to extort a favorable settlement with the videos or websites. Mr. Breyer and Ms. Lockner have presented no evidence to corroborate their false allegation that has now unfortunately been accepted by this Court. (*See Fredin v. Middlecamp*, Dock No. 255 ¶ 2-3, Ex. C).

4.      Second, the failure to afford Plaintiff a hearing on the record with respect to its sanction suppressing his free speech and awarding attorneys' fees is of particular constitutional consequence where the Court made actual findings of fact in its November 23, 2020. Specifically, the Court found that Plaintiff acted with the "intent." The question of intent is a question of fact. *In re Stratford of Texas, Inc.*, 635 F.2d 365 (5th Cir. 1981). *See* also *In re Stratton*, 23 B.R. 284 (D.S.D. 1982)

5.      "The imposition of attorneys' fees against [parties] must be reversed if only because she never had an adequate opportunity for a hearing on the record." *Roadway Express*, supra, 447 U.S. at 767, 100 S.Ct. at 2464. *In re Ruben*, 825 F.2d 977 (6th Cir. 1987). A contested hearing where Plaintiff could provide evidence and testimony was therefore required before the Court could make a finding about his "intent" with respect to

the websites and YouTube videos. Accordingly, the Court's finding with respect to Plaintiff's intent concerning the websites and YouTube videos lacks evidentiary support and was rendered in such a fashion that it denied him due process (*i.e.*, a meaningful opportunity to be heard). The November 23, 2020 is unconstitutional and must be voided. (*See Fredin v. Middlecamp*, Dock No. 253).

    6.    <u>Third</u>, the Court rendered a finding that Plaintiff posted the websites in order to gain "favorable settlement terms or judicial decisions." (*See Fredin v. Kreil*, Dock. No. 39 p. 16). This finding similarly lacks any evidentiary support and required a hearing on the record before it could be rendered. *CRST Expedited, Inc. v. Knight Transp., Inc.*, No. 17-CV-24 CJW (N.D. Iowa Mar. 15, 2018) (requiring evidentiary support). "[f]or a sanction to be validly imposed, the conduct in question must in fact be sanctionable under the authority relied upon." *United States v. Stoneberger*, 805 F.2d 1391, 1392 (9th Cir. 1986). More importantly, it belies the facts of this case:

> a. There is no evidence in the record that Plaintiff posted the two (2) YouTube videos about Magistrate Judge Hildy Bowbeer to obtain favorable judicial decisions. *Id.* Indeed, when the videos were posted on October 12, 2020, there were no motions, issues or matters pending before her. Indeed, the only matters pending before the Court were Defendant Kreil's motion to dismiss and Defendant Middlecamp's motion for summary judgment both of which were being handled by District Judge Susan Richard Nelson;

3

    b. There is no evidence in the record that Plaintiff posted the YouTube videos and websites about Robins Kaplan LLP, Anne M. Lockner, L. Haynes Hansen, Charlie C. Gokey or Ena Kovacevic to obtain a favorable settlement. *Id.* Indeed, Plaintiff has never engaged in any settlement negotiations or made any settlement overtures with Defendant Kriel's counsel in any form. In fact, Defendant Kriel and her counsel concede this fact in their moving papers; and

    c. There is no evidence in the record that Plaintiff posted the YouTube videos and websites about Kutock Rock LLP, K. Jon Breyer or Steven C. Likes to obtain a favorable settlement from Defendants Middlecamp, Miller and Schaefer. *Id.*

Put simply, there is no evidentiary basis to support the Court's findings in issuing the order requiring Plaintiff to remove his existing content and enjoining him from engaging in future speech. The Court denied Plaintiff due process by failing to conduct a hearing prior to issuing findings of fact in its November 23, 2020 supporting its injunction. (*See Fredin v. Middlecamp*, Dock No. 253). It is clear that a monetary sanction must meet the guidelines provided by constitutional due process. *Societé Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958).

    7. The Court's November 23, 2020 Order is plainly unconstitutional as it infringes on Plaintiff's First Amendment right to freedom of expression and his Fifth Amendment right to due process. (*See Fredin v. Middlecamp*, Dock No. 253). It must consequentially be declared void and vacated. Federal district courts should be very

4

cautious in the use of any inherent power to sanction. "Because of their very potency, inherent powers must be exercised with great restraint*."* *Chambers v. NASCO*, 111 S.Ct. at 2132 (citation omitted). Any sanction under a court's inherent power should be proportionate to the level of improper conduct. *Id.,* 111 S.Ct. at 2132-2133.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court vacate the November 23 Order as unconstitutional and consequently void pursuant to Fed. R. Civ. P. 60(b)(4) and (6).

Date: December 22, 2020

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the page limitation established by Local Rule 7.1 in that it does not exceed 12,000 words and contains 1161 words. This brief also complies with the typeface requirements of Local Rule 7.1, as it has been prepared in Microsoft Word using a proportioned spaced typeface of 13-point Times New Roman font.

Dated: December 22, 2020

  s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants'*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: December 22, 2020

                                           s/ Brock Fredin
                                           Brock Fredin
                                           (tel.) 612-424-5512
                                           brockfredinlegal@icloud.com
                                           *Plaintiff, Pro Se*