UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

            Plaintiff,

--against--                     District Court Case No. 17-CV-3058

LINDSEY MIDDLECAMP,

            Defendants.

---

BROCK FREDIN,

            Plaintiff,             District Court Case No. 18-CV-466

--against--

GRACE MILLER,
CATHERINE SCHAEFER,

            Defendants.

---

BROCK FREDIN,

            Plaintiff,

--against--                     District Court Case No. 20-CV-01929

JAMIE KREIL,

            Defendant.

## CORRECTED REPLY

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this reply to Defendants February 5, 2021 response.

## PRELIMINARY STATEMENT

In their response, Defendants submitted a declaration contending that a website susanrichardnelson.com violated the Court's November 23, 2020 Order. The declaration submitted by Defendants is yet another misrepresentation. The website in question does not violate the Court's November 23, 2020 Order. If it did, the Court is a party to this litigation, which it is not. The Court signed the November 23, 2020 Order.  Put simply, The Court, in this case United States District Court Judge Susan Richard Nelson, cannot sign orders on behalf of herself.  If the Court wishes to sign orders on behalf of itself, which it would be doing if it alleges that this website (which only contains criticism of the Court in this case) is a violation of the Order the Court itself signed, it would be a significant violation of the Code of Conduct for United States Judges and completely against any known case law.  It cannot be done.

Furthermore, the First Amendment protects criticism of public officials. Moreover, the website is not listed in the Court's November 23, 2020 Order. The content provided by Defendants contains criticism only squarely centered on the Court. This is particularly so where Defendants declaration was likely a matter of a cached webpage. If the Court seeks to abuse its power yet again by signing orders to judge its own case then it will further provide justification for proving the Court's pattern of personal attacks and abuse directed at Plaintiff. Finally, the Court's ruthless and unscrupulous silencing of First Amendment

exercise is evil. This is where the unscrupulous actions of the Court is used to silence exposure of Defendants violence. Anyone who is contributing energy to this evil action (namely Defendants, Defendants lawyers, clerks, deputies, or any court staff) is equally responsible for engaging in these evil actions. The Court's actions (and any staff contributing) are insane, sick, disturbed, cowardly, evil and pathetic.

## ARGUMENT

1. In its November 23, 2020 Order, the Court did not prospectively issue a prior restraint asserted against criticism directed at the Court with respect to the preliminary injunction directed at Plaintiff. (*See Fredin v. Kreil*, Dock. No. 39.)

2. In her response to the Court's January 8, 2021 show cause, Ms. Lockner has again requested that Plaintiff be detained or fined with respect to the website www.susanrichardnelson.com. (*See Fredin v. Kreil*, Dock. No. 110; 126.) Plaintiff was entitled to "fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also U.S. v. Blodgett*, 412 F. Appx. 935, 940 (9th Cir. 2011). The Court conducted no such hearing where it prospectively prohibited criticism on this website prior to rendering any Order fundamentally denying Plaintiff a meaningful opportunity to be heard and infringing on his right to due process

3. The Court cannot retroactively request that criticism directed squarely at the Court is a violation of the November 23, 2020 Order. The Court signed the Order and cannot issue orders on its own behalf. "[I]n the fair administration of justice no man can be judge in his own case." *In Walker v. Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967).

4. The Court cannot silence First Amendment expression directed at the Court with respect to an injunction that the Court itself issues. "[C]riticism of public officials lies at the very core of speech protected by the First Amendment." *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014)

5. More importantly, "here the status quo is the protection afforded citizens by the First Amendment to freely criticize public officials without fear of punishment. A[n] [] injunction preserves that right." *Cox v. McLean*, CV 14-199-M-DLC, at *16-17 (D. Mont. Sep. 30, 2014).

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants request and sanction Anne Lockner, K. Jon Breyer and Defendants.

Date: February 8, 2021

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*